

FILED

01 APR 19 AM 11: 18

CLE... ....CT COURT
MIDDLE ...ST OF FLORIDA
C.......0. FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EARTH TECH, INC.,
A California Corporation,

      Plaintiff,

vs.                           Case No.: 6:00-cv-1536-ORL-31B

MIGUEL DELGADO BELLO,

      Defendant.


MIGUEL DELGADO BELLO,

      Counterplaintiff,

vs.

EARTH TECH, INC.,
A California Corporation,

      Counterdefendant.

_____/

## AMENDED COUNTERCLAIM

      Miguel Delgado Bello (hereinafter "Delgado"), by and through his undersigned attorney,

files this Amended Counterclaim and Demand For Jury Trial in the above-captioned case.

### JURISDICTION AND VENUE

      1. This is an action for damages in excess of $75,000.00, exclusive of interest, costs and

attorneys fees, to remedy damages sustained by Delgado as a result of Earth Tech's failure and/or

refusal to pay him commissions, bonus and/or finders fee. This Court has original jurisdiction of

18

this action pursuant to 28 U.S.C. Section 1332. Venue is proper in this Court pursuant to 28

U.S.C. Section 1391(a) and Rule 1.02(c) of the Local Rules of the United States District Court

for the Middle District of Florida.

2. This Counterclaim is also properly before this Court on pendent jurisdiction.

## FACTUAL BACKGROUND

3. Delgado was employed by the predecessor of Rust Environment & Infrastructure, Inc.

(hereinafter "Rust E&I"), which was the predecessor of Earth Tech, Inc., in the capacity of

Project Manager in October, 1992. Thereafter, in 1993, Delgado convinced Rust E& I that he be

given the opportunity to develop business opportunities in Venezuela, his home country, over

and above his responsibilities as Project Manager. Delgado also convinced Rust E & I to create a

new Venezuelan company to do business in Venezuela. That company was formed known as

Grupo Rust International de Venezuela C.A.

4. In 1993, Delgado began efforts to develop business opportunities in Venezuela. As a

result of those efforts, Delgado was able develop business that allowed Rust to sign its first

contract with Petroleos de Venezuela S.A. (PDVSA) and/or Pequiven in about 1995. Then, in

about August, 1998, Delgado was able to develop and foster the business opportunity which

ultimately resulted in Earth Tech, his new employer and successor to Rust E& I, bidding and

obtaining a contract with Petroleos de Venezuela S.A. (PDVSA) and/or Pequiven for

$204,000,000.00 as a strategic partner in the construction of the Jose Water Project in Venezuela.

5. Beginning in about February, 1999, Delgado proposed to Earth Tech President, Diane

Creel, that Earth Tech agree to pay Delgado a commission, bonus or finders fee for developing,

fostering and facilitating the offer and later, the agreement with Petroleos de Venezuela S.A.

(PDVSA) and/or Pequiven for $204,000,000. In May, 1999, Creel promised Delgado both orally

and in writing to develop an "equitable [compensation] package" and to "work out a [fair] salary and bonus plan for you". These promises were repeated orally by Creel on a number of occasions to Delgado through June, 1999.

6. Relying upon these promises by Creel to Delgado, Delgado continued to work industriously to develop, facilitate and nurture the relationship between Earth Tech, Grupo Rust International de Venezuela C.A. and Petroleos de Venezuela S.A. (PDVSA) and/or Pequiven.

7. On March 19, 1999, Earth Tech and Grupo Rust International de Venezuela C.A. made a proposal/offer to become a strategic partner with Petroleos de Venezuela S.A. (PDVSA) and/or Pequiven to build the Jose Water Project. Earth Tech's offer was accepted by Pequiven by letter dated in early May, 1999. Thereafter, after both parties completed due diligence efforts in which Delgado was intimately involved, the strategic partnership arrangement between Petroleos de Venezuela S.A. (PDVSA) and/or Pequiven and Earth Tech and Grupo Rust International de Venezuela C.A. was closed and finalized on July 1, 1999.

8. However, instead of developing an equitable compensation package for Delgado which would include a bonus or finders fee for developing, facilitating and nurturing this large industrial contract in Venezuela, Earth Tech terminated Delgado (6 days after the finalization of the $204,000,000.00 agreement with Petroleos de Venezuela S.A. (PDVSA) and/or Pequiven) on July 7, 1999, and thereafter, failed and/or refused to pay Delgado equitable compensation for his business development work in Venezuela.

## COUNT I
### (Commission and/or Bonus Owed)

9. Delgado realleges paragraphs 1 through 8, above.

10. By failing and refusing to pay Delgado a bonus or finders fee as promised and/or

agreed by Earth Tech and relied upon by Delgado, Earth Tech has failed to pay Delgado wages accrued and owed.

WHEREFORE, Delgado demands judgment against Earth Tech for commissions, bonus and/or finders fee equivalent to 2% of the total $204,000,000.00 contract between Earth Tech and Petroleos de Venezuela S.A. (PDVSA) and/or Pequiven as wages accrued and owed, prejudgment interest, costs, attorneys' fees in accord with Section 448.08 of the *Florida Statutes*, and such other relief as the Court deems necessary, just and proper.

**COUNT II**
**(Breach of Contract)**

11.  Delgado realleges paragraphs 1 through 10, above.

12.  Delgado and Earth Tech entered into an oral or written contract whereby Earth Tech agreed to provide Delgado an equitable compensation package and bonus in exchange for Delgado developing the business opportunity and continuing to foster the relationship with Petroleos de Venezuela S.A. (PDVSA) and/or Pequiven, facilitating the due diligence process.

13.  Delgado agreed to and relied upon Earth Tech's promise by developing the business opportunity and continuing to foster the relationship with Petroleos de Venezuela S.A. (PDVSA) and/or Pequiven and facilitating the due diligence process.  However, Earth Tech breached the agreement by failing and/or refusing to pay Delgado the agreed upon equitable compensation package or bonus, but rather fired Delgado to avoid paying him such bonus or finders fee.

WHEREFORE, Delgado demands judgment against Earth Tech for commissions, bonus and/or finders fee owed by Earth Tech pursuant to contract equivalent to 2% of the total $204,000,000.00 contract with Petroleos de Venezuela S.A. (PDVSA) and/or Pequiven, prejudgment interest, costs, attorneys' fees in accord with Section 448.08 of the *Florida Statutes*,

and such other relief as the Court deems necessary, just and proper.

## COUNT III
### (Unjust Enrichment and Quantum Meruit)

14.  Delgado realleges paragraphs 1 through 13, above.

15.  Delgado was employed by Earth Tech as a project manager with no responsibility for international business opportunities.  Delgado convinced Rust E& I that he be given the opportunity to develop business opportunities in Venezuela, his home country.  Rust E & I agreed to allow Delgado to pursue such opportunities in Venezuela, outside of his job duties as a project manager.

16.  Neither Rust E & I, nor its successor, Earth Tech, compensated Delgado in any fashion for his extraordinary efforts of developing, fostering, nurturing and facilitating the business arrangement and ultimate contract with  Petroleos de Venezuela S.A. (PDVSA) and/or Pequiven in Venezuela.  Yet, as a direct result of Delgado's efforts on behalf of Earth Tech, Earth was able to obtain a $204,000,000.00 contract with   Petroleos de Venezuela S.A. (PDVSA) and/or Pequiven in Venezuela, for which they compensated Delgado nothing.

17.  Instead of compensating Delgado for his extraordinary efforts, Earth Tech terminated Delgado in order to avoid paying him a just and fair compensation in the nature of commissions, bonus or a finder's fee for his extraordinary efforts.

WHEREFORE, Delgado demands judgment against Earth Tech as a fair and equitable compensation owed by Earth Tech equivalent to 2% of the total $204,000,000.00 contract between Earth Tech and Petroleos de Venezuela S.A. (PDVSA) and/or Pequiven, prejudgment interest, attorneys' fees in accord with Section 448.08 of the *Florida Statutes*, costs, and such other relief as the Court deems necessary, just and proper.

Delgado demands jury trial on all causes of action contained in this Counterclaim.

_____
Robert W. Rasch
Florida Bar No. 0890560
ROBERT W. RASCH, P.A.
201 Live Oak Lane
Altamonte Springs, Florida 32714
(407) 865-7473
Fax (407) 865-5979

## CERTIFICATE

I HEREBY CERTIFY that a true and correct copy of this document has been served by hand delivery this _19th_ day of April, 2001 to Carlos J. Burruenzo, Esq. and Juan C. Lopez-Campillo, Esq., Jackson Lewis Schnitzler & Krupman, 390 North Orange Avenue, Suite 1285, P.O. Box 3389, Orlando, Florida 32802-3389.

_____
Robert W. Rasch