

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**EARTH TECH, INC. a California Corporation,**
**TYCO INTERNATIONAL SERVICES, AG, a Swiss Corporation and TYCO INTERNATIONAL (US) INC., a Nevada Corporation,**

**Plaintiffs/Counter-Defendants,**

**-vs-** **Case No. 6:00-cv-1536-Orl-31JGG**

**MIGUEL DELGADO BELLO,**

**Defendant/Counter-Plaintiff.**

---

**ORDER GRANTING PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION**

This Court has for its consideration Plaintiffs' Emergency Motion for Immediate Injunctive Relief Under Section 43 of the Lanham Act (Dkt. 28), Plaintiffs' Memorandum in Support of Their Motion for a Preliminary Injunction (Dkts. 29 & 50), Plaintiffs' Affidavits and in Support of Their Motion and accompanying exhibits (Dkts. 32 - 36), Defendant's Memorandum in Opposition to Plaintiffs' Motion and accompanying exhibits (Dkt. 46), and Defendant's Affidavit in Opposition to Plaintiffs' Motion (Dkt. 47). The Court has carefully considered the Plaintiffs' motion, the accompanying memorandum, the Plaintiffs' supporting affidavits and exhibits attached thereto, Defendant's memorandum and the accompanying exhibits and supporting affidavit, and argument of both Plaintiffs and Defendant at the hearing on October 30, 2001, and is otherwise fully advised in the premises.

57

## Preliminary Injunction Standard

Injunctive relief is an extraordinary and drastic remedy. United States v. Lambert, 695 F.2d 536, 539 (11th Cir. 1983). As such, "its grant is the exception rather than the rule, and plaintiff must clearly carry the burden of persuasion." Id. To prevail on a motion for preliminary injunction, a plaintiff must show: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) that plaintiff's injury outweighs the injury to the defendant; and (4) that the requested relief would not disserve the public interest. Lucero v. Operation Rescue of Birmingham, 954 F.2d 624, 627 (11th Cir. 1992).

Vague or conclusory affidavits are insufficient to satisfy the plaintiff's burden. See Atari Games Corp. v. Nintendo of Am., Inc., 897 F.2d 1572, 1575 (Fed. Cir. 1990). Furthermore, affidavits based on personal knowledge are accorded more weight than affidavits based upon mere belief or hearsay. See 13 Moore's Federal Practice § 65.23[2] (3d ed. 2000). Rule 52(a) of the Federal Rules of Civil Procedure requires that, "in granting or refusing interlocutory injunctions the court shall . . . set forth the findings of fact and conclusions of law which constitute the grounds of its action."

## Likelihood of Success on the Merits

Plaintiffs seek a preliminary injunction preventing Delgado's use of the domain name "tycovenezuela.com.."[1] Plaintiffs argue that such use of the domain names violates Section 43(d) of the Lanham Act, also known as the Anti-cybersquatting Protection Act ("ACPA"), 15 U.S.C. §

[1] Earth Tech is an affiliate of Tyco.

1125(d). In his response, Delgado contends that he lacks the bad faith intent required under the ACPA.

The ACPA provides for civil liability when a person, with a bad faith intent to profit from a protected mark, registers or uses a domain name that is identical or confusingly similar to the famous or distinctive mark. 15 U.S.C. § 1125(d)(1)(A). Since Delgado has admitted to registering the domain name "tycovenezuela.com," the next inquiry is whether the domain name is identical or confusingly similar to the "Tyco" mark. In determining whether a domain name is confusingly similar to a trade name or mark, courts look at a totality of the circumstances. See Wella Corp. v. Wella Graphics, Inc., 37 F.3d 46, 48 (2d Cir. 1994). In this vein, a domain name may be confusingly similar even if it is not identical to the mark. Sporty's Farm L.L.C. v. Sportsman's Market, Inc., 202 F.3d 489, 496-97 (2d Cir. 2000).

In the instant case, the word Tyco is encompassed in Delgado's registered domain name "tycovenezuela.com." Furthermore, "tycovenezuela.com" is both practically identical and confusingly similar to Tyco's other registered and licensed domain names including: tyco.com, tyco.co.nz, tycoint.com, tyconet.com, tycoventures.com, tycovalves.com, tycothermal.com, tycoservies.com.au, tycofire.com, tycofp.com, tycoadhesives.com, tycoelectronics.com, and tycohealthcare.com. Finally, Delgado is not using a derivation of the "Tyco" mark, but rather the exact mark. The domain name "tycovenezuela.com" would be a logical domain name for Tyco's operations in Venezuela.

In his response, Delgado does not dispute these contentions. Therefore, this Court finds that the domain name "tycovenezuela.com" is confusingly similar to Tyco's mark. See generally

Brookfield Communications, Inc. v. West Coast Entm't Corp., 174 F.3d 1036, 1055 (9th Cir. 1999) (finding that the name "moviebuff.com" was confusingly similar to "MovieBuff"); Shields v. Zuccarini, 254 F.3d 476, 483 (3d Cir. 2001) (observing that domain names that are derived by adding, deleting, or rearranging letters of a mark are confusingly similar to that mark); Wella Corp. v. Wella Graphics, Inc., 874 F. Supp. 54, 56 (E.D. N.Y. 1994) (finding the mark "Wello" confusingly similar to the trademark "Wella").

The third inquiry under the ACPA is whether the "Tyco" mark is distinctive or famous. Tyco asserts that its name is distinctive and entitled to protection claiming that the mark has been widely used nationally and internationally since 1977. Tyco International Services, AG, ("Tyco") the owner of the "Tyco" mark, has licensed and continues to license the use of the "Tyco" mark to Tyco International (US), Inc., in conjunction with the marketing and promotion of various items and services. Tyco AG has expended large sums of money in this promotion. Again, Delgado does not dispute this contention. Accordingly, there is no reason to believe that the "Tyco" mark is not distinctive for purposes of the ACPA. See generally Sporty's Farm, 202 F.3d at 496-97. Once distinctiveness has been determined, no finding of famousness is necessary. Id. at 497.

The final inquiry is whether Delgado possessed a bad faith intent to profit from the mark. 15 U.S.C. § 1125(d)(1)(A)(i). The APCA lists nine non-exclusive factors to assist courts in determining when a person has acted with a bad faith intent to profit from the use of a mark.[2] A

---

[2] These factors are:

(I) the trademark or other intellectual property rights of the person, if any, in the domain name;

(II) the extent to which the domain name consists of the legal name of the person or a name that is

court, however, is not limited to considering just the listed factors when making a determination of whether the statutory criterion has been met. 15 U.S.C. § 1125(d)(1)(B)(i); Sporty's Farm, 202 F.3d at 496.

Here, several of the enumerated factors favor Tyco. First, Delgado does not have any intellectual property rights in the "Tyco" mark; whereas, Tyco has a protectable interest in the

---

otherwise commonly used to identify that person;

(III) the person's prior use, if any, of the domain name in connection with the bona fide offering of any goods or services;

(IV) the person's bona fide noncommercial or fair use of the mark in a site accessible under the domain name;

(V) the person's intent to divert consumers from the mark owner's online location to a site accessible under the domain name that could harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site;

(VI) the person's offer to transfer, sell, or otherwise assign the domain name to the mark owner or any third party for financial gain without having used, or having an intent to use, the domain name in the bona fide offering of any goods or services, or the person's prior conduct indicating a pattern of such conduct;

(VII) the person's provision of material and misleading false contact information when applying for the registration of the domain name, the person's intentional failure to maintain accurate contact information, or the person's prior conduct indicating a pattern of such conduct;

(VIII) the person's registration or acquisition of multiple domain names which the person knows are identical or confusingly similar to marks of others that are distinctive at the time of registration of such domain names, or dilutive of famous marks of others that are famous at the time of registration of such domain names, without regard to the goods or services of the parties; and

(IX) the extent to which the mark incorporated in the person's domain name registration is or is not distinctive and famous within the meaning of subsection(c)(1) of section 43.

15 U.S.C. § 1125(d)(1)(B)(i).

mark. Second, "tycovenezuela.com" uses the "Tyco" mark which is used to identify with Tyco and its goods and services. Further, "tycovenezuela.com" does not use the name of Delgado, the person registering the name. Third, Delgado has not used the domain name in connection with the bona fide offering of any goods and services and only registered the domain name after litigation between the parties began. Fourth, the evidence suggests that Delgado sent an email to Tyco announcing his website as the real Tyco website in Venezuela. This could be construed as an attempt to harm the goodwill represented by the mark, either for commercial gain or with the intent to tarnish or disparage the mark, by creating a likelihood of confusion as to the source, sponsorship, affiliation, or endorsement of the site . Fifth, in open court, Delgado claimed he had no intent to develop or use the website and he would sell the website to Tyco and Earth Tech for the amount he paid to register the name. Sixth, the "Tyco" mark is distinctive and "tycovenezuela.com" would likewise be distinctive and be associated with Tyco. Last, but certainly one of the most important factors in this analysis, it appears that Delgado registered the "tycovenezuela.com" domain name in order to gain leverage in the suit pending between he and the Plaintiffs in Venezuela. These factors clearly support a finding of bad faith on Delgado's behalf in registering the domain name. Accord Sporty's Farm, 202 F.3d at 499. Thus, Tyco's success on the merits is likely.

**Irreparable Injury**

Although, it appears that the Eleventh Circuit has not addressed irreparable injury prong under the ACPA, it has stated that "'a sufficiently strong showing of likelihood of confusion

[caused by trademark infringement] may by itself constitute a showing of . . . [a] substantial threat of irreparable harm.'" McDonald's Corp. v. Robertson, 147 F.3d 1301, 1310 (11th Cir. 1998) (quoting E. Remy Martin & Co. v. Shaw-Ross Int'l Imports, 756 F.2d 1525, 1530 (11th Cir. 1985)). Preliminary injunctions are also appropriate when money damages will not make the parties whole. Moreover, trademark actions "are common venues for the issuance of preliminary injunctions." Id. Even if irreparable harm is not presumed, Tyco will suffer irreparable harm if the preliminary injunction is not granted because there is no quantifiable way to measure Tyco's potential loss of customers and good will due to the fact that its protectable mark is being used by Delgado as a domain name. If Delgado develops the website, there is no way to measure the potential harm to Tyco that could be caused by the confusion of Delgado's site with the legitimate sites, services, and products of Tyco. A finding of irreparable injury in a trademark infringement case can be based on a finding of a likelihood of confusion. Opticians Ass'n v. Indep. Opticians, 920 F.2d 187, 196 (3d Cir. 1990). Furthermore, absent an injunction there is nothing to prevent Delgado from developing and using the domain name (or, at least, to keep Tyco from using the domain name) pending a resolution of this case on the merits. Hence, there is no adequate remedy at law and only an injunction will prevent the irreparable injury to Tyco if Delgado is allowed to maintain the domain name and develop the website under "tycovenezuela.com."

**Balancing of Harms**

Upon finding that Tyco will suffer irreparable injury if the injunctive relief is not granted, the hardships that the Tyco will suffer if relief is not granted must be balanced against those that

Delgado will suffer if relief is granted. Here, this balancing test tips in Tyco's favor. Delgado makes no attempt to argue that he would be harmed by an injunction preventing his use of the domain names and in fact only claims that the name was registered to protect the Venezuelan government--a claim which this Court finds incredulous. If Delgado sincerely intends not to infringe as he claims, the injunction can have no harmful effect and only gives Tyco protection of its trademark. Polo Fashions, Inc. v. Dick Bruhn, Inc., 793 F.2d 1132, 1135 (9th Cir. 1986). Indeed, it is clear that Delgado would not be harmed by the injunction. On the other hand, Tyco stands to lose much in the way of customers, good will, and faith in the Tyco mark which it has spent time and money developing.

**Public Interest**

Similarly, the public interest tips in favor of Tyco in this matter. Customers and potential customers of Tyco have an interest in avoiding confusion in the marketplace. The public interest in trademark infringement cases, including those involving cybersquatting, is the right of the public not to be deceived. Zuccarini, 254 F.3d at 486 (citing Opticians Ass'n, 920 F.2d at 197; Estate of Presley v. Russen, 513 F. Supp 1339, 1382 (D. N.J. 1981)). There is a substantial likelihood of confusion between Delgado's infringing domain name and the "Tyco" mark. Furthermore, it is in the interest of the public and Tyco to preserving the integrity of the "Tyco" mark, which may be disparaged if Delgado is allowed to maintain the "tycovenezuela.com" domain name. These public interests clearly outweigh any interest Delgado has in the domain name.

It is therefore,

ORDERED and ADJUDGED, that Plaintiffs' Motion for a preliminary injunction is GRANTED. Accordingly, a preliminary injunction is hereby issued, pursuant to 15 U.S.C. § 1125(d)(1)(C), enjoining Delgado's continued use of the "tycovenezuela.com" domain name. Furthermore, Delgado is enjoined from auctioning, offering for sale, or in any way transferring this domain name to anyone. Finally, it is ordered that Delgado shall transfer the domain name to Tyco pending a resolution on the merits.[3]

**DONE** and **ORDERED** in Chambers, Orlando, Florida this 5th day of November, 2001.

GREGORY A. PRESNELL
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party

[3] See Ford Motor Co. v. Lapertosa, 126 F. Supp. 2d 463, 468 (E.D. Mich. Jan. 3, 2001) (granting a preliminary injunction against the use of a domain name and ordering the transfer of the domain name to the plaintiff until resolution of case on the merits).

F I L E   C O P Y

Date Printed: 11/05/2001

Notice sent to:

___ Carlos J. Burruezo, Esq.
Fisher & Phillips LLP
Lincoln Plaza, Suite 1250
300 S. Orange Ave.
Orlando, FL 32801

___ Juan C. Lopez-Campillo, Esq.
Fisher & Phillips LLP
Lincoln Plaza, Suite 1250
300 S. Orange Ave.
Orlando, FL 32801

___ Randall W. Lord, Esq.
Jackson, Lewis, Schnitzler & Krupman
390 N. Orange Ave., Suite 1285
P.O. Box 3389
Orlando, FL 32802-3389

___ Michael M. Hernandez, Esq.
Jackson Lewis Schnitzler & Krupman
First Union Financial Center - Suite 2600
200 S. Biscayne Blvd.
Miami, FL 33131-2374

___ Martin London, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019-6065

___ Robert A. Atkins, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019-6065

___ Mathew S. Rosengart, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison
1285 Avenue of the Americas
New York, NY 10019-6065

___ Tucker H. Byrd, Esq.
Greenberg Traurig P.A.
111 N. Orange Ave., Suite 2050
P.O. Box 4923
Orlando, FL 32802-4923

___ Robert W. Rasch, Esq.
Law Office of Robert W. Rasch
201 Live Oak Lane
Altamonte Springs, FL 32714

___ Jay M. Cohen
Jay M. Cohen, P.A.

✓ 11-5-01

P.O. Box 10
Winter Pa..., FL 32790-2210