UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| EARTH TECH, INC., a California Corporation, TYCO INTERNATIONAL SERVICES, AG, a Swiss corporation, and TYCO INTERNATIONAL (US) INC., a Nevada Corporation, <br><br> Plaintiffs, <br><br> v. <br><br> MIGUEL DELGADO BELLO, <br><br> Defendant. | Case No.: 6:00-CV-1536-ORL-31B |
| MIGUEL DELGADO BELLO, <br><br> Counterplaintiff, <br><br> v. <br><br> EARTH TECH, INC., a California Corporation, <br><br> Counterdefendant. | |

STATE OF CALIFORNIA )
 ) .ss:
COUNTY OF LOS ANGELES )

### REPLY AFFIDAVIT OF CHARLES ALPERT

CHARLES ALPERT, being duly sworn, deposes and states:

1. I am General Counsel for Plaintiff Earth Tech, Inc. ("Earth Tech"), an affiliate of Plaintiff Tyco International (US), Inc. ("Tyco").

Doc#: NY6: 61343.1

2. I submit this Reply Affidavit in further support of the Motion for Sanctions against the defendant Miguel Delgado Bello ("Delgado"), and to supplement my affidavit dated October 2, 2001.

3. Since filing its Motion for Sanctions, Tyco has received two additional, extortionate e-mails from "pdvsa@unitedstates.com." True and correct copies of these e-mails are attached as Exhibit A.

4. I also submit this affidavit to identify and correct certain misstatements and falsehoods contained in the affidavit submitted by Delgado in opposition to the pending motions.

5. Delgado states that Tyco or Earth Tech fabricated the phony "pdvsa" e-mails and sent them to themselves. This is false. Not only do I know Delgado's assertion to be untrue, but it is an incredible proposition on its face because the phony e-mails were not just sent to Tyco and Earth Tech, but were also sent to an outside party, Tice & Associates. Tice is a bear fund with a well publicized history of hostility toward Tyco and a track record of encouraging short-selling investors to sell Tyco stock, and thus drive down the price of Tyco's stock. It makes sense for Delgado to have created and sent the defamatory e-mails to Tice in an effort to harass Tyco. It would be a self-destructive act for Tyco, a publicly held company, to fabricate outrageous lies about itself and then send them (with the apparent imprimatur of the Venezuelan government) to one of Tyco's adversaries in the securities market.

6. Delgado states that Venezuelan attorney Glenn Morales ("Morales"), does not represent him and, in fact, was working for Earth Tech and Tyco. This is false. Neither Earth Tech nor Tyco has ever retained or hired Morales for any engagement. Neither Earth Tech nor Tyco ever heard of Morales or had any contact with

2

Morales until July 27, 2001, when Morales sent an unsolicited e-mail to the CEO of Tyco, included in Exhibit C to my previous affidavit, stating that he represented Delgado and urging Tyco and Earth Tech to settle their lawsuit with Delgado. As the July 27, 2001, e-mail from Morales states: "I am Mr. Miguel Delgado's legal advisor."

7.  Since then, Morales also has written to our outside counsel, Robert Atkins, at Paul Weiss, representing again that he was a lawyer for Delgado. On September 7, 2001, at my direction, Mr. Atkins wrote a letter to Morales instructing Morales to cease sending e-mails to officers of Tyco. Morales then wrote back to Mr. Atkins, confirming that he represented Delgado, not Tyco. See true and correct copies of these letters attached as Exhibit B. Further, in his September 28, 2001, letter to Mr. Atkins, Morales refers to Delgado as "my client."

8.  Delgado suggests that the recent ruling by the Venezuelan Supreme Court in his labor lawsuit was a serious setback for Earth Tech and Tyco, motivating them to make the present motions. This is false. Earth Tech and Tyco learned about the Venezuelan ruling after the present motions were filed, and that ruling had nothing to do with the merits of the case. Rather, the court dismissed Delgado's claims against all the foreign (non-Venezuelan) entities, including Tyco International Ltd., Tyco Group S.a.r.l. and Earth Tech. The lawsuit was remanded to the Labor court for further proceedings against the remaining Venezuelan parties.

9.  Delgado absurdly states, in his irrational effort to explain the e-mails sent from his personal AOL account with the screen name "pdvsa," that officials of PDVSA needed to use his personal e-mail account. No one from PDVSA, to my knowledge, would have had any reason to use Delgado's personal e-mail account to

3

Doc#: NY6: 61343.1

conduct business. At all times Earth Tech was doing business with PDVSA, PDVSA had, and has, its own e-mail system with the domain name "pdvsa.com."

10. Delgado suggests without merit that it was Les Hall of McKim & Creed, not Delgado himself, who conducted database searches of Earth Tech and its predecessors, using the KnowX.com website and pdvsacitgo@aol.com e-mail address, because McKim & Creed had "periodic discussions of acquisition or merger" with Earth Tech. This is false. Based on information and belief, no such discussions ever took place. I have been involved in every acquisition Earth Tech has ever considered or undertaken as a company. Earth Tech has never made, received, or discussed an offer to acquire or merge with McKim & Creed.

11. Delgado inaccurately suggests that he was transferred to Venezuela as part of his employment. This is false. From 1992 to July 1, 1999, Delgado was employed by Rust Environment & Infrastructure, Inc., and its successor company, Earth Tech. Neither company ever transferred Delgado to Venezuela. At all times, he was paid in the United States, and evidenced a Florida address as his residency. From time to time, Delgado traveled to Venezuela, ostensibly on business. On such occasions, he would receive travel expense reimbursement.

12. Delgado's memorandum in opposition to the present motions, at pages 2-3, misstates the corporate organization of Earth Tech's operations. I also note that Delgado does not attest in his affidavit to the description that appears in his brief. In particular, Delgado's brief asserts that Earth Tech never acquired a company called Grupo Rust International de Venezuela C.A. ("Grupo Rust"), of which he was a vice president. This is false. Earth Tech did acquire Grupo Rust in 1998.

13. The following are factual statements. On September 18, 1998, Earth Tech Holdings, Inc., an affiliate company of Earth Tech, acquired all of the stock of Rust Environment and Infrastructure, Inc. and several of its subsidiaries and affiliated companies from REI Holdings, Inc. Rust Environment and Infrastructure, Inc., a Wisconsin corporation, was Delgado's employer at the time. Pursuant to Section 4.12 of the acquisition agreement, Earth Tech acquired beneficial ownership of several listed entities, including Grupo Rust.

14. Finally, Delgado states that Earth Tech fired him to avoid paying him "commissions." This is false. Earth Tech management fired Delgado for insubordination, theft, and concealment of material contracts and arrangements. Earth Tech had no reason to fire him to avoid Venezuelan labor benefits as, at all times during Earth Tech's employ, Delgado was a U.S. employee working under a U.S. green card. He was also a salaried employee and had no right to any "commissions."

_____
CHARLES ALPERT

Submitted and Sworn
before me this 29th day
of October, 2001.

_____
Notary Public



Doc#: NY6: 61343.1