FILED

01 DEC -6  AM 11: 09

CLERK.U S  DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO. FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EARTH TECH, INC.,
A California Corporation,

      Plaintiff,

vs.                         Case No.: 6:00-cv-1536-ORL-31 JGG

MIGUEL DELGADO BELLO,

      Defendant.


MIGUEL DELGADO BELLO,

      Counterplaintiff,

vs.

EARTH TECH, INC.,
A California Corporation,

      Counterdefendant.

_____/

## MEMORANDUM IN OPPOSITION TO EMERGENCY MOTION FOR PROTECTIVE AND RESTRAINING ORDER TO PRESERVE EVIDENCE

      MIGUEL DELGADO BELLO, Defendant and Counterplaintiff, (hereinafter "Delgado")

by and through his undersigned attorney, files this Memorandum in Opposition to Plaintiffs'

Emergency Motion for Protective and Restraining Order against Delgado as being sought in bad

faith and with unclean hands.

      Delgado files this Memorandum in conjunction with a Motion to Suppress Evidence and

for Sanctions against Plaintiffs.

**A. Background Facts**

On Monday, December 3, 2001 at 3:26 pm in the afternoon, Plaintiffs' counsel faxed to

this firm a copy of Plaintiffs' Emergency Motion and Memorandum in Support of a Protective

Order and Restraining Order to Preserve Evidence (Exhibit A, attached hereto).

That same day, at 4:52 pm, Plaintiffs' counsel faxed to this firm a copy of the cover letter

to this Court providing the Judge a courtesy copy of the Emergency Motion (Exhibit B, attached

hereto).

That same day, at 4:58 pm, Plaintiffs' counsel faxed to this firm a copy of Notice of

Service of Subpoena dated December 3, 2001, with an attached subpoena issued November 29,

2001 (Exhibit C, attached hereto).

**B. Argument**

Plaintiffs faxed these documents at the end of the day, Monday, December 3, 2001,

knowing full well that Defendant Delgado and the undersigned would be in an all day deposition

with Plaintiffs' counsel deposition Earth Tech's General Counsel Alpert on Tuesday, December

4, 2001.  Therefore, the undersigned has had no opportunity to investigate the substance of the

information submitted by Plaintiffs other than as argued in the simultaneously filed Motion to

Suppress Evidence and for Sanctions against Plaintiffs.

As far as the underlying request of Plaintiffs is concerned, in an effort to eliminate the

Court having to make a preliminary determination, Delgado commits that, pending an ultimate

ruling by this Court, he will not change his password on any his current e-mail accounts.

However, Delgado request the opportunity to further evaluate the evidence presented by

Plaintiffs, and should the Court not suppress that evidence, Delgado would request the

opportunity to engage in further discover, even if necessary, beyond the current discovery

deadline set by the Court for December 21, 2001, to fully investigate what further improper

activities Plaintiffs have engaged in a desperate effort to discredit Mr. Delgado or scare him from

further pursuing his lawful claims.

Respectfully submitted,

Robert W. Rasch
Florida Bar No. 0890560
ROBERT W. RASCH, P.A.
201 Live Oak Lane
Altamonte Springs, Florida 32714
(407) 865-7473
Fax (407) 865-5979

## CERTIFICATE

I HEREBY CERTIFY that a true and correct copy of this document has been served by facsimile and U.S. mail this _6th_ day of December, 2001 to Tucker H. Byrd, Esq., Greenberg Traurig, P.A., 111 N. Orange Avenue, Suite 2050, Orlando, Florida 32801.

Robert W. Rasch



ATTORNEYS AT LAW

## Transmittal Cover Sheet

**TO**  Robert Wallace Rasch, Esq.

**Company**

**Fax Number**  (407) 865-5979

**Phone Number**  (407) 865-7473

**FROM**  Tucker H. Byrd, Esq.

**File Number**  *52165.010100*

**Comments**

**Date**  December 3, 2001

**Time**

**EXHIBIT A**

**No. Pages**  Including this cover sheet  3 3

Please notify us immediately if not received properly at 407-420-1000.

The information contained in this transmission is attorney privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone collect and return the original message to us at the address below via the U.S. Postal Service. We will reimburse you for your postage. Thank you.

111 North Orange Avenue, Suite 2050, Orlando, Florida 32801 407-420-1000 Fax 407-420-5909

Received: 12/03/01  15:26:20  From: 407 420 5909

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

| | |
|---|---|
| **EARTH TECH, INC.,**<br>a California Corporation, and<br>**TYCO INTERNATIONAL SERVICES, AG,**<br>a Swiss Corporation, and<br>**TYCO INTERNATIONAL (US) INC.,**<br>a Nevada Corporation, | Case No.:  6:00-CV-1536-Orl-31JGG |

Plaintiffs,

v.

**MIGUEL DELGADO BELLO,**

Defendant.

---

**MIGUEL DELGADO BELLO,**

Counterplaintiff,

v.

**EARTH TECH, INC.,**
a California Corporation,

Counterdefendant.

---

## PLAINTIFFS' EMERGENCY MOTION
## AND MEMORANDUM IN SUPPORT OF A PROTECTIVE
## AND RESTRAINING ORDER TO PRESERVE EVIDENCE

1       Plaintiffs respectfully move the Court pursuant to Fed. R. Civ. P. 65(a) and 26(c) for an injunction and order of protection prohibiting, restraining, and enjoining defendant Miguel Delgado from changing, altering, or tampering with the evidence discussed below.

2.      As demonstrated in Plaintiffs' Emergency Motion For Sanctions dated October 5, 2001, between April and October 2001, plaintiffs received a series of extortionate and defamatory e-mails threatening plaintiffs with criminal investigations and other harm to their businesses if they do not settle their litigations with Delgado. Those e-mails where fraudulently disguised as coming from PDVSA, Earth Tech and Tyco's business partner and the Venezuelan government-owned oil company.

3.      Several of the extortionate messages were sent from e-mail accounts with the following screen names and domain names:

    (a)     pdvsacitgo@venezuela.com.

    (b)     citgopdvsa@venezuela.com.

    (c)     pdvsa@unitedstates.com.

    (d)     tycovenezuela@venezuela.com.

(See Affidavit of Charles Alpert, sworn to on October 2, 2001 ("Alpert Aff."), Exs. B. and E and Reply Affidavit of Charles Alpert, sworn to on October 29, 2001, Ex. A.) The e-mail account entitled "tycovenezuela@venezuela.com" was the source of the e-mail dated August 28, 2001 notifying plaintiffs of Delgado's creation, registration, and use of the domain name "tycovenezuela" (Alpert Aff. Ex. E.), which the Court enjoined by Order dated November 5, 2001.

4. As demonstrated in the affidavit of Philip C. Gordon, all four of the e-mail accounts listed above were created using a free e-mail service provider called UnitedStates.com. The affidavit of Philip C. Gordon, the CEO of UnitedStates.com, is attached hereto as Exhibit A. UnitedStates.com offers free e-mail services using a variety of domain names, including "unitedstates.com," "venezuela.com," and "myplace.com." (Gordon Aff. ¶ 1.)

5. Delgado has his own personal e-mail account operated by UnitedStates.com. That account is called "MiguelD285@myplace.com." That e-mail address is identified by Delgado in the domain name registration transfer form that he submitted in response to the Court's November 5, 2001 Order. (A copy of the registration transfer form is attached hereto as Exhibit B.) Delgado also testified at his deposition about this personal e-mail account. (Transcript of Deposition of Miguel Delgado Bello ("Delgado Transcript"), at 256-57. A copy of the relevant excerpt from the Delgado Transcript is attached as Exhibit C.)

6. As set forth in the affidavit of Philip C. Gordon, the CEO of the UnitedStates.com, the password created and used by Delgado for his personal e-mail account is also the password for each of the fraudulent PDVSA e-mail accounts listed above. That password is "crismar423542." (Gordon Aff. ¶¶ 3-4.)

7. Delgado testified at his deposition that "Crismar" is the name of his company and that the phrase "crismar" is an amalgam of the names of his children (Cristina, Mari, and Valentino). (Delgado Transcript at 247.)

8. Since Delgado's personal password is the password for each of the fraudulent PDVSA e-mail accounts listed above, this evidence proves that Delgado

created and used the fraudulent PDVSA e-mail accounts and is responsible for the extortionate e-mails sent to plaintiffs from those accounts.

9. The next hearing on plaintiffs' Motion for Sanctions is scheduled for January 18, 2002. Because e-mail passwords such as the one created and used by Delgado can be changed by the account owner, we respectfully request that the Court enter an injunction and protective order to preserve the evidence of the password ("crismar423542") as set forth in Philip Gordon's affidavit.

10: This evidence conclusively proves that Delgado created the phony PDVSA e-mail accounts and that Delgado has perjured himself by denying that fact to the Court. Given Delgado's proven bad faith and demonstrated intent to extort and harass plaintiffs with these e-mails, there is a real risk that Delgado will try to change the password in a effort to conceal and create doubt about his involvement in sending the e-mails. Delgado has already tried to evade discovery on this subject. At his deposition, he refused to disclose the password. (Delgado Transcript at 257.) It is important for the fair administration of justice that the evidence of the password be preserved until the conclusion of this matter .

11. Accordingly, for the foregoing reasons, plaintiffs respectfully request that the Court grant this emergency motion and enter an injunction and an order of protection enjoining, restraining, and prohibiting Delgado (and all his representatives, agents, and others acting on his behalf) from changing, altering, or tampering with the password for any e-mail accounts at issue in this action pending the resolution of this action.

Dated: December 3, 2001
Orlando, Florida

                                    Respectfully submitted,

                                      GREENBERG TRAURIG, P.A.
                                      450 South Orange Avenue, Suite 650
                                      Orlando, Florida 32801
                                      Telephone: 407-420-1000
                                      Facsimile: 407-420-5909

                                      By: _____
                                      Tucker H. Byrd, Esq.
                                      Florida Bar No. 381632

                                      JACKSON, LEWIS, SCHNITZLER
                                      & KRUPMAN
                                      390 North Orange Avenue
                                      Orlando, Florida 32802
                                      Telephone: 407-246-8440
                                      Facsimile: 407-246-8441

Of Counsel:

Robert A. Atkins
Mathew S. Rosengart
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: 212-373-3000
Facsimile: 212-373-2225

Attorneys and Trial Counsel for Plaintiffs Earth Tech, Inc., Tyco International Services,
AG, and Tyco International (US) Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via Fax and U. S. Mail this 3rd day of December, 2001 to Robert Wallace Rasch, Esq., 201 Live

Oak Lane, Altamonte Springs, Florida 32714.

GREENBERG TRAURIG, P.A.
Attorneys for Plaintiff
450 S. Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone:     (407) 420-1000
Facsimile:      (407) 841-1295

By: _____
Tucker H. Byrd, Esq.
Florida Bar No. 381632

Of Counsel:
Robert A. Atkins
Mathew S. Rosengart
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: 212-373-3000
Facsimile: 212-373-2225

JACKSON, LEWIS, SCHNITZLER & KRUPMAN
390 North Orange Avenue
Orlando, Florida 32802
Telephone:     407-246-8440
Facsimile:      407-246-8441
Attorneys and Trial Counsel for Plaintiffs Earth Tech, Inc.,
Tyco International Services, AG, and Tyco International (US) Inc.

DEC 03 2001 14:09 FR PWRW&G          212 373 2384 TU 814658009140742Ø P.07/32

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

EARTH TECH, INC.,
a California Corporation,

                 Plaintiff,

v.

MIGUEL DELGADO BELLO,

                 Defendant.

Case No.: 6:00-CV-1536-ORL-31B

**AFFIDAVIT OF
PHILIP C. GORDON**

STATE OF CALIFORNIA        )
                           ) .ss:
COUNTY OF LOS ANGELES  )

   PHILIP C. GORDON, being duly sworn, deposes and states:

   1.    I am the President and CEO of UnitedStates.com.

UnitedStates.com is an Internet company which, among other activities, provides free

e-mail delivery services under a variety of domain names, including "unitedstates.com,"

"venezuela.com," and "myplace.com."

   2.    The following e-mail accounts were created by individual(s) using

the free e-mail service provided by UnitedStates.com:

       (1)    pdvsacitgo@venezuela.com

       (2)    citgopdvsa@venezuela.com

       (3)    tycovenezuela@venezuela.com

       (4)    pdvsa@unitedstates.com

       (5)    glennmorales@myplace.com

(6)  glennmorales@venezuela.com

(7)  MiguelD285@myplace.com

3.  The password for using each of the following e-mail accounts is as

follows:

(1)  pdvsacitgo@venezuela.com          crismar423542

(2)  citgopdvsa@venezuela.com          crismar423542

(3)  tycovenezuela@venezuela.com       crismar423542

(4)  pdvsa@unitedstates.com            crismar423542

This password was created by the individual(s) who created each of the above e-mail

accounts. UnitedStates.com does not assign passwords. On November 21, 2001, I

personally confirmed that this is the password for each of the above e-mail accounts.

4.  The password for the e-mail account MiguelD285@myplace.com

is also crismar423542. I personally confirmed this password on November 21, 2001.

The name of the registrant for the e-mail account MiguelD285@myplace.com is Miguel

Delgado.

_____
Philip C. Gordon

Submitted and sworn
before me this 29th day
of November, 2001

_____
Notary Public

MARILYN J. HAZZARD
Commission # 1321847
Notary Public - California
Los Angeles County
My Comm. Expires Sep 23, 2005

2

FROM: Robert W. Rasch, P.A.  PHONE NO.: 407-865-7473          Nov 08, 2001  11:21 AM  P 2/7

# ROBERT W. RASCH, P.A.

201 Live Oak Lane                                    Phone 407-865-7473
Altamonte Springs, Florida 32714                     Fax 407-865-5979
                                                     E-mail — rwrasch@debiz.com

November 8, 2001

**SENT BY FACSIMILE AND REGULAR MAIL**
**212-492-0106**

Mathew S. Rosengart, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison
1285 Avenue of the Americas
New York, N.Y. 10019-6064

Re: Earth Tech, Inc. v. Delgado
    Case No. 6:00-cv-1536-ORL-31JGG

Dear Mr. Rosengart:

In accord with the Court Order dated November 5, 2001 in the above-referenced case, please find the Registrant Name Change for the "tycovenezuela.com" domain name executed by Mr. Delgado today. You will note, according to the front instruction sheet that there are certain actions that Tyco International (US) Inc. will have to take to ensure the completion of the transfer of ownership.

If there is anything further that Mr. Delgado needs to do to ensure the transfer of this domain name, please let us know.

                                         Sincerely,

                                         *RW Rasch*

                                         Robert W. Rasch

Enclosure
cc: Mr. Miguel Bello Delgado

FROM: Robert W. Rasch, P.A.    PHONE NO.: 407-865-7473              Nov 08, 2001    11:22 AM    P 3/7

FROM :                          FAX NO. :                    Nov. 08 2001 10:38AM  P6
Registrant Name Change | Manage Your Account | VeriSign           Page 1 of 1

# VeriSign

| HOME | FIND A DOMAIN NAME | BUILD YOUR WEB SITE | CHOOSE YOUR WEB OPTIONS | LEARN HOW | |

Domain Manager    Contact Manager | Host Manager

› **MANAGE YOUR ACCOUNT**
**Registrant Name Change**

You have indicated the current Registrant has completed this form so far. Here is a listing of
what both parties involved in the transfer need to do now:

You should:
1. Print and read this Agreement
2. Complete and sign the signature block in the presence of a Notary Public.
3. Have the Notary Public sign and seal this document. Make and keep a copy for your
records.
4. Send this document, along with these instructions, to the New Registrant.

The New Registrant should:
1. Complete and verify the accuracy of all fields.
2. Read this Agreement, sign it, and make a copy for your records.
3. Send it by courier, postal mail or fax to:
    Network Solutions, Inc.
    505 Huntmar Park Drive
    Herndon, VA 20170
    Attn: Registrant Change Group
    (703) 742-4777
    (703) 742-8950 (fax)

If the domain name is the subject of litigation or a trademark dispute, the Agreement
should instead be sent to the attention of the Business Affairs Office at the address above.

**Print a copy of this page for your records.**

Back to Top        About Us        Partnerships        Contact Us        Site Map
© Copyright 2001 VeriSign, Inc. All rights reserved.

Received: 12/3/01 13:64;
DEC 03 2001 14:10 FR PWRW&G          212 373 2384 TO 8146580091407420 P.11/32
FROM: Robert W. Rasch, P.A.  PHONE NO.: 407-865-7473          Nov 08, 2001   11:22 AM   P 4/7

RNCA                                                                       Page 1 of 4



**Send this Agreement via fax to:**
Network Solutions, Inc.
Attn: Registrant Change Group
Priority Service: fax 1-703 464-4881
Standard Service: fax 1-703-742-5950

**OR Send Postal Mail or Courier to:**
Network Solutions, Inc.
505 Huntmar Park Drive
Herndon, VA 20170
Attn: Registrant Change Group
Phone: 1-800-779-1710 within the U.S. and Canada
International: 1-703-742-4777

**NETWORK SOLUTIONS**

## Registrant Name Change
### Version 3.0 - Transfers

**General Information:**

- To successfully complete this form, you will need the WHOIS record for the domain name. The WHOIS database can be found at URL http://www.netsol.com.
- Be sure all fields are completed in full.
- Once this form is complete, verify the information, read it, sign it and date it.
- An individual that has the apparent authority to legally bind the current Registrant must sign this form in the presence of a Notary Public. The Notary Public is required to notarize this form.
- An individual that has the apparent authority to legally bind the new Registrant must also sign this form. Notarization is not required for the new Registrant's signature.
- Make a copy of the Agreement for your records, then fax or send it to Network Solutions at the address shown above.
- Or, if this domain name is the subject of litigation or a trademark dispute, send this Agreement to the attention of the Business Affairs Office at the address shown above.

| Domain Name | One per Registrant Name Change Agreement |
| --- | --- |
| | gycovenezuela.com |
| **Choose Your Service Level** | ____ I choose the Priority Registrant Name Change Service. My RNCA will be processed in 2 business days.* I'll send this form via fax to (703) 464-4881. |

✓ I choose the Standard Registrant Name Change Service. My RNCA will be processed in 3 to 6 weeks. I'll send this form via fax to (703) 742-5950.

|  | * For $199 per domain name change, we will process your Registrant Transfer and Legal Name Change in two business days after receiving a complete and correct Registrant Name Change Agreement. The two-business day turnaround for Priority Registrant Name Change Service is contingent upon NSI receiving complete and correct requests by 3:00 PM Eastern Standard Time each business day. Priority Service requests received after 3:00PM will be processed beginning on the next business day. To speak with a dedicated Priority RNCA representative, dial 1-877-379-3932 from the U.S. and Canada. Internationally, call +1 (703) 834-0433. Representatives are available from 9AM to 9PM Monday through Friday, Eastern Time. |
| --- | --- |
| **Transfer the registration for the domain name from:** | As per the WHOIS record (URL http://www.netsol.com/) Delgado, Miguel |
| **Current Registrant's Address** | Enter the Registrant's Street Address, City, State, Country and ZIP (if applicable) 405 Conservatory Cove Lake Mary, Florida 32746 |
| | If the address you have entered above is different than the WHOIS record (URL http://www.netsol.com), please explain below |
| **Current Registrant's Type of Business** | Individual |

Received: 12/03/01  15:26:20  From: 407 420 5909                          11/8/01

DEC 03 2001 14:10 FR PWRW&G                    212 373 2384 TU 8146580091407420 P.12/32

FROM: Robert W. Rasch, P.A.  PHONE NO.: 407-865-7473          Nov 08, 2001   11:23 AM   P 5/7

**RNCA**                                                               Page 2 of

From: 16:29:16 01/08/11 :beved

| Transfer the registration for the domain name to: | The name of the New Registrant entered here must match the name entered on line 3A of the Domain Name Registration Agreement or Service Agreement Tyco International (US) Inc. |
|---|---|
| New Registrant's Address | Enter the correct address of the new Registrant 1285 Avenue of the Americas New York, New York 10019-6064 |
| NIC Tracking Number | The NIC Tracking Number was sent in reply to the New Registrant's e-mail submission of a text version Service Agreement ("New Registrant's Application"). The text version of the Service Agreement can be found at URL http://www.netsol.com/makechanges/rnca/service-agreement-5-1.txt NIC. |
| Terms and Conditions | The Current Registrant and the New Registrant enter into this Registrant Name Change Agreement as of the date executed by the final party hereto.

WHEREAS the Registrant and Network Solutions, Inc. ("Network Solutions") have entered into a Domain Name Registration Agreement or Service Agreement (the "Agreement") for the registration of the second-level domain name referenced in the block above headed Domain Name (the "Domain Name");

WHEREAS the New Registrant desires to register the Domain Name with Network Solutions and to that end has transmitted by electronic mail to Network Solutions a completed Service Agreement as application ("New Registrant's Application") for registration of the Domain Name;

WHEREFORE, in consideration of these premises, and for other good and valuable consideration the sufficiency of which is hereby acknowledged, the parties agree as follows:

1. Registrant's Relinquishment of the Domain Name: The Registrant hereby relinquishes its registration of the Domain Name and discharges Network Solutions from all obligations under the Agreement. The Registrant releases Network Solutions from all claims, liabilities or demands arising from the Agreement. The Registrant further acknowledges and agrees that it is not entitled to a refund of any fees it may have paid to Network Solutions. Nothing contained in this Registrant Name Change Agreement shall be construed as an assignment of the Registrant's rights under the Agreement. The Registrant hereby authorizes Network Solutions to take all steps necessary to register the Domain Name to the New Registrant, including without limitation, disassociating the Domain Name from the host servers designated by the Registrant without further notice.

2. New Registrant's Registration of the Domain Name: The New Registrant acknowledges that it has reviewed and understands the terms, conditions, representations and warranties of Network Solutions' Service Agreement in effect as of the date of the New Registrant's Application. The New Registrant, by signing and sending this Registrant Name Change Agreement to Network Solutions, agrees to be bound by and to perform in accordance with the terms and conditions of Network Solutions' current Service Agreement, incorporated herein by reference, which includes Network Solutions' current Domain Name Dispute Policy. The New Registrant specifically agrees to pay Network Solutions a new registration fee upon receipt of Network Solutions' invoice. The New Registrant also reaffirms the accuracy and completeness of all of the information contained in the New Registrant's Application. To the extent the terms and conditions of Network Solutions' current Service Agreement conflict with the terms and conditions of this Registrant Name Change Agreement, the terms and conditions of this Registrant Name Change Agreement shall prevail.

3. Effective Date of the New Registrant's Registration of the Domain Name: The New Registrant's registration of the Domain Name shall be effective upon Network Solutions' transmission of an acknowledgement to the New Registrant that the |

Nov. 08 2001 10:31AM P8                          FAX NO. :

Received DEC 03 2001 14:11 FR PA...&G   212 373 2384 TL J146580091407420 P.13/32

FROM: Robert W. Rasch, P.A.   PHONE NO.: 407-865-7473      Nov 08, 2001   11:24 AM  P 6/7

KNCA                                                                        Page 3 of 4

Received: 11/08/01   09:29:16   From:

> Domain Name has been registered to the New Registrant.

| Signature Block | Current Registrant must complete below: | New Registrant must complete below: |
|---|---|---|
| | The undersigned represent and warranty that they possess the authority to legally bind the current and new registrant, respectively, of the domain name being transferred as per the Registrant Name Change Agreement. | |
| | Organization: Delgado, Miguel | Organization: Tyco International (US) Inc. |
| | Signature: | Signature: |
| | Signatory's Name: Miguel B. Delgado | Signatory's Name: |
| | Title: Individual | Title: |
| | Active e-mail address: Miguel0288@myplace.com | Active e-mail address: |
| | Phone number: 407 3242632 | Phone number: |
| | Date: 11-8-2001 | Date: |

**Notarization**

A Notary Public or its foreign equivalent must certify the Current Registrant's signature.

County of: Seminole

State of: Florida  USA

The foregoing instrument was signed before me by Miguel B. Delgado on this date.

Notary's name (printed): Robert W. Rasch

Notary's signature: RW Rasch

Date of Notarization: 11/8/01

My commission expires: 2/11/04

If I selected the Priority Registrant Name Change Service Level, above, I agree to pay Network Solutions US$199.00 per transaction. Below is my credit card information for this transaction. I will fax this form to (703) 464-4861.

| Credit Card Type | |
|---|---|
| Expiration Date | |
| Cardholder Name (printed) | |
| Card Holder Street Address | |
| City, State, Zip Code | |
| Today's Date | |

Received: 12/03/01  15:26:20  From: 407 420 5909                    11/8/01

RNCA                                                        Page 4 of 4

Received: 11/08/01  09:29:16         From:

| Cardholder's Daytime Phone Number | |
|---|---|
| Cardholder Signature | |
| Credit Card Number | |

**Please check the following reminders before proceeding.**

* **Has your document been signed by someone with the ability to legally bind your organization?** For an organization, this includes people with titles such as CEO, Owner and President.

* **Did you confirm the domain name registration is in a 'paid' status?** If not, check the payment status now on our home page at www.netsol.com. From this page, click Registration Payment Options, then choose Secure Online Payment System. Enter your domain name and click OK.

* **Has the current registrant's signature been witnessed by a Notary Public?** The signature dates for the current registrant and the Notary Public must match.

* **Did you get a NIC tracking number for the new organization's registration?** If you haven't already done so, complete a new Service Agreement/Template for the new organization's registration at www.netsol.com/makechanges/rnca/service-agreement-5-1.txt.

* **Did you include the RACE-encoded version of your multilingual domain name?** We can process a registrant name change for any multilingual domain name you purchase from Network Solutions. In order to complete your request, we require the RACE-encoded version of your domain name on your RNCA. We cannot perform a registrant name change unless you provide us with the RACE-encoded version of your domain name.

**Print a copy of this form for your records.**

Click here to continue.

1              UNITED STATES DISTRICT COURT
                MIDDLE DISTRICT OF FLORIDA
2                    ORLANDO DIVISION

3    EARTH TECH, INC.,
     a California corporation,
4    TYCO INTERNATIONAL SERVICES, AG,
     a Swiss corporation, and
5    TYCO INTERNATIONAL (US), INC.,
     a Nevada corporation,

6
          Plaintiffs,                    CASE NO.:  6:00-CV-1536
7                                        ORL-31JGG
     v.
8
     MIGUEL DELGADO BELLO,
9
          Defendant.                     VOLUME I
10   _____/

11   MIGUEL DELGADO BELLO,

12        Counterplaintiff,

13   v.

14   EARTH TECH, INC.,
     a California corporation,
15
          Counterdefendant.
16   _____/

17
          Videotaped Deposition of:    Miguel Delgado Bello
18
          Taken by:                    The Plaintiffs
19
          Date:                        November 20, 2001
20
          Time:                        10:19 a.m.
21
          Location:                    Greenberg Traurig, P.A.
22                                      450 South Orange Avenue
                                        Suite 650
23                                      Orlando, Florida

24        Reported by:                 Lisa Berish, RPR

25

2

1    A P P E A R A N C E S :

2

     Mathew S. Rosengart, Esquire
3    Of:  Paul, Weiss, Rifkind, Wharton
                & Garrison
4          1285 Avenue of the Americas
           New York, New York 10019-6064
5
           Appearing on behalf of the Plaintiff(s)
6

7    Robert Wallace Rasch, Esquire
     Of:  The Law Office of Robert Wallace Rasch
8          201 Live Oak Lane
           Altamonte Springs, Florida 32714
9
           Appearing on behalf of the Defendant(s)
10

11   Jake Vigliotti
     Of:  Ron Fleming Video Productions
12         1512 East Concord Street
           Orlando, Florida 32803
13
           Videographer
14

15

     Also Present:  Miguel Delgado Bello
16

17
                    *  *  *  *  *
18

19

20

21

22

23

24

25

Received: 12/ 3/01 13:25:P   From 9CEENB57C IncR3132706/20

3

1                          I N D E X

2                                              Page

3    Volume I

4    Testimony of Miguel Delgado Bello:

5        Direct Examination by Mr. Rosengart            5

6    Volume II                                        126

7        Direct Examination by Mr. Rosengart (Cont'd)  130

8    Certificate of Reporter                          273

9

10                        E X H I B I T S

11   Plaintiffs'                                      Page
     For Identification
12
          1           Resident Alien Card               9
13        1A          August 28, 1998, Memorandum      39
          2           March 4, 1992, Letter            34
14        3           Resume for Miguel Delgado        40
          4           Education Certificate            22
15        5           Intergraph Certificate           23
          6           AutoCAD Certificate              23
16        7           APWA Certificate                 24
          8           Short Resume                     56
17        8A          September 28, 1992, Letter       43
          9           Personal Requisition             45
18        10          Employment Eligibility Verification 45
          11          RUST Employee Action Form        50
19        12          University of Texas Certificate  60
          19          October 13, 1997, Correspondence 101
20        20          Foreign Representation           105
          21          2/1/98 Message                   106
21        22          Foreign Representation Agreement 109
          23          Spanish Document                 114
22        24          Grupo Rust Agreement             120

23

24

25

1           I N D E X (Continued)

2

3    25      Foreign Consultant Agreement          136
     30      August 2, 1998, Letter                 202
4    31      Master Services Subconsulting          178
                 Agreement
5    33      June 2, 1999, Message                  182
     34      June 4, 1999, Message                  183
6    35      Notice of Immediate Reassigment        189
     37      June 30, 1999, Letter                  191
7    38      June 15, 1998, e-mail                  192
     39      May 29, 1999, e-mail                   195
8    40      July 1, 1999, Letter                   197
     40A     Inspection Report                      203
9    41      July 5, 1999, e-mail                   205
     42      July 7, 1999, meme                     209
10   43      September 18th, 2000, e-mail           216
     44      Job Summaries                          208
11   45      May 21, 1999, Memorandum               170
     46      May 24, 1999, Memorandum               172
12   47      Affidavit                              219
     48      Billing Information                    236
13   49      April 2, 2001, Memorandum              243
     50      April 3, 2001, Memorandum              248
14   52      KnowX.com Information                  229
     56      Counterclaim                           257
15   58      July 27, 2001, Letter                  243
     59      Verisign Information                   222
16   60      Courtyard Marriott Receipt             266

17

                      *   *   *   *   *

18

19

20

21

22

23

24

25

DEC 03 2001 14:12 FR P  J&G          212 373 2384 ,  8146580091407420 P.19/32

```
 1              P R O C E E D I N G S

 2         THE VIDEOGRAPHER:  The date is November 20th,

 3    2001.  This is the deposition of Miguel Delgado Bello

 4    being taken in the matter of Earth Tech, Inc., et

 5    al., vs. Delgado Bello, Delgado Bello vs. Earth Tech,

 6    Inc.  The time is 10:19 a.m.  Will counsel please

 7    introduce themselves for the record.

 8         MR. ROSENGART:  Yes.  My name is Mathew

 9    Rosengart.  I'm with the firm of Paul, Weiss,

10    Rifkind, Wharton & Garrison.  My law firm represents

11    the plaintiffs in this action, Earth Tech; Tyco

12    International Services, AG; and Tyco International

13    (US), Inc.

14         MR. RASCH:  And my name is Robert W. Rasch.  Law

15    firm of Robert W. Rasch, P.A., 201 Live Oak Lane,

16    Altamonte Springs, Florida 32714.  I represent

17    Mr. Miguel Delgado.

18         THE VIDEOGRAPHER:  Will the court reporter

19    please swear in the witness.

20    Whereupon,

21               MIGUEL DELGADO,

22    after having been first duly sworn, testified as follows:

23               DIRECT EXAMINATION

24    BY MR. ROSENGART:

25         Q.  Okay.  Mr. Delgado, as you know, my name is Mathew
```

6

1    Rosengart.  I'm going to be asking you questions this

2    morning and this afternoon in connection with this

3    lawsuit.  This deposition is being videotaped in accordance

4    with Federal Rule of Civil Procedure 30(b)4.  It is

5    10:20 p.m.  I'll note for the record that the deposition --

6            MR. RASCH:  a.m.

7            MR. ROSENGART:  Excuse me, a.m.

8    Q.   I'll note for the record that the deposition was

9    noticed for 9:30 this morning.

10           Would you please state your name.

11   A.   My name is Miguel Delgado.

12   Q.   You understand that you're here for a deposition

13   this morning?

14   A.   Yes.

15   Q.   Now, I'm sure that your counsel, Mr. Rasch, who is

16   experienced, has discussed some of the ground rules of the

17   deposition with you.  But let me go through a couple of

18   matters just so there are no misunderstandings.  Again, I

19   will be asking you questions this morning and throughout

20   the day.  If you don't understand a question, please let me

21   know and I will attempt to rephrase the question.

22   A.   Okay.

23   Q.   If you answer a question, I will assume that you

24   understood the question.  Do you understand that?

25   A.   Yes.

1      Q.   Let me also ask you to keep your voice up so the

2   court reporter can hear you and so the audiotape can pick

3   you up as well.

4      A.   Sure.

5      Q.   You understand that you're under oath?

6      A.   Yes, sir.

7      Q.   And do you understand that in the United States

8   making a false statement or lying under oath could subject

9   you to a federal penalty --

10     A.   Yes.

11     Q.   -- of crime?

12     A.   Yes.

13     Q.   And you agree to tell the truth here today?

14     A.   Yes.

15     Q.   You understand that you could potentially be

16   imprisoned if you fail to tell the truth?

17     A.   Yes.

18     Q.   You were born in Venezuela --

19     A.   Yes.

20     Q.   -- is that right?

21     A.   Yes.  That's correct.

22     Q.   Let me also ask you, Mr. Delgado, to allow me to

23   finish my questions before you answer.

24     A.   Uh-huh.

25     Q.   Just so the court reporter can pick up the

1    A.    Yes.

2    Q.    And do you recall my colleague, Mr. Atkins,

3    discussing this material, correct?

4    A.    Yes.

5    Q.    Now, directing your attention to the Tal Cual

6    article dated March 26, 2001, your name appears in that

7    document, correct?

8    A.    Yes.

9    Q.    And you were the source for this article, correct?

10   A.    No.

11   Q.    No?

12   A.    They called me.  They interview me.

13   Q.    They interviewed you?

14   A.    Yes.  They interview also Earth Tech and they

15   interview Pequiven.

16   Q.    The reference to Miguel Delgado is to you, Miguel

17   Delgado, correct?

18   A.    Yes.

19   Q.    Not another Miguel Delgado, correct?

20   A.    That must be me.

21   Q.    And you've provided them with information because

22   you felt some obligation, I assume, to provide them with

23   adverse information about Earth Tech?

24   A.    I don't have any obligations to anyone to provide

25   any information.

Received: Case 6:00-cv-01536-GAP Document 70 Filed 12/06/01 Page 27 of 45 PageID 503
DEC 03 2001 14:13 FR PL  IG                    212 373 2384 T   146580091407420 P.23/32

1    Q.    Why did you provide --

2    A.    I provide information.

3    Q.    -- the information that you -- I assume you allege

4  the information that's attributed to you in here to be

5  true, correct?

6    A.    Which information?

7    Q.    In connection with this article, you spoke with

8  the reporter who wrote the article, correct?

9    A.    The reporter interview me, yes.

10    Q.    And you maintain that the information reported in

11  the article that is attributed to you is accurate?

12    A.    Well, some of the things are accurate.   Some are

13  not.

14    Q.    What's not accurate?

15    A.    I have to read it now and analyze this.

16    Q.    Tell me what information that's attributed to you

17  in the article is not accurate.

18    A.    Most of the article is very close to the truth.

19    Q.    Tell me what information that is attributed to

20  you, if any, is not accurate.

21        MR. RASCH:   Take your time and read it,

22  Mr. Delgado.

23    A.    You see on this article, just in the beginning, it

24  say that their association with PDVSA and Pequiven Rust

25  with the transnational Tyco International LTD-Earth Tech,

DEC 03 2001 14:13 FR F    J&G         212 373 2384    8146560091407420 P.24/32

1   Inc.  And that's not quite exactly what happened.

2        Q.    Let me direct your attention to the 8th page of

3   the document.

4        A.    Okay.

5        Q.    Do you have that page in front of you?

6        A.    Yes.

7        Q.    Now, you recall Mr. Atkins' demonstration in the

8   courtroom with the computer, correct?

9        A.    Yes.

10       Q.    And you saw that the name that appeared as

11  reflected on this document is Miguel?

12       A.    Yes.

13       Q.    And one line below that it says Miguel & Co.,

14  correct?

15       A.    Uh-huh.

16       Q.    Now, is it your testimony that this is a different

17  Miguel than you, Miguel Delgado?

18       A.    That's correct.  We tried this several times in

19  our computer and we changed the name all the time.  It's

20  possible to change all those names.

21       Q.    You changed the name in your computer?

22       A.    No.  We try this after we talk in the Courts, and

23  you can change the names.

24       Q.    Did you change the name?

25       A.    I did not change the name.  We play with names in

1   the computer after the Court hearing two weeks ago.  And

2   all these names can be changed to anything.  I can put your

3   name there if I wanted to.

4       Q.   Did you do that on your computer?

5       A.   No.  My computer that was stolen, it was raised on

6   the Crismar.

7       Q.   Excuse me?

8       A.   Crismar is my company.

9       Q.   Crismar is your company?

10      A.   No Miguel & Company.

11      Q.   How do you spell Crismar?

12      A.   C-R-I-S-M-A-R.

13      Q.   And --

14      A.   Crismarvel is the real -- my name.  Crismarvel is

15  my three daughters.  That's the name of my company.

16      Q.   I didn't understand the last part of your answer.

17      A.   Crismar is C-R-I-S-M-A-R-V-E-L.   It's Christina,

18  Mario, and Valentino.

19      Q.   What is the significance of Crismar?

20      A.   On my computer when I register on my hard drive,

21  that was the name I was registering to.

22      Q.   Now, you testified that during the hearing that

23  there are many Miguel Delgados in Venezuela, that it's a

24  common name?

25      A.   Venezuela and in the U.S.  Even Orlando.  I just

Case 6:00-cv-01536-GAP   Document 70   Filed 12/06/01   Page 30 of 45 PageID 506
DEC 03 2001 14:13 FR F.    &G          212 373 2384 T. 3146580091407420 P.26/32

1    checked the phone book yesterday and it had some

2    Miguel Delgados.

3        Q.    There were not any other Miguel Delgados who

4    worked for Earth Tech, correct?

5        A.    Not that I'm aware of.

6        Q.    Are there any other Miguel Delgados, to the best

7    of your knowledge, who are involved in litigation in

8    Venezuela with Earth Tech?

9        A.    No.

10       Q.    Or Tyco?

11       A.    Not that I'm aware of.

12       Q.    Are you aware of any Miguel Delgados who are

13   involved in litigation in the United States with Earth Tech

14   or Tyco?

15       A.    Not that I'm aware of.

16       Q.    Let me show you what I'm going to mark as

17   Plaintiffs' Exhibit 50.

18           (Plaintiffs' Exhibit No. 50 was marked for

19           identification.)

20       Q.    Directing your attention to the fourth page of

21   this document, which for the record is an English

22   translation of the second Tal Cual article that appeared on

23   April 2nd, 2001.

24       A.    Who did that translation?

25           MR. RASCH:  Let me see it, please.

1   employed by RUST and Earth Tech?

2       A.    No.

3       Q.    No?

4       A.    No.

5       Q.    What did you use that computer for?

6       A.    That's my personal computer for my business.

7       Q.    But you used it during the tenure that you were

8   employed by RUST and Earth Tech?

9       A.    No.  It was on my -- it was my personal computer.

10  I didn't use it for RUST.

11      Q.    I understand.  But you've had that computer since

12  1996?

13      A.    Yes.

14      Q.    So you were employed by Earth Tech and RUST during

15  that time frame, correct?

16      A.    Yes.

17      Q.    So you possessed that computer and used that

18  computer while you were employed by RUST and Earth Tech,

19  correct?

20      A.    Yes, yes.

21      Q.    I'm showing you once again the affidavit that you

22  submitted on November 14, 2001, in connection with the

23  present case.  In Paragraph 5 of that document, you state

24  that Luis has your e-mail pass code and could have easily

25  taken a bribe allegedly offered to Jesus or given the pass

1    code to anyone else to create the e-mails.

2.           When did you provide a pass code to Luis?

3    A.    When work at his office and he didn't have a

4    computer.

5    Q.    Which office?

6    A.    His office, Earth Tech office.

7    Q.    What do you mean by providing him with your pass

8    code?

9    A.    I told him, "This is my password."

10   Q.    Password for what?

11   A.    To get in onto e-mail so he can log in.

12   Q.    And this was a computer that you used while you

13   were employed with Earth Tech?

14   A.    Yes.

15   Q.    So he had access, in your view, according to your

16   testimony, to your e-mail; is that right?

17   A.    Yes.   The password.

18   Q.    Is it your position that he sent the e-mails that

19   are at issue in this case?

20   A.    I don't know if he sent it or no.   He just is

21   another person that has my e-mails.

22   Q.    Now, you submitted an affidavit in this case prior

23   to the November 14th affidavit, correct?

24   A.    Uh-huh.

25   Q.    When did Luis -- strike that.

1          You didn't mention anything about Luis having

2     access to your e-mail pass code in that affidavit, did you?

3          A.    I don't believe so.

4          Q.    Why not?

5          A.    I thought it wasn't important then.

6          Q.    You didn't think it was important to mention it in

7     your first affidavit?

8          A.    No.  He came to me.

9          Q.    He came to you?

10         A.    He didn't -- this thought about him didn't come to

11    me.  Luis, I never thought about Luis.  Then I started

12    doing a little more thinking who has been using my computer

13    and who could be doing this kind of stuff.

14         Q.    Now, you also state that you lost a computer?

15         A.    Yeah.  That's what I understand.  They stole my

16    computer.

17         Q.    Who stole your computer?

18         A.    I don't know.  I was on the subway with it, and

19    when I looked back, it was gone.

20         Q.    When was that?

21         A.    In April this year.

22         Q.    And what was your screen name on that computer?

23         A.    What do you mean "screen name"?

24         Q.    Your e-mail screen name.

25         A.    Migueld285@aol.

DEC 03 2001 14:14 FR J&G     212 373 2384     8146580091407420 P.30/32

1    Q.   And what was your password?

2    A.   I don't recall my password.  I canceled that

3    MiguelDelgado285.

4    Q.   You don't recall what your password was?

5    A.   No.

6    Q.   Now, in connection with this lawsuit, you're aware

7    that the Court ruled that you had improperly used the -- or

8    registered the TycoVenezuela.com domain name, correct?

9    A.   Yes.

10   Q.   And you submitted papers to your attorney pursuant

11   to that order, transferring --

12   A.   Yes.

13   Q.   -- that domain name to --

14   A.   Tyco.

15   Q.   -- Tyco, correct?

16   A.   That's correct.

17   Q.   Now, the password that you -- excuse me, the

18   screen name that you listed on those transfer documents was

19   Migueld285@aol.com, correct?

20   A.   The password?  No.

21   Q.   The screen name.

22   A.   My e-mail.

23   Q.   Your e-mail screen name?

24   A.   Yes.

25   Q.   Wasn't your testimony that you canceled that,

1   however?

2   A.   Yes, I did cancel it.

3   Q.   What did you cancel?

4   A.   Why?

5   Q.   What are you testifying that you canceled?

6   A.   I canceled my e-mail.

7   Q.   So you currently do not use e-mail?

8   A.   Yes, I do.  But I don't use AOL.

9   Q.   What do you use?

10  A.   I use MiguelDelgadod285@myplace.com.

11  Q.   @myplace.com?

12  A.   Uh-huh.

13  Q.   When did you begin using e-mail through

14  myplace.com?

15  A.   Like a month ago.  Something like that.

16  Q.   Approximately a month ago?

17  A.   Yeah.

18  Q.   And what is myplace.com?

19  A.   It's just a site, a free internet site.

20  Q.   And you can send e-mails for free?

21  A.   Yes.

22  Q.   You just log on to that web site?

23  A.   Yes.

24  Q.   Do you need a password to log on to that web site?

25  A.   No.

1      Q.   Do you need a password to send an e-mail from

2   myplace.com?

3      A.   No.

4      Q.   You don't?

5      A.   (Shakes head.)

6      Q.   How do you send an e-mail then?  Talk me through

7   that process, how you send an e-mail from myplace.com.

8      A.   In Venezuela, they have what they call internet

9   cafes.  On every corner in Venezuela, they have place where

10   you come in and pay a dollar an hour to go in.  You call

11   the web site myplace.  You come in and you type your e-mail

12   address and your e-mails come up.  They ask you for the

13   password to a specific e-mail, and it will -- then your

14   e-mails come up.

15      Q.   So you do need a password?

16      A.   To come to my e-mail, yes.  To a specific e-mail,

17   yes.

18      Q.   Now, what is the password that you use with the

19   myplace.com account?

20      A.   Should I give you my password?

21         MR. RASCH:  I object.  That's totally

22   irrelevant.  That's inappropriate.  And I'm directing

23   the witness not to answer.

24         (Plaintiffs' Exhibit No. 56 was marked for

25   identification.)



GREENBERG
ATTORNEYS AT LAW
TRAURIG

### Transmittal Cover Sheet

| | |
|---|---|
| **TO** | Robert Wallace Rasch, Esq. |
| **Company** | |
| **Fax Number** | (407) 865-5979 |
| **Phone Number** | (407) 865-7473 |
| **FROM** | Tucker H. Byrd, Esq. |
| **File Number** | *52165.010100* |
| **Comments** | |


| | |
|---|---|
| **Date** | December 3, 2001 |
| **Time** | |
| **No. Pages** | Including this cover sheet ⟨2⟩ |

**EXHIBIT B**

Please notify us immediately if not received properly at 407-420-1000.

The information contained in this transmission is attorney privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone collect and return the original message to us at the address below via the U.S. Postal Service. We will reimburse you for your postage. Thank you.

111 North Orange Avenue, Suite 2050, Orlando, Florida 32801 407-420-1000 Fax 407-420-5909

Received: 12/03/01  16:52:18  From: 407 420 5909



**GREENBERG**

ATTORNEYS AT LAW

**TRAURIG**

Tucker H. Byrd
Direct Line: (407) 418-2360

December 3, 2001

***Via Hand Delivery***

The Honorable Gregory A. Presnell
United States District Court
Middle District of Florida
U. S. Courthouse
80 North Hughey Avenue
Orlando, Florida 32801

> ***Re:   Earth Tech, Inc. v. Miguel Delgado Bello***

Dear Judge Presnell:

Enclosed please find a courtesy copy of PLAINTIFFS' EMERGENCY MOTION AND MEMORANDUM IN SUPPORT OF A PROTECTIVE AND RESTRAINING ORDER TO PRESERVE EVIDENCE which we have filed with the Court today.

Very truly yours,

Tucker H. Byrd

THB/jtf
Enclosure
cc:   Robert Wallace Rasch, Esq. (*via Fax*)
      Robert A. Atkins, Esq. (*via Fax*)
      Matthew S. Rosengart, Esq. (*via Fax*)

\\ori-srv01\BYRDT\175750v01\3RLY01!.DOC\10/29/01\52165.010100

GREENBERG TRAURIG, P.A.
P.O. BOX 4923 ORLANDO, FLORIDA 32802-4923
450 SOUTH ORANGE AVENUE, SUITE 650 ORLANDO, FLORIDA 32801

Received: 12/03/01   16:52:18   From: 407 420 5909

MIAMI  NEW YORK  WASHINGTON, D.C.  ATLANTA  PHILADELPHIA  TYSONS CORNER  CHICAGO  BOSTON  PHOENIX  WILMINGTON  LOS ANGELES  DENVER



ATTORNEYS AT LAW

## Transmittal Cover Sheet

| | |
|---|---|
| **TO** | Robert Wallace Rasch, Esq. |
| **Company** | |
| **Fax Number** | (407) 865-5979 |
| **Phone Number** | (407) 865-7473 |
| **FROM** | Tucker H. Byrd, Esq. |
| **File Number** | *52165.010100* |
| **Comments** | |

| | |
|---|---|
| **Date** | December 3, 2001 |
| **Time** | |
| **No. Pages** | Including this cover sheet 7 |

Please notify us immediately if not received properly at 407-420-1000.

The information contained in this transmission is attorney privileged and confidential. It is intended only for the use of the individual or entity named above. If the reader of this message is not the intended recipient, you are hereby notified that any dissemination, distribution or copy of this communication is strictly prohibited. If you have received this communication in error, please notify us immediately by telephone collect and return the original message to us at the address below via the U.S. Postal Service. We will reimburse you for your postage. Thank you.

111 North Orange Avenue, Suite 2050, Orlando, Florida 32801 407-420-1000 Fax 407-420-5909

Received: 12/03/01  16:58:20  From:

**EXHIBIT C**

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EARTH TECH, INC.,
a California Corporation,
TYCO INTERNATIONAL SERVICES,
AG, a Swiss Corporation, and
TYCO INTERNATIONAL (US) INC.,
a Nevada Corporation,

                 Plaintiffs,

v.

MIGUEL DELGADO BELLO,            Case No.: 6:00-CV-1536-ORL-31B

                 Defendant.

_____

MIGUEL DELGADO BELLO,

                 Counterplaintiff,

v.

EARTH TECH, INC.,
a California Corporation,

                 Counterdefendant.

_____

## NOTICE OF SERVICE OF SUBPOENA

Plaintiff, EARTH TECH, INC., hereby gives notice of serving the attached subpoena

upon United States.com on November 29, 2001.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished

via Fax and U.S. Mail this 3 day of December, 2001 to Robert Wallace Rasch, Esq., 201 Live

Oak Lane, Altamonte Springs, Florida 32714.

GREENBERG TRAURIG, P.A.
Attorneys for Plaintiff
450 S. Orange Avenue, Suite 650
Orlando, Florida 32801
Telephone:      (407) 420-1000
Facsimile:      (407) 841-1295

By: _____
    Tucker H. Byrd, Esq.
    Florida Bar No. 381632

Of Counsel:
Robert A. Atkins
Mathew S. Rosengart
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: 212-373-3000
Facsimile: 212-373-2225

JACKSON, LEWIS, SCHNITZLER & KRUPMAN
390 North Orange Avenue
Orlando, Florida 32802
Telephone:      407-246-8440
Facsimile:      407-246-8441
Attorneys and Trial Counsel for Plaintiffs Earth Tech, Inc.,
Tyco International Services, AG, and Tyco International (US) Inc.

\\orl-srv01\BYRDT\176076v01\3RV0011.DOC\10/31/01\52165.010100

2

AO 88 (Rev. 1/94) Subpoena in a Civil Case – SDNY WEB 4/99

Issued by the
## UNITED STATES DISTRICT COURT

MIDDLE    DISTRICT OF    FLORIDA
ORLANDO DIVISION

EARTH TECH, INC.,
a California Corporation,

                Plaintiff,

**SUBPOENA IN A CIVIL CASE**

v.

CASE NUMBER: 6:00-CV-1536-ORL-31B

MIGUEL DELGADO BELLO

               Defendant.

TO: Philip C. Gordon
    Records Custodian
    United States.com
    333 Washington Blvd., #355
    Marina del Rey, CA 90292

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  |  |
|  | DATE AND TIME |
|  |  |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit "A" attached.

| PLACE Greenberg Traurig, P.A.,<br>2450 Colorado Avenue, Suite 400E<br>Santa Monica, California 90404 | DATE AND TIME<br>December 10, 2001<br>at 9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Robert A. Atkins, Esq., ATTORNEY FOR PLAINTIFF | November 29, 2001 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert A. Atkins, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison, 1285 Ave. of the Americas, New York, NY 10019-6064

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

1 If action is pending in district other than district of issuance, state district under case number.

Received: 12/03/01 16:58:20 From:

AO 88 (Rev. 1/94) Subpoena in a Civil Case – SDNY WEB 4/99

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c)  PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1)  A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2)  (A)  A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B)  Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)  (A)  On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i)  fails to allow reasonable time for compliance,

(ii)  requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii)  requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv)  subjects a person to undue burden.

(B)  If a subpoena

(i)  requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii)  requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii)  requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d)  DUTIES IN RESPONDING TO SUBPOENA.

(1)  A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2)  When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT "A"

You are hereby subpoenaed to provide the following:

1.    The identity, including name, address, and any other identifying information, of the authorized or registered user for the following electronic mail, or e-mails, accounts, domains, irrespective of capitalization style:

      A.  "pdvsacitgo@venezuela.com"

      B.  "citgopdvsa@venezuela.com"

      C.  "pdvsa@unitedstates.com"

      D.  "tycovenezuela@venezuela.com"

2.    The identity, including name, address, and any other identifying information, or the authorized user or registered use for the following screen names, irrespective of capitalization style:

      A.  "tycoven";

      B.  "mgldel";

      C.  "migueld285";

      D.  "pdvsacitgo"; and

      E.  "venezuela.com."

3.    The identity of any screen names registered or authorized for use by Miguel Delgado or Miguel Delgado Bello.  The address of Miguel Delgado Bello is believed to be 405 Conservatory Cv., Lake Mary, Florida, 32746.  His telephone number is believed to be 407-246-8455.

4.    The identity of any screen names registered or authorized for use by Luis Delgado Contreras.  The address of Luis Delgado Contreras is believed to be Escritorio Delgado Chapellin (Attorneys at Law), Centro Seguros Sud America, Piso 10, Oficina 10-G, Francisco de Miranda, El; Rosal, Caracas 1060 - Venezuela.  His telephone number is believed to be 582-954-04-67 and/or 582-954-12-49.

5.    The identity of any screen names registered or authorized for use by Jesus Aristimuno.  The address of Jesus Aristimuno is believed to be Canjunto Villa Karintia Casa B-15, Urb. Las Marias - El Hatillo, Caracas, Venezuela.  His telephone number is believed to be 582-963-4585.

6.    The identity of any electronic mail, or e-mail, accounts or domains registered or authorized for use by Miguel Delgado or Miguel Delgado Bello.  The

address of Miguel Delgado or Miguel Delgado Bello is believed to be 405 Conservatory Cv., Lake Mary, Florida 32746. His telephone number is believed to be 407-246-8455.

7.    The identity of any electronic mail, or e-mail, accounts or domains registered or authorized for use by Luis Delgado Contreras. The address of Luis Delgado Contreras is believed to be Escritorio Delgado Chapellin (Attorneys at Law), Centro Seguros Sud America, Piso 10, Oficina 10-G, Francisco de Miranda, El Rosal, Caracas 1060 - Venezuela. His telephone number is believed to be 582-954-04-67 and/or 582-954-12-49.

8.    The identity of any electronic mail, or e-mail, accounts or domains registered or authorized for use by Jesus Aristimuno. The address of Jesus Aristimuno is believed to be Conjunto Villa Karintia Casa B-15, Urb. Las Marias - El Hatillo, Caracas, Venezuela. His telephone number is believed to be 582-963-4585.

9.    Any documents which evidence the identity of any accounts, domains, screen names or e-mail addresses used, held, registered or authorized by Petroleos de Venezuela, S.A. (PDVSA) or any of its various related entities.

10.    Any billing, invoicing, credit card information related to the information requested in requests 1 through 9, above.

11.    Any documents which support or evidence the information requested in requests numbered 1 through 10, above.

12.    The identity of the passwords for e-mail accounts with the screen names listed in requests numbered 1 and 2 above.

Received: 12/03/01  16:58:20  From: