

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

EARTH TECH, INC.,
a California Corporation, and
TYCO INTERNATIONAL SERVICES, AG,
a Swiss Corporation, and
TYCO INTERNATIONAL (US) INC.,
a Nevada Corporation,

        Plaintiffs,

        v.

MIGUEL DELGADO BELLO,

        Defendant.

**Case No.:  6:00-CV-1536-ORL-31JGG**

MIGUEL DELGADO BELLO,

        Counterplaintiff,

        v.

EARTH TECH, INC.
a California Corporation,

        Counterdefendant.

## PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S MOTION TO SUPPRESS AND FOR SANCTIONS

13

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EARTH TECH, INC.,
a California Corporation, and
TYCO INTERNATIONAL SERVICES, AG,
a Swiss Corporation, and
TYCO INTERNATIONAL (US) INC.,
a Nevada Corporation,

    Plaintiffs,

    v.

MIGUEL DELGADO BELLO,

    Defendant.

Case No.:  6:00-CV-1536-ORL-31JGG

MIGUEL DELGADO BELLO,

    Counterplaintiff,

    v.

EARTH TECH, INC.
a California Corporation,

    Counterdefendant.

PLAINTIFFS' MEMORANDUM OF LAW
IN OPPOSITION TO DEFENDANT'S MOTION
TO SUPPRESS AND FOR SANCTIONS

   Plaintiffs Earth Tech, Inc. ("Earth Tech"), Tyco International (US), Inc.

("Tyco"), and Tyco International Services, AG ("Tyco AG") respectfully submit this

memorandum of law in opposition to defendant Miguel Delgado's motions to suppress

evidence and for sanctions.

## Preliminary Statement

This is a motion to cover up a crime – and to suppress evidence that this Court has already directed defendant not to spoliate.

Plaintiffs have alleged that defendant Miguel Delgado is the source of fraudulent and extortionate e-mails to Earth Tech and Tyco. Under oath before this Court, defendant denied sending them. The record before this Court today establishes beyond doubt that defendant's sworn testimony in this Court is false, and that he is indeed the source of the e-mails and the illegal threats directed at plaintiffs.

Such is apparent from the very evidence that defendant's motion seeks to suppress – an affidavit from the chief executive officer of UnitedStates.com, the e-mail service provider from which many of the phony "PDVSA" e-mails were sent. That affidavit demonstrates that the extortionate e-mail accounts have the exact same password as Delgado's own e-mail account maintained at UnitedStates.com. That password is the name of Delgado's consulting company and an amalgam of his children's names. No more is needed to confirm that Delgado is the source of the extortionate e-mails, and that Delgado committed perjury in denying as much.

It speaks volumes that, in moving to suppress this evidence (and, even more untenably, for sanctions), Delgado does not deny any of these facts. Nowhere does he contest that the password for the extortionate e-mail accounts is the very same password as that on his own personal accounts. Not once does he dispute that this very same password is uniquely named with a prefix personally tailored by him. His failure to challenge these facts is a concession that the facts have now cornered Delgado, prove his testimony false, and expose him as the source of e-mails seeking to extort plaintiffs.

No amount of over-heated rhetoric can mask this concession nor limit its consequences for Delgado. The charges he makes in moving to suppress and to impose sanctions – that plaintiffs intercepted privileged e-mail transmissions on his UnitedStates.com account and deleted e-mails from this account – are made without a semblance of evidence to support them and are demonstrably untrue. With all respect, the sanctionable conduct here is the making of these allegations in a signed submission to this Court without any basis for their assertion.

Certain other relief that defendant's motion seeks is either unobjectionable or unwarranted. Had defendant complied with Local Rules concerning consultation in advance of making the motion, we would have advised him that we do not object to placing his password under seal. Strangely, defendant could have sought such relief on an expedited basis, and his failure to do so suggests that his claims of privacy violations are for color not substance.

We do acknowledge error in not providing advance notice to Delgado of process served on UnitedStates.com. But that oversight did not prejudice Delgado. No documents were produced by UnitedStates.com and only a single fact was provided by UnitedStates.com: the identity of the password. That is a fact long known to Delgado, a fact that no statute shields from disclosure, and a fact discoverable with or without process. The affidavit from UnitedStates.com containing that fact was served on Delgado and submitted to the Court four days (two business days) after it was executed. Delgado does not now contend that anything in the affidavit is false. Delgado has now noticed and is in the process of scheduling the deposition of that UnitedStates.com's chief executive, and has served his own subpoena seeking documents from UnitedStates.com.

3

Hence, as a matter of fact and law, the handling of our subpoena to UnitedStates.com caused no harm or disadvantage to Delgado.

This Court should recognize defendant's motion for what it is: an effort to distract this Court from defendant's own wrongdoing. The motion should be denied.

### Statement of the Case

This Court is familiar with the record on plaintiffs' motion for sanctions and the hearing on October 30, 2001 concerning the extortionate e-mails purportedly from PDVSA. Here we briefly summarize those facts to place in context the evidence that Delgado now seeks to suppress. Specifically, the disclosure of the password inextricably ties Delgado to the e-mails at issue in this case.

**A.    The Record Evidence of Delgado's Extortion and Perjury**

As the Court may recall, the record shows that, between April and June of 2001, Earth Tech and Tyco received numerous e-mails attempting to coerce them into settling this and related litigation with Delgado in Venezuela. Many of those e-mails came from accounts created on the free e-mail service provided by UnitedStates.com, including "pdvsacitgo@venezuela.com," "citgopdvsa@venezuela.com," and "pdvsa@unitedstates.com." (See Affidavit of Charles Alpert, sworn to on October 2, 2001 ("Alpert Aff.") at Exs. B & E.) Delgado testified by affidavit and in Court that he did not send these e-mails. (See Oct. 30, 2001 Hearing Tr. at 81:23 - 82:9.)

The Court may also recall that Delgado stole Tyco's trademark and unlawfully registered the domain name "tycovenezuela.com." Tyco learned of the existence of the tycovenezuela.com domain name on August 28, 2001, when it received an e-mail from the account "tycovenezuela@venezuela.com." (See Alpert Aff. Ex. E.)

Delgado submitted an affidavit denying that he wrote that e-mail.  (See Affidavit of

Miguel Delgado Bello, sworn to on November 14, 2001 at ¶ 3.)

The record proves that Delgado was the source of all of these e-mails,

including those from the accounts maintained at UnitedStates.com.  As demonstrated in

our emergency motion to preserve evidence, filed on December 4, 2001, Delgado

recently disclosed that he has his own personal e-mail address at UnitedStates.com called

"migueld285@myplace.com." (Nov. 8, 2001 Domain Name Register Transfer ("Transfer

Form") at 3; Affidavit of Philip Gordon, sworn to on Nov. 29, 2001 ("Gordon Aff.") at ¶

2.)  The password for that e-mail account is also the password for each of the four suspect

e-mail accounts at issue:  "pdvsacitgo@venezuela.com," "citgopdvsa@venezuela.com,"

"pdvsa@unitedstates.com," and "tycovenezuela@venezuela.com."  (Gordon Aff. at ¶ 3.)

That password also happens to be a combination of the names of Delgado's daughters,

which Delgado uses as the name of his consulting business.  In other words, the

extortionate e-mails that Delgado swears he knows nothing about were sent from

accounts whose password is the name of Delgado's daughters.

**B.      Defendant's Frivolous Motion**

Because many of the extortionate e-mails came from domain names

operated by UnitedStates.com, plaintiff sought information from UnitedStates.com prior

to the October 30, 2001 hearing.  On October 23, 2001 plaintiffs served a subpoena on

that company requesting documents concerning the suspect accounts:

"pdvsacitgo@venezuela.com," "citgopdvsa@venezuela.com," and

"pdvsa@unitedstates.com."  (See Oct. 23, 2001 subpoena, attached as Ex. A.)  At that

time, plaintiffs had no idea that Delgado had a personal e-mail account at

UnitedStates.com. Owing to a miscommunication, notice of this subpoena was not served on defendant.

Although the subpoena sought the production of documents, UnitedStates.com did not produce any documents in response to the subpoena. On the day that the subpoena was served, the chief executive officer of UnitedStates.com, Philip Gordon, provided plaintiffs with the password for these accounts. At the time, the password meant nothing to plaintiffs.

A week later, on October 30, 2001, this Court held a hearing on plaintiffs' emergency motion for sanctions. Because the significance of the password was then unknown to plaintiffs, it was not part of the presentation during that hearing. On November 4, 2001, the Court found that Delgado had improperly registered the domain name "tycovenezuela.com," and ordered him to transfer the domain name to Tyco. (Nov. 4, 2001 Order at 9.)

Only thereafter did the significance of the password emerge. When Delgado filled out the transfer papers to effect this Court's November 4 Order, he identified his personal e-mail address as "migueld285@myplace.com." (Transfer Form at 3.) This was the first time that plaintiffs learned of the existence of this address. Because "myplace.com" is one of UnitedStates.com's domain names, plaintiffs then learned from UnitedStates.com that the password to Delgado's account was the same as the password to the accounts that were the source of the fraudulent and extortionate e-mails. (Gordon Aff. at ¶ 3.)   Plaintiffs asked Gordon to sign an affidavit stating as much.

Gordon agreed to do so.  He asked, however, that plaintiffs fax him a new subpoena.  On November 29, 2001, plaintiffs complied with this request and faxed a subpoena to UnitedStates.com.  Notice of the subpoena was served on Delgado's counsel on December 3, two business days later.  (Def. Motion, Ex. C.)

On December 3, 2001, in order to preserve the evidence of the password, plaintiffs moved the Court to direct Delgado not to alter or tamper with the password for any of the e-mail accounts at UnitedStates.com.  On December 4, 2001, the Court granted the motion.  Defendant's motion now seeks to suppress the evidence of the password.

<u>**Argument**</u>

**I.**

## DELGADO HAS COMMITTED EXTORTION AND HAS PERJURED HIMSELF BEFORE THIS COURT

Delgado's brief and affidavit confirm his extortion and perjury.  Amid all of the bluster and accusation in his submissions to this Court, one thing is conspicuously absent:  Delgado does not deny anything in Philip Gordon's affidavit.  He does not deny that his personalized e-mail password is the password to the extortionate e-mail accounts.  Delgado's silence only confirms his misconduct:

- Delgado testified that he did not send the extortionate e-mails from citgopdvsa@venezuela.com.  But he did send them.

- Delgado testified that he did not send the extortionate e-mails from pdvsacitgo@venezuela.com.  But he did send them.

- Delgado testified that he did not send the e-mail from tycovenezuela@venezuela.com announcing the "tycovenezuela.com" website.  But he did send it.

7

Delgado has aggravated his misbehavior by being dishonest with the Court. He not only denied his role in the e-mails, but he accused plaintiffs of sending the e-mails to themselves. Delgado continues to make frivolous and sanctionable accusations. In the present motion, Delgado claims that plaintiffs "intercepted" his personal e-mails at "migueld285@myplace.com," thereby purloining his proposed deposition questions for Earth Tech's General Counsel (Charles Alpert), and then supposedly "deleted" his entire e-mail account. (Affidavit of Miguel Delgado Bello, sworn to December 5, 2001 ("Delgado Aff.") at ¶¶ 5-6.) The "evidence" for this charge is Delgado's testimony that he observed plaintiffs' counsel "snickering" during Mr. Alpert's deposition. That is no evidence at all. As discussed below, Delgado's latest counterattack against plaintiffs is as baseless as his others.

## II.

### DELGADO'S MOTION FOR SANCTIONS SHOULD BE DENIED BECAUSE PLAINTIFFS DID NOT STEAL OR DELETE DELGADO'S E-MAILS

On December 4, 2001, this Court expressed apprehension that Delgado "may take steps to spoliate evidence concerning e-mail communications at issue in this case." (Dec. 4 Order at 1.) Delgado has since validated that fear. He claims that all of the e-mails from his own account at UnitedStates.com were deleted. Even though this supposedly happened on December 4, the day after plaintiffs asked the Court to preserve the evidence, Delgado accuses plaintiffs of destroying the evidence. Specifically, Delgado claims that Tyco employee Douglas Haven intercepted e-mails from Delgado's "migueld285@myplace.com" account, forwarded Delgado's e-mail outline of deposition

question for Mr. Alpert to plaintiffs' counsel, and then erased all of Delgado's e-mails. (Delgado Aff. at ¶ 5; Def. Br. at 6-7.)

Those charges have no basis in fact and are false. As Mr. Haven states in his affidavit, he never accessed, read, forwarded or "intercepted" any e-mails from Delgado's "migueld285@myplace.com" account. (Affidavit of Douglas Haven, sworn to December 13, 2001 ("Haven Aff.") at ¶ 4 (Exhibit B.) He did not destroy Delgado's e-mails. He did not intercept Delgado's proposed questions for the deposition of Earth Tech attorney Charles Alpert.

Delgado apparently decided to accuse Mr. Haven because Mr. Haven is responsible for Tyco's computer security. At his deposition, Mr. Haven explained that in order to protect Tyco and Earth Tech from the disruptions caused by the extortionate e-mails, he created a security "filter" on Tyco's and Earth Tech's computers. (Nov. 21, 2001 Deposition of Douglas Haven ("Haven Dep.") at 21:13 - 22:24 (Exhibit C.) This filter searched the incoming e-mail on Tyco's e-mail servers for e-mails from "pdvsacitgo@venezuela.com" and the other phony "PDVSA" e-mail accounts. (Haven Dep. at 23:22 - 24:22.) When such e-mails arrived on Tyco's e-mail server, they were re-routed to Haven's e-mail in-box, rather than being delivered to the senior executives at Tyco and Earth Tech whom they were intended to harass. (See id.; Haven Aff. at ¶ 5.)

The security system put in place by Mr. Haven was limited to re-directing within Tyco certain e-mails already received by Tyco. It had nothing to do with capturing e-mails that were never sent to Tyco, such as Delgado's e-mails to his lawyer. As even Delgado acknowledges, the way in which Tyco internally manages the e-mails received by Tyco does not violate the Electronic Communications Privacy Act, which

applies only to e-mail "intercepted" while in transit before arrival on the recipient's

server.[1] (Def. Br. at 6.)  Likewise, the internal security system Mr. Haven created on

Tyco's computer system to mitigate Delgado's harassment of the company's officers and

preserve the extortionate e-mails is not a basis to accuse Mr. Haven of "intercepting"

personal e-mails Delgado never sent to Tyco.

      Delgado's sanctions motion is baseless and should be denied.

## III.

## DELGADO'S MOTION TO SUPPRESS THE GORDON AFFIDAVIT SHOULD BE DENIED

      Much of the relief requested in defendant's motion to suppress is

unobjectionable. Specifically, we do not oppose placing the Gordon Affidavit in a sealed

file.  (Def. Br. at 8 ¶ 1.)  We have not disclosed "Delgado's confidential e-mail

information to any third party" and do not oppose a protective order providing for the

confidentiality of the password. (Def. Br. at 8 ¶ 3.)  Finally, we cannot return documents

received from UnitedStates.com, because we have not received "documentation of any

kind" other than Philip Gordon's affidavit. (Def. Br. at 8 ¶ 2.)

      We do oppose Delgado's only other request – that the Court "suppress"

the Gordon affidavit and prohibit its use.  That is not an appropriate sanction for an

inadvertent failure to timely serve a notice of subpoena.

---

[1]   See, e.g., Steve Jackson Games, Inc. v. United States Secret Service, 36 F.3d 457, 458, 461-62 (5th Cir. 1994); Fraser v. Nationwide Mut. Ins. Co., 135 F. Supp. 2d 623, 634-35 (E.D. Pa. 2001); Bohach v. City of Reno, 932 F. Supp. 1232, 1236-37 (D. Nev. 1996).

Here are the facts: Plaintiffs did not know the address of UnitedStates.com and retained an investigator to seek it out.  That investigator served a subpoena on UnitedStates.com on October 23, 2001.  At the time, New York counsel believed that a notice of deposition had been served and, as a result of a miscommunication, Florida counsel inadvertently did not serve one.

On the day this initial service was made, Gordon contacted plaintiffs' counsel and provided the password to the accounts identified in the subpoena.  At the time, neither plaintiffs nor their counsel were aware of the significance of the password or its tie to defendant.

After the hearing, when Delgado disclosed that he had his own personal e-mail account at UnitedStates.com ("migueld285@myplace.com"), plaintiffs learned from UnitedStates.com that Delgado's password is the same as the password for the fake "PDVSA" accounts.  Mr. Gordon offered to provide an affidavit confirming the password.  Gordon asked plaintiffs to fax a new subpoena to him, which was done on November 29, 2001.  Notice of the subpoena was served on defense counsel two business days later on December 3, 2001.

Under Rule 45(b)(1), this service was not timely. In typical fashion, Delgado attempts to portray this as an act of conspiracy.  It was, however, a mistake. That is why Delgado received timely notice of all other third-party subpoenas served in this case – a fact he neither denies nor brings to the Court's attention.

This mistake is no ground to suppress the information that UnitedStates.com provided – and could still provide in Mr. Gordon's forthcoming deposition.  To begin with, Delgado suffered no prejudice from the timing of service of

11

the UnitedStates.com subpoena. The subpoena discovered only one fact: the identity of the common password for Delgado's admitted account and the accounts for which he denies ownership. Delgado cannot claim that this fact paints him in a false light, since he does not dispute the accuracy of UnitedStates.com's information. He cannot claim surprise, since he knew the identity of his own password before the subpoena was even served. He cannot claim an inadequate opportunity to study the documents produced, since UnitedStates.com produced no documents. He cannot argue that timely notice would have allowed him to prevent the disclosure of his password – it is proof of his extortion and perjury. He cannot assert a privacy interest that forbids disclosure of his password as he voluntarily disclosed that password to UnitedStates.com when he created his account.[2]  Finally, Delgado cannot argue that he has been harmed by an inability to propound his own discovery to UnitedStates.com, since he has now served his subpoena *and* noticed the deposition of Philip Gordon.

Delgado's reliance on Richardson v. Florida is misplaced. See 137 F.R.D. 401 (M.D. Fla. 1991). The public policy concerns expressed in Richardson are inapplicable here: There is no "potential for the non-party to be subjected to numerous subpoenas to produce the same documents at different places and times by multiple

---

[2] Courts have routinely rejected assertions of privacy with respect to passwords for on-line services, in the Fourth Amendment context. Thus, courts "conclude that computer users do not have a legitimate expectation of privacy in their subscriber information, because they have conveyed to another person -- the system operator." Guest v. Leis, 255 F.3d 325, 336 (6th Cir. 2001). This includes "subscribers' names, address, birthdates *and passwords.*" Id. (emphasis added). See also United States v. Hambrick, 225 F.3d 656, 2000 WL 1062039 (4th Cir. 2000) (Table; text in WESTLAW) (unpublished per curiam op.); United States v. Kennedy, 81 F. Supp. 2d 1103, 1110 (D. Kan. 2000).

parties to the same lawsuit." Id. at 404. Delgado was not denied "timely access to relevant documents," as UnitedStates.com has not produced any documents. Id. Delgado is "fully apprised of all of the factual issues in the case," as the only fact disclosed by the subpoena is a fact that Delgado already knew -- his own password. Id. And the subpoena created no "additional, unnecessary work for the court system" in issuing multiple subpoenas for the same information or deciding motions to compel production of the documents received pursuant to a third-party subpoena. Id.

Furthermore, Delgado's assertion that the Gordon affidavit should be suppressed is unsupported. Both Richardson and McCurdy v. Wedgewood Capital Mgmt. Co., the two cases he cites in urging suppression, *denied* the applications to suppress the information received pursuant to the disputed subpoenas. See Richardson, 137 F.R.D. at 405; McCurdy, No. Civ.A. 97-4304, 1998 WL 964185, at *8 (E.D. Pa. Nov. 16, 1998).

In sum, had Delgado received timely notice of the subpoena to UnitedStates.com, he would have been unable to prevent disclosure of his password and the password to the extortionate e-mail accounts. Where no motion for a protective order would have prevented disclosure had notice of the subpoena been provided, suppression of the resultant information is not an appropriate sanction for failure to make timely notice. See McCurdy, 1998 WL 964185 at *8. Any confidentiality concern can be addressed now in a confidentiality stipulation or order.

Delgado's other arguments need not detain us long. First, Delgado argues that service of a subpoena by facsimile is improper. The November 29 subpoena was

faxed to UnitedStates.com at its request.[3]  Second, Delgado argues that an attorney

cannot serve a subpoena, because Rule 45 requires service by someone other than a party.

But attorneys are not parties to the action, and often serve subpoenas.  Indeed, Delgado's

counsel served a subpoena on UnitedStates.com.  Finally, Delgado argues that the

subpoena should have been issued by the Federal District Court in California, not by this

Court.  But UnitedStates.com does business in this Court and is subject to its jurisdiction.

It therefore could have been served with a subpoena from this Court commanding

production of documents here.  Instead, it was asked to produce the documents in

California, easing the burden on UnitedStates.com.  Imposing a less onerous task on

UnitedStates.com did not prejudice Delgado in any way.

      In fact, Delgado suffered no prejudice from the untimely notice of the

subpoena.  To the extent he wishes to have that affidavit filed under seal, and to prohibit

its dissemination to persons not parties to this action, we have no objection.  But there is

no basis for suppressing the affidavit.

### Conclusion

      Miguel Delgado's application for sanctions and to suppress the evidence

of his crimes should be denied.

---

[3] The December 1, 2001 amendments to the Federal Rules of Civil Procedure
expressly provide for service of a subpoena by facsimile on written consent of the
recipient.  Indeed, Delgado has served his own subpoena on UnitedStates.com via
facsimile.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via Fax and U.S. Mail this *18th* day of December, 2001 to Robert Wallace Rasch, Esq., 201 Live Oak Lane, Altamonte Springs, Florida 32714.

GREENBERG TRAURIG, P.A.
Attorneys for Plaintiff
111 N. Orange Ave.. Suite 2050
Orlando, Florida 32801
Telephone:   (407) 420-1000
Facsimile:   (407) 841-1295

By: _____
Tucker H. Byrd, Esq.
Florida Bar No. 381632

Of Counsel:
Robert A. Atkins
Mathew S. Rosengart
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: 212-373-3000
Facsimile: 212-373-2225

JACKSON, LEWIS, SCHNITZLER & KRUPMAN
390 North Orange Avenue
Orlando, Florida 32802
Telephone:   407-246-8440
Facsimile:   407-246-8441
Attorneys and Trial Counsel for Plaintiffs Earth Tech, Inc.,
Tyco International Services, AG, and Tyco International (US) Inc.

\\orl-srv01\BYRDT\180532v01\3V@S01!.DOC\12/18/01\52165.010100

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EARTH TECH, INC.,
a California Corporation,

                                        Case No.: 6:00-CV-1536-ORL-31B

          Plaintiff,

          v.

MIGUEL DELGADO BELLO,

          Defendant.

TO:  Records Custodian
     United States.com
     333 Washington Blvd., #355
     Marina del Rey, CA 90292

YOU ARE COMMANDED to appear in the United States District Court at the place, date and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |
|  |  |

YOU ARE COMMANDED to appear at the place, date and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | Date & Time: |
|---|---|
|  |  |

YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date and time listed above:

| DOCUMENTS OR OBJECTS |  |
|---|---|
| See Exhibit "A" attached. |  |
| PLACE   Greenberg Traurig, P.A., 2450 Colorado Avenue, Suite 400 E, Santa Monica, California 90404 | DATE AND TIME   October 24, 2001 at 4:00 p.m. |

YOU ARE COMMANDED permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify.  Federal Rules of Civil Procedure 30(b)(1).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | Date |
|---|---|
|  | October 19, 2001 |

Tucker H. Byrd, Esq.
Florida Bar No. 38163
ATTORNEY FOR PLAINTIFF
By Greenberg Traurig Attorney Admitted
as Officer in So. Dist. of California

GREENBERG TRAURIG
111 N. Orange Avenue Suite 2050
Orlando, Florida 32801

Phone: (407) 420-1000

## EXHIBIT "A"

You are hereby subpoenaed to provide the following:

1.   The identity, including name, address, and any other identifying information, of the authorized or registered user for the following electronic mail, or e-mail, accounts, domains, irrespective of capitalization style:

      A.   "pdvsacitgo@venezuela.com"

      B.   "citgopdvsa@venesuela.com"

      C.   "pdvsa@unitedstates.com"

2.   The identity, including name, address, and any other identifying information, or the authorized user or registered use for the following screen names, irrespective of capitalization style:

      A.   "tycoven";

      B.   "mgldcl";

      C.   "migueld285";

      D.   "pdvsacitgo" and

      E.   "venesuela.com."

3.   The identity of any screen names registered or authorized for use by Miguel Delgado or Miguel Delgado Bello.  The address of Miguel Delgado Bello is believed to be 405 Conservatory Cv., Lake Mary, Florida, 32746.  His telephone number is believed to be 407-246-8455.

4.   The identity of any screen names registered or authorized for use by Luis Delgado Contreras.  The address of Luis Delgado Contreras is believed to be Escritorio Delgado Chapellin (Attorneys at Law), Centro Seguros Sud America, Piso 10, Oficina 10-G, Francisco de Miranda, El Rosal, Caracas 1060 – Venezuela.  His telephone number is believed to be 582-954-04-67 and/or 582-954-12-49.

5.   The identify to any screen names registered or authorized for use by Jesus Aristimuno.  The address of Jesus Aristimuno is believed to be Canjunto Villa Karintia Casa B-15, Urb. Las Marias – El Hatillo, Caracas, Venezuela.  His telephone number is believed to be 582-963-4585.

6.   The identity of any electronic mail, or e-mail, accounts or domains registered or authorized for use by Miguel Delgado or Miguel Delgado Bello.  The

address of Miguel Delgado or Miguel Delgado Bello is believed to be 405 Conservatory Cv., Lake Mary, Florida 32746. His telephone number is believed to be 407-246-8455.

7.     The identity of any electronic mail, or e-mail, accounts or domains registered or authorized for use by Luis Delgado Contreras. The address of Luis Delgado Contreras is believed to be Escritorio Delgado Chapellin (Attorneys at Law), Centro Seguros Sud America, Piso 10, Oficina 10-G, Francisco de Miranda, El Rosal, Caracas 1060 - Venezuela. His telephone number is believed to be 582-954-04-67 and/or 582-954-12-49.

8.     The identity of any electronic mail, or e-mail, accounts or domains registered or authorized for use by Jesus Aristimuno. The address of Jesus Aristimuno is believed to be Conjunto Villa Karintia Casa B-15, Urb. Las Marias – El Hatillo, Caracas, Venezuela. His telephone number is believed to be 582-963-4585.

9.     Any documents which evidence the identity of any accounts, domains, screen names or e-mail addresses used, held, registered or authorized by Petroleos de Venezuela, S.A. (PDVSA) or any of its various related entities.

10.     Any billing, invoicing, credit card information relating to the information requested in requests 1 through 9, above

11.     Any documents which support or evidence the information requested in requests numbered 1 through 10, above.

\\orl-srv01\BYRD\TU74873v01\3QXL01!.DOC\10/19/01

PROOF OF SERVICE

OCT 23 2001        14 GALLEON, 5T #D, VENICE CA
Date                      Place

PHILP GORDON          PERSONAL
Served On (Print Name)        Manner of Service

DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on OCT 23 2001
            DATE

        3:25 Pm

[signature] Dennis L. Abbott
SIGNATURE OF SERVER

7440 GREENBUSH AVE
ADDRESS OF SERVER

N. HOLLYWOOD CA 91605

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited to, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the designated materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court by which the subpoena was issued shall quash or modify the subpoena if it

(i) fails to show reasonable time for compliance;
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that subject to the provision of clause (c)(3)(B)(iii) of this rule, such person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or
(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.
(B) If a subpoena
(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot otherwise met without undue hardship and assures that the person whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communication, or things not produced that is sufficient to enable the demanding party to contest the claim.

In accordance with the Americans With Disabilities Act, persons with disabilities needing a special accommodation to participate in this proceeding should contact Jack T. Freiner, Greenberg, Traurig, 111 N. Orange Avenue, Suite 2050, Orlando, Florida 32801, telephone (407) 420-1000, not later than seven (7) days prior to the proceeding. If hearing impaired (TDD) 1-800-955-8771, or Voice (V) 1-800-955-8770, via Florida Relay Service.

\\orl-srv01\BYRDTU54270-nr\JQX301.DOC\10\1501\0314\015\00

AO 88 (Rev. 1/94) Subpoena in a Civil Case – SDNY WEB 4/99

## Issued by the
## UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EARTH TECH, INC.,
a California Corporation,

Plaintiff,

v.

MIGUEL DELGADO BELLO

Defendant.

**SUBPOENA IN A CIVIL CASE**

CASE NUMBER: 6:00-CV-1536-ORL-31B

TO: Philip C. Gordon
    Records Custodian
    United States.com
    333 Washington Blvd.,#355
    Marina del Rey, CA 90292

☐ YOU ARE COMMANDED to appear in the United States District Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit "A" attached.

| PLACE | Greenberg Traurig, P.A., 2450 Colorado Avenue, Suite 400E Santa Monica, California 90404 | DATE AND TIME December 10,2001 at 9:00 a.m. |
|---|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| Robert A. Atkins, Esq., ATTORNEY FOR PLAINTIFF | November 29 , 2001 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert A. Atkins, Esq.
Paul, Weiss, Rifkind, Wharton & Garrison, 1285 Ave. of the Americas, New York, NY 10019-60

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on Reverse)

1 If action is pending in district other than district of issuance, state district under case number.

AO 88 (Rev. 1/94) Subpoena in a Civil Case – SONY WEB 4/99

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED |  |  |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____          _____
                           DATE                                             SIGNATURE OF SERVER

                                                                   _____
                                                                   ADDRESS OF SERVER

## Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c)(3)(B)(iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in whose behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

## EXHIBIT "A"

You are hereby subpoenaed to provide the following:

1.    The identity, including name, address, and any other identifying information, of the authorized or registered user for the following electronic mail, or e-mails, accounts, domains, irrespective of capitalization style:

    A.    "pdvsacitgo@venezuela.com"

    B.    "citgopdvsa@venezuela.com"

    C.    "pdvsa@unitedstates.com"

    D.    "tycovenezuela@venezuela.com"

2.    The identity, including name, address, and any other identifying information, or the authorized user or registered use for the following screen names, irrespective of capitalization style:

    A.    "tycoven";

    B.    "mgldel";

    C.    "migueld285";

    D.    "pdvsacitgo"; and

    E.    "venezuela.com."

3.    The identity of any screen names registered or authorized for use by Miguel Delgado or Miguel Delgado Bello. The address of Miguel Delgado Bello is believed to be 405 Conservatory Cv., Lake Mary, Florida, 32746. His telephone number is believed to be 407-246-8455.

4.    The identity of any screen names registered or authorized for use by Luis Delgado Contreras. The address of Luis Delgado Contreras is believed to be Escritorio Delgado Chapellin (Attorneys at Law), Centro Seguros Sud America, Piso 10, Oficina 10-G, Francisco de Miranda, El; Rosal, Caracas 1060 - Venezuela. His telephone number is believed to be 582-954-04-67 and/or 582-954-12-49.

5.    The identity of any screen names registered or authorized for use by Jesus Aristimuno. The address of Jesus Aristimuno is believed to be Canjunto Villa Karintia Casa B-15, Urb. Las Marias - El Hatillo, Caracas, Venezuela. His telephone number is believed to be 582-963-4585.

6.    The identity of any electronic mail, or e-mail, accounts or domains registered or authorized for use by Miguel Delgado or Miguel Delgado Bello. The

address of Miguel Delgado or Miguel Delgado Bello is believed to be 405 Conservatory Cv., Lake Mary, Florida 32746. His telephone number is believed to be 407-246-8455.

7.      The identity of any electronic mail, or e-mail, accounts or domains registered or authorized for use by Luis Delgado Contreras. The address of Luis Delgado Contreras is believed to be Escritorio Delgado Chapellin (Attorneys at Law), Centro Seguros Sud America, Piso 10, Oficina 10-G, Francisco de Miranda, El Rosal, Caracas 1060 - Venezuela. His telephone number is believed to be 582-954-04-67 and/or 582-954-12-49.

8.      The identity of any electronic mail, or e-mail, accounts or domains registered or authorized for use by Jesus Aristimuno. The address of Jesus Aristimuno is believed to be Conjunto Villa Karintia Casa B-15, Urb. Las Marias - El Hatillo, Caracas, Venezuela. His telephone number is believed to be 582-963-4585.

9.      Any documents which evidence the identity of any accounts, domains, screen names or e-mail addresses used, held, registered or authorized by Petroleos de Venezuela, S.A. (PDVSA) or any of its various related entities.

10.      Any billing, invoicing, credit card information related to the information requested in requests 1 through 9, above.

11.      Any documents which support or evidence the information requested in requests numbered 1 through 10, above.

12.      The identity of the passwords for e-mail accounts with the screen names listed in requests numbered 1 and 2 above.

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EARTH TECH, INC.,
a California Corporation,
TYCO INTERNATIONAL SERVICES, AG,
a Swiss Corporation, and
TYCO INTERNATIONAL (US) INC.,
a Nevada Corporation,

                Plaintiffs,

v.

MIGUEL DELGADO BELLO,

                Defendant.

Case No. 6:00–CV-1536 ORL-31JGG

MIGUEL DELGADO BELLO,

                Counterplaintiff,

v.

EARTH TECH, INC.,
a California Corporation,

                Counterdefendant.

STATE OF FLORIDA      )
                        ):   ss.
COUNTY OF PALM BEACH  )

AFFIDAVIT OF DOUGLAS HAVEN
IN OPPOSITION TO MOTION FOR SANCTIONS

DOUGLAS HAVEN, being duly sworn, deposes and says:

        1.      I am the Manager of PC/LAN (Personal Computers and Local

Area Network) Development and Support at ADT Security Services ("ADT"), a

subsidiary of Tyco International Inc. ("Tyco").  Since 1997, I have been responsible for

computer support and security services for both Tyco and ADT.

2.      I submit this affidavit in opposition to defendant Miguel Delgado's

motion for sanctions.

3.      In his motion, Mr. Delgado claims that I "intercepted" e-mails that

he had sent to his attorney (Robert Rasch) using his personal e-mail account

"migueld285@myplace.com."  In particular, Mr. Delgado claims that I "intercepted" and

forwarded an e-mail outline of deposition questions for Charles Alpert, the General

Counsel of Earth Tech.

4.      That is false.  Until Mr. Delgado filed his motion, I did not know

that he had a personal e-mail account at "migueld285@myplace.com."  I never accessed,

read, forwarded or "intercepted" any e-mails from that account.

5.      Apparently, Mr. Delgado misunderstands what I did with the e-

mails that were received by Tyco from e-mail accounts with "PDVSA" screen names

(e.g., "pdvsacitgo@aol.com").  As I explained at my recent deposition, after Tyco began

receiving such e-mails, I established a security filter within the Tyco computer system so

that e-mails already received by the Tyco e-mail server from the suspicious "PDVSA" e-

mail accounts would be re-directed to me.  The purpose of this security system was to

store and preserve the subject e-mails, and minimize the disruption and harassment of the

Tyco executives to whom the e-mails were addressed.  This system applied only to e-

mails already received by the Tyco e-mail server.

6.      Accordingly, I did not "intercept" any e-mails at all and did not receive, access, read, or forward any e-mails other than those actually received by Tyco and Earth Tech.  None of those e-mails were sent from "migueld285@myplace.com."

_____
Douglas Haven

Submitted and Sworn
Before me this _13_th_ day
of December, 2001



Notary Public

PATRICIA E. MC GUIRE
MY COMMISSION # CC 749658
EXPIRES: June 9, 2002
Bonded Thru Notary Public Underwriters

```
 1      UNITED STATES DISTRICT COURT
           MIDDLE DISTRICT OF FLORIDA
 2            ORLANDO DIVISION

 3  EARTH TECH, INC.,
    a California corporation,                    COPY
 4  TYCO INTERNATIONAL SERVICES, AG,
    a Swiss corporation, and
 5  TYCO INTERNATIONAL (US), INC.,
    a Nevada corporation,
 6
         Plaintiffs,                CASE NO.:  6:00-CV-1536
 7                                  ORL-31JGG
    v.
 8
    MIGUEL DELGADO BELLO,
 9
         Defendant.
10  _____/

11  MIGUEL DELGADO BELLO,

12       Counterplaintiff,

13  v.

14  EARTH TECH, INC.,
    a California corporation,
15
         Counterdefendant.
16  _____/

17
         Deposition of:     Douglas Haven
18
         Taken by:          The Defendant
19
         Date:              November 21, 2001
20
         Time:              9:30 a.m.
21
         Location:          Greenberg Traurig, P.A.
22                          450 South Orange Avenue
                            Suite 650
23                          Orlando, Florida

24       Reported by:       Lisa Berish, RPR

25
```

1  A P P E A R A N C E S:

2

Mathew S. Rosengart, Esquire, and
3  Joseph J. Frank, Esquire
Of:  Paul, Weiss, Rifkind, Wharton
4        & Garrison
      1285 Avenue of the Americas
5      New York, New York 10019-6064

6      Appearing on behalf of the Plaintiff(s)

7

Robert Wallace Rasch, Esquire
8  Of:  The Law Office of Robert Wallace Rasch
         201 Live Oak Lane
9        Altamonte Springs, Florida 32714

10     Appearing on behalf of the Defendant(s)

11

12  Also Present:  Miguel Delgado Bello

13

14                    * * * * *

15

16

17

18

19

20

21

22

23

24

25

1   you took the job with ADT?

2      A.   Yes.

3      Q.   And where was that?

4      A.   That was at Prudential Securities.

5      Q.   And when was that?

6      A.   In 1994.

7      Q.   1994 until when?

8      A.   1995.

9      Q.   And what did you do for Prudential Securities?

10     A.   I supported their PCs and local area network.

11     Q.   Did you do any investigation of e-mails there?

12     A.   No.

13     Q.   How many e-mails did you review as part of this

14  assignment involving the Delgado case?

15          MR. FRANK:  Objection to form.

16     A.   22 e-mails.

17     Q.   I can't hear you.  Keep your voice up, please.

18     A.   22 e-mails.

19     Q.   And as I recall, you discussed two e-mails in your

20  affidavit?

21     A.   Yes, sir.

22     Q.   Can you tell me what you found -- we'll get to

23  that in a minute, all right?  Strike that.

24          Where did you get these e-mails?

25          MR. FRANK:  Objection to form.

1     Q.    Or from whom?

2     A.    The e-mails were received by the Tyco mail server

3 and stored in the users' in-boxes.

4     Q.    Whose?

5     A.    The recipients.   Shall I name them?

6     Q.    How can you tell that?

7     A.    The headers of the e-mail show that it was

8 received by the mail server.   I logged into the users'

9 in-box and examined the e-mail that was in their in-box and

10 the date and time stamp of the e-mail.   Tyco also has a

11 network monitoring system which monitors TCP/IP

12 communications on the network and it recorded the e-mail

13 being received by the mail server.   And I set up a filter

14 in mid April that diverted all e-mails from these source

15 addresses to me.   So I received the e-mails.

16     Q.    So they never went to the recipients.   They went

17 to you.   Am I understanding that?

18          MR. FRANK:   Objection to form.

19     A.    The e-mails that were received after April 18th

20 that met the filter were diverted to me.

21     Q.    After April 18, 2001?

22     A.    I believe that's the date.   I can't recall

23 exactly.   I don't have any of my paperwork with me.   But I

24 recall that being the date.

25     Q.    And the e-mails prior to that date, how did you

1. learn of those e-mails?

2. MR. FRANK: Objection. Asked and answered.

3. Q. Did someone within the corporation tell you there

4. were some e-mails sent to officers of the corporation?

5. MR. FRANK: Again, I caution the witness to the

6. extent this involves lawyer-client communication not

7. to reveal the substance of that communication.

8. A. I was contacted initially, as I said before, by a

9. Tyco attorney.

10. Q. Did you have any discussion with any officers of

11. the corporation other than the attorney?

12. A. No.

13. Q. So you got information from an attorney that these

14. e-mails existed; is that right? That's the only way you

15. knew?

16. MR. FRANK: Objection. Form.

17. A. I know that the e-mails were received on the

18. server. Initially, the attorney who involved me told me of

19. them. And the headers and all of the evidence showed that

20. they were received on the mail server at that date and

21. time.

22. Q. Now, tell me about this filter. How does that

23. work?

24. A. The filter looks for characteristics such as

25. source address and diverts the e-mails from being delivered

1  to the recipient to someplace else.

2      Q.    Okay.  And you have to program into the filter the

3  parameters of what you want diverted to you?

4      A.    Yes.

5      Q.    And what parameters did you use?

6      A.    The source address.

7      Q.    And that was?

8      A.    There were several.

9      Q.    Go ahead.

10     A.    There were pdvsacitgo@aol.com, as it's in my

11  affidavit.

12     Q.    Those particular e-mails addresses you've listed

13  there?

14     A.    Yes.

15           MR. FRANK:  For the record, you're referring to

16     Paragraph 2?

17           MR. RASCH:  Correct.

18           MR. FRANK:  Paragraph 2 of the affidavit.

19     Q.    Where did you obtain those particular addresses?

20     A.    From the e-mails that were received by the

21  recipients and stored on the mail server in their

22  in-boxes.

23     Q.    I guess my question is, what led you to any belief

24  that those had anything to do with Delgado's case?

25     A.    Because the e-mail was sent to the officers of the

AO88 (Rev. 1.94) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

CENTRAL _____ DISTRICT OF _____ CALIFORNIA

EARTH TECH, INC.,
a California Corporation,
                    Plaintiff,

MIGUEL DELGADO BELLO,
                    Defendant

**SUBPOENA IN A CIVIL CASE**

Case Number:¹ 6:00-cv-1536-ORL-31JGG

Middle District of Florida,
Orlando Division

TO: Philip C. Gordon
    United States.com
    333 Washington Blvd., #355
    Marina del Rey, California 90292

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☒ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION Esquire Depositions Services, 6222 Wilshire Blvd., 2nd floor, Los Angeles, California 90048 | DATE AND TIME December 14, 2001 @ 9:00 am |
|---|---|

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

        See Exhibit A attached.

| PLACE Esquire Depositions Services 6222 Wilshire Blvd., 2nd floor, Los Angeles, CA 90048 | DATE AND TIME December 18, 2001 @ 9:00 am |
|---|---|

*RWR*

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) Robert W. Rasch, Esq., Attorney for Defendant | DATE December 14, 2001 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Robert W. Rasch, P.A.
201 Live Oak Lane, Altamonte Springs, Florida 32714
407-865-7473    fax 407-865-5979

(See Rule 45, Federal Rules of Civil Procedure, Parts C & D on next page)

¹ If action is pending in district other than district of issuance, state district under case number.

## EXHIBIT A

You are hereby subpoenaed to provide the following:

1. All web server access logs for the e-mail accounts listed in your affidavit dated November 29, 2001, attached hereto.

2. All mail server logs for the e-mail accounts listed in your affidavit dated November 29, 2001, attached hereto.

3. Any other account tracking documentation for the e-mail accounts listed in your affidavit dated November 29, 2001, attached hereto.

4. Any and all correspondence, letters, e-mails, or notes of oral or phone conversations between you and any representatives of Earth Tech, Inc., Tyco International (USA), Inc., or any other their affiliated companies, or any of their attorneys between January 1, 2001 and present.

5. The subpoena served on you by Earth Tech, Inc., Tyco, or their attorneys on or after November 29, 2001.

6. Your business phone logs from any of your internet companies reflecting phone calls made or received within the greater Los Angeles or Long Beach, California area, to or from New York or to or from Florida between November 1, 2001 and present.

7. Any and all documents you reviewed to compile the information contained in your affidavit dated November 29, 2001, attached hereto.

8. Any and all documents provided to Earth Tech, Inc., Tyco, or their attorneys or representatives between January 1, 2001 and present.

AO88 (Rev. 1/94) Subpoena in a Civil Case

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|

| SERVED BY (PRINT NAME) | TITLE |
|---|---|

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on _____
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER

Rule 45. Federal Rules of Civil Procedure. Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,

(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, or is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend

trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or

(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or

(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or

(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.