UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EARTH TECH, INC.,
a California Corporation,
TYCO INTERNATIONAL SERVICES,
AG, a Swiss Corporation, and
TYCO INTERNATIONAL (US) INC.,
a Nevada Corporation,

        Plaintiffs,

v.

MIGUEL DELGADO BELLO,        Case No.: 6:00-CV-1536-ORL-31JGG

        Defendant.

---

MIGUEL DELGADO BELLO,

        Counterplaintiff,

v.

EARTH TECH, INC.,
a California Corporation,

        Counterdefendant.

---

**PLAINTIFFS' RESPONSE TO DEFENDANT'S
EMERGENCY MOTION FOR EXTENSION OF TIME
TO COMPLETE DISCOVERY AND TO POSTPONE HEARING**

Plaintiffs respectfully submit this memorandum in response to defendant Miguel Delgado's Emergency Motion For Extension Of Time To Complete Discovery And To Postpone Hearing, scheduled for January 18, 2002.

As Delgado's counsel had previously been advised, plaintiffs have no objection to the taking of the deposition of Mr. Philip Gordon, despite the passage of the December 21, 2001 discovery deadline regarding plaintiffs' motion for sanctions. Mr. Gordon's deposition was initially scheduled to take place on December 27, 2001. By letter dated December 26, 2001, however, Mr. Gordon's counsel, Jeffrey Rosenfeld, advised both parties that Mr. Gordon had

suffered a skiing injury and that he therefore could not attend a deposition on December 27, 2001. (A copy of Mr. Rosenfeld's December 26, 2001 letter is annexed hereto as Exhibit A.) Mr. Rosenfeld has advised the parties that he is trying to reschedule the deposition prior to January 18, 2002, but cannot guarantee it given Mr. Gordon's health.

Delgado's complaint that plaintiffs have sought to delay or obstruct Mr. Gordon's deposition is unfounded. Mr. Gordon is represented by his own counsel. That counsel arranged for Mr. Gordon to be deposed on December 27. Both plaintiffs' and defendant's counsel traveled to California for that deposition, but Mr. Gordon's accident required that it be rescheduled. Plaintiffs have not objected to deposing Mr. Gordon when he is available (whether it is before or after January 18). And plaintiffs surely had nothing to do with Mr. Gordon's skiing accident, as defendant suggests.

As for Delgado's outrageous new assertion (at page 5 of his motion) that plaintiffs "open[ed] up various free e-mail accounts with Delgado's address and password and blame it on Delgado," that is just another obvious fabrication designed to deflect attention from Delgado's scheme of harassment and extortion.

As noted above, plaintiffs have no objection to the taking of Mr. Gordon's deposition after January 18, 2002, if that becomes necessary. However, plaintiffs vigorously oppose either delaying the January 18 hearing or permitting an extension of time to take any other discovery or depositions. The plaintiffs presented their arguments and were prepared to rest on October 30th, the date of the hearing on their motion for sanctions. The Court's ruling on plaintiffs' sanctions motion has already been delayed by Delgado's insistence on live testimony. That should be concluded on January 18th. If Delgado has anything to add after Mr. Gordon's deposition, he can supplement the written record.

2

As for taking other discovery, that should not be allowed: Mr. Gordon's deposition is the only discovery relating to the sanctions motion that is left to complete. The delay required by Mr. Gordon's accident is not a reason to extend or expand discovery. As Delgado's motion itself reveals, an extension and expansion of discovery would only serve to permit further harassment of plaintiffs, would result in unnecessary delay and costs, and would unduly burden the Court.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiffs' Response to Defendant's Emergency Motion for Extension of Time to Complete Discovery and to Postpone Hearing has been furnished via facsimile and hand-delivery this 10th day of January, 2002 to Robert Wallace Rasch, Esq., 201 Live Oak Lane, Altamonte Springs, Florida 32714.

                                      GREENBERG TRAURIG, P.A.
                                      Attorneys for Plaintiff
                                      450 South Orange Ave., Suite 650
                                      Orlando, Florida 32801
                                      Telephone:   (407) 420-1000
                                      Facsimile:    (407) 841-1295

                                      By: _____
                                      Tucker H. Byrd, Esq.
                                      Florida Bar No. 381632

Of Counsel:
Robert A. Atkins
Mathew S. Rosengart
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: 212-373-3000
Facsimile: 212-373-2225

JACKSON, LEWIS, SCHNITZLER & KRUPMAN
390 North Orange Avenue
Orlando, Florida 32802
Telephone: 407-246-8440
Facsimile: 407-246-8441
Attorneys and Trial Counsel for Plaintiffs Earth Tech, Inc.,
Tyco International Services, AG, and Tyco International (US) Inc.

# EXHIBIT "A"



**PIPER MARBURY RUDNICK & WOLFE LLP**

9255 Sunset Boulevard, Suite 710
Los Angeles, California 90069-3309
www.pipermdnick.com

PHONE (310) 288-8110
FAX (310) 288-8111

WRITER'S INFORMATION

jeffrey.rosenfeld@piperrudnick.com
PHONE (310) 288-8112
FAX (310) 288-8111

December 26, 2001

**VIA FACSIMILE & US MAIL**

Robert Rasch, P.A.
201 Live Oak Lane
Altamont Springs, Florida 32714

    Re:    Earth Tech, Inc. v. Delgado
           Case No: 6:00-cv-1536-ORL-31JGG

Dear Mr. Rasch:

    This follows my voicemails of today concerning the availability of Philip Gordon for tomorrow's deposition. I found out late this afternoon that Mr. Gordon was seriously injured in a skiing accident over the holiday weekend. Apparently, Mr. Gordon has suffered a fractured rib and punctured lung. Due to his condition, Mr. Gordon is currently receiving pain medication and will not return to Los Angeles until later this week.

    Mr. Gordon apologizes for any inconvenience his unfortunate accident may have caused counsel and the parties. Of course, Mr. Gordon will make himself available for deposition after he recuperates.

Sincerely,

Jeffrey A. Rosenfeld
of PIPER MARBURY
RUDNICK & WOLFE LLP

JAR/db
cc: Robert Atkins, Esq. (Via Facsimile & U.S. Mail)

**EXHIBIT "A"**

CHICAGO | WASHINGTON | BALTIMORE | NEW YORK | PHILADELPHIA | TAMPA | DALLAS | RESTON | LOS ANGELES