UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EARTH TECH, INC.,
a California Corporation,
TYCO INTERNATIONAL SERVICES, AG
a Swiss Corporation, and
TYCO INTERNATIONAL (US), INC.,
a Nevada Corporation,

    Plaintiffs,

vs.                                    Case No.: 6:00-cv-1536-ORL-31 JGG

MIGUEL DELGADO BELLO,

    Defendant.

_____

MIGUEL DELGADO BELLO,

    Counterplaintiff,

vs.

EARTH TECH, INC.,
A California Corporation,

    Counterdefendant.
_____/

## MEMORANDUM IN SUPPORT OF SUPPLEMENTAL MOTION FOR SANCTIONS, MOTION TO COMPEL DISCOVERY AND MOTION TO AMEND COUNTERCLAIM

    MIGUEL DELGADO BELLO, Defendant and Counterplaintiff, (hereinafter "Delgado") by and through his undersigned attorney, files this Memorandum in Support of his Supplemental Motion for Sanctions against Plaintiffs, Earth Tech, Inc., both Tyco Plaintiffs, and their attorneys for their criminal conduct, abuse of the judicial process and most egregious misconduct, and in

Page 1

support of his Motion to Compel Plaintiff's agents, Charles Alpert and Michael Diaz, to testify regarding communications among themselves and with others regarding these criminal and disruptive acts, and in support of his Motion to Amend his Counterclaim to include causes of action relating to injuries suffered by Delgado as a result of these egregious acts by Plaintiffs and their agents.

### A. SUPPLEMENTAL MOTION FOR SANCTIONS

1. Procedural Backgound

After Delgado filed a lawsuit in Venezuelan court for employment related benefits in early 2000, Plaintiff Earth Tech filed this breach of loyalty claim against Delgado in this Court. Delgado then filed a Counterclaim for fees and/or commissions owed to him by Earth Tech. Then, Earth Tech was permitted by this Court, along with the two Tyco Plaintiffs, to amend the Complaint to include claims against Delgado under the Lanham Act, including the Anticybersquatting Consumer Protection Act, and the Florida Deceptive and Unfair Practices Act.

Plaintiffs then filed an Emergency Motion for Injunctive relief and for Sanctions against Delgado for allegedly sending faxes and e-mails with the claimed intent to extort money or settlement from Plaintiffs. The Court held one hearing on October 30, 2002 and another hearing on these Motions is scheduled for January 18, 2002.

Delgado filed a Motion for Sanctions against Plaintiffs and their attorneys for their conduct to obstruct access to third party witness Philip Gordon, and their refusal to comply with the Federal Rules of Civil Procedure by properly notifying Delgado of the issuance of subpoenas to Philip Gordon. Delgado's Motion for Sanctions is also pending before this Court.

2. Facts

After Delgado's witnesses were not allowed to testify in the hearing held on October 30, 2002, Delgado filed a Notice of Filing on November 14, 2002 attaching the affidavits of Miguel Delgado, Jesus Aristimuno and Hernan de Armas. Those witnesses testified regarding the following criminal, improper and contemptous acts:

    a. A lawyer by the name of Francisco Arocha, of the law firm of Arocha, Herrera and Associates, was hired by Earth Tech in Venezuela to defend the Delgado lawsuit (See

Exhibit 1, Alpert Deposition Transcript, TR 43; Exhibit 2, Diaz Deposition Transcript, TR 14). In February, 2001, Arocha and an associate met with Jesus Aristimuno. Arocha represented to Aristimuno that he was an attorney for Tyco and Tyco's attorney, Michael Diaz. Arocha then proposed to pay Aristimuno $75,000 to settle his lawsuit against Earth Tech and for Aristimuno to agree to be a witness for Tyco and Earth Tech against Delgado (November 14, 2001 Notice of Filing, Aristimuno affidavit).

b. When Aristimuno refused the attempted bribe, Arocha's associate began following Aristimuno, in an obvious effort to intimidate him into withholding his expected testimony on behalf of Delgado. Aristimuno was followed for several months, and then again beginning in April, 2001 for several days (Aristimuno affidavit).

c. Then on or about August 29, 2001, Plaintiff's attorney, Michael Diaz, met with Miguel Delgado and Hernan de Armas, and stated that Plaintiffs were ready to settle with Delgado for $275,000, and threatened Delgado that if he did not take the settlement offer, he had hired two ex-policemen who were ready to cause Delgado bodily harm (November 14, 2001 Notice of Filing, de Armas affidavit, paragraphs 7 & 8). Diaz then threatened Delgado that he had enough evidence to put Delgado in prison (November 14, 2001 Notice of Filing, Delgado affidavit, paragraphs 9, 10 & 11).

Plaintiffs have demonstrated a pattern that all of their misdeeds and improper conduct is done by legal counsel, in an obvious attempt to avoid discovery attempts by assertion of attorney-client privilege and work product privilege. This pattern continued when Plaintiff's attorney Robert Atkins repeatedly communicated with third party Philip Gordon on October 23, 2001, November 21, 2001 and again on November 29, 2001, and then refused to provide contact information to the undersigned and refused to timely notify Delgado of his repeated subpoenas to Gordon. [1]

3. Legal argument

The actions of Plaintiffs' attorneys Arocha and Diaz blatantly violated Federal criminal law, namely:

---

[1] Gordon's deposition was taken on January 15, 2002 in Los Angeles, California, and excerpts of that deposition transcript will be filed with the Court as soon as it is made available.

    a. Attempted bribery of Aristimuno, a Delgado witness, in violation of 18 USC Section 201 (b)(3);

    b. Tampering with witnesses of Delgado, thereby obstructing justice, in violation of 18 USC Section 1512 (b) and 18 USC Section 1503.

  Independent of whether Plaintiffs or their attorneys can be prosecuted for crimes committed in Venezuela, this Court has inherent power to control the proceedings before it. "Deeply rooted in the common law tradition is the power of any court to 'manage its affairs [which] necessarily includes the authority to impose reasonable and appropriate sanctions upon errant lawyers practicing before it.'" *Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1447 (11th Cir. 1985); *Malautea v. Suzuki Motor Company, Ltd.*, 987 F.2d 1536, 1545 (11th Cir. 1993). A Court may appropriately sanction a party or attorney who "shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order". *Hutto v. Finney*, 437 U.S. 678, 689, n. 14, 98 S.Ct. 2573, n. 14, 57 L.Ed. 2d 522 (1978); *Malautea v. Suzuki Motor Company, Ltd.*, 987 F.2d 1536, 1545-1546 (11th Cir. 1993).

  The inherent power of the Court can be invoked even if procedural rules exist which sanction the same conduct. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 49, 111 S.Ct. 2123, 115 L.Ed. 2d 27 (1991); *Glatter v. Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995). Although certain conduct may or may not be violative of Rule 11, it does not necessarily mean that a party will escape sanctions under the court's inherent power. *Glatter v. Mroz*, 65 F.3d 1567, 1575 (11th Cir. 1995).

  Not only does this Court have the inherent power to sanction Plaintiffs and their lawyers for criminal, unethical and improper acts of attempted bribery and witness tampering, this Court has a responsibility to ensure that parties are allowed the free and unfettered right to prosecute their claims and defend against other claims, without the attempted bribes and threats that Plaintiffs have subjected Delgado and his witnesses to in this case.

  Plaintiffs are likely to argue that because the alleged acts of attempted bribery and witness tampering occurred in Venezuela and not in the United States, that venue is improper before this Court to determine whether Plaintiffs or their attorneys should be sanctioned. That argument has been asserted before and rejected by the Eleventh Circuit Court of Appeals. The Eleventh Circuit

found that venue under Section 1503 is to be determined by focusing on which court is affected by the attempt to influence, obstruct or impede the due administration of justice. *United States v. Barham*, 666 F.2d 521, 524 (11th Cir. 1982). 18 USC Section 1503 has been found to be broad enough to cover such proscribed acts against witnesses. *United States v. Moody*, 977 F.2d 1420, 1424 (11th Cir. 1992). It is not necessary to prove that a witness was actually intimidated by the threats, but only that the threats had a reasonable tendency to intimidate. *United States v. Carzoli*, 447 F.2d 774 (7th Cir. 1971), cert. denied, 404 U.S. 1015, 92 S.Ct. 673, 30 L.Ed. 2d 662 (1972); *Knight v. United States*, 310 F.2d 305, 307 (5th Cir. 1962). Moreover, it is irrelevant whether Delgado ever intended to call Aristimuno to testify or not. *McMillian v. W.E. Johnson*, 88 F.3d 1554, 1571 (11th Cir. 1996).

Not only should Plaintiffs be sanctioned under the Court's inherent power to control its processes, 28 USC Section 1927 provides that "[a]ny attorney . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Delgado submits that Plaintiffs' attempted bribery of and threatening conduct aimed at Delgado's witness and Delgado "unreasonably and vexatiously" multiplied the proceedings and warrant the harshest of sanctions for both Plaintiffs and their attorneys involved in the misconduct.

Dismissal of Plaintiffs' claims and their defenses to Delgado's counterclaim are appropriate where Delgado has shown that Plaintiffs not only caused delays by their conduct, but also engaged in contumacious conduct. *Guyer v. Beard*, 907 F. 2d 1424, 1429 (3rd Cir. 1990). Discovery efforts were delayed as a direct result of Delgado's fear of travel out of Venezuela due to Diaz' threats (November 14, 2001 Notice of Filing, Delgado Affidavit, paragraph 7). Delgado asserts that the uninhibited length that Plaintiffs and their attorneys have gone to preclude Delgado from properly defending the Complaint in this case and asserting his Counterclaim clearly warrants dismissal of Plaintiffs claims and defenses to Delgado's counterclaim.

In addition, Delgado submits that Plaintiffs and their attorneys should be required as a sanction to reimburse Delgado his expenses and reasonable attorneys fees associated with presenting the Court with the evidence of this criminal, improper conduct.

## B. MOTION TO COMPEL DISCOVERY

After the Court issued its Order regarding discovery following Plaintiffs' Emergency Motion for Injunction and Sanctions, Delgado proceeded to take the depositions of Plaintiffs' agents and attorneys, Charles Alpert and Michael Diaz. During each deposition, Plaintiffs' attorneys instructed Alpert and Diaz not to testify regarding discussions with Earth Tech or other attorneys regarding anything related to these criminal and improper acts, claiming attorney-client and work product privilege (Exhibit 1, Alpert Deposition Transcript, TR 24, 146, 139, 164, 165; Exhibit 2, Diaz Deposition Transcript, TR 12, 18-21, 26). Delgado asserts that the crime/fraud exception to the Plaintiffs' claim of attorney-client and work product privilege should apply and therefore, the Court should instruct Alpert and Diaz to testify to questions propounded regarding the attempted bribery and witness tampering incidents, and any communications between them and others relating to these incidents.

It is well established that an otherwise valid assertion of the attorney-client or work product privileges can be overcome by the proper invocation of the crime/fraud exception. The crime/fraud exception requires the disclosure of otherwise privileged communications or material obtained in the course of the attorney's duties on the client's behalf which are made or performed in furtherance of a crime, fraud or other misconduct fundamentally inconsistent with the basic premises of the adversary system. *Clark v. United States,* 289 U.S. 1, 53 S.Ct. 465, 77 L.Ed. 993 (1933); *Gutter v E.I. Dupont de Nemours,* 124 F. Supp. 2d 1291, 1298 (S.D. Fla. 2000).

The Eleventh Circuit Court of Appeals has established a two-part test to determine whether the crime/fraud exception applies:

> 1. There must be a prima facie showing that the client was engaged in criminal or fraudulent conduct when he sought the advice of counsel, that he was planning such conduct when he sought the advise of counsel, or that he committed a crime or fraud subsequent to receiving the benefit of counsel's advice;
>
> 2. There must be a showing that the attorney's assistance was obtained in furtherance of the criminal or fraudulent activity or was closely related to it.

*In re Grand Jury Investigation (Schroeder),* 842 F. 2d 1223, 1226 (11th Cir. 1987).

Delgado asserts that the test has been met by the affidavits submitted to the Court. First,

Page 6

Earth Tech attempted to have Aristimuno bribe a Pequiven official (November 14, 2001 Notice of Filing, Aristimuno affidavit, paragraph 10; Exhibit 1, Alpert Deposition Transcript, TR 51-52). Then Earth Tech attempted through its attorney Arocha to bribe Aristimuno and thereby interfered with his testimony on behalf of Delgado. Then Plaintiffs through their attorney Diaz threatened Delgado with bodily harm and criminal prosecution if he did not abandon his lawsuits against Plaintiffs. The evidence establishes that shortly after the Arocha firm was hired by Earth Tech, Arocha and his associate engaged in the criminal and improper activity to Aristimuno. Similarly, shortly after Diaz was hired by Earth Tech and Tyco, he traveled to Caracas, Venezuela and threatened Delgado. There is prima facie evidence plain and simple that there were communications between Plaintiffs or their attorneys and the perpetrators of the criminal acts in furtherance of the improper conduct.

There must only be a showing of a prima facie case sufficient to satisfy the judge that the light should be let in. To drive the privilege away, there must be prima facie evidence that has some foundation in fact. When that evidence is supplied, the seal of secrecy is broken. *Haines v. Liggett Group, Inc.*, 975 F.2d 81 (3rd Cir. 1992). The facts established by the testimony of Delgado's witnesses demonstrates that the two part test has been established warranting the Court to find the exception applies and the "seal of secrecy is broken" -- the attorney-client and work product privilege does not apply to this criminal and improper conduct, or any communications relating to the conduct. Plaintiffs should be ordered to make Alpert and Diaz available for follow-up depositions and Alpert and Diaz should be ordered to testify regarding any communications related in any way to these incidents.

### C. MOTION TO AMEND COUNTERCLAIM

Delgado seeks leave of Court pursuant to Rule 15 of the *Federal Rules of Civil Procedure* to amend his Counterclaim. Delgado seeks to assert claims that he has been injured physically, emotionally and psychologically by Plaintiffs attempted bribes, witness tampering and threats. Delgado is entitled to assert damage claims for violation of 42 USC Section 1985(2) and claims under both Federal and Florida RICO statutes.

42 USC Section 1985 (2) provides:

"If two or more persons in any state or territory conspire (A) to deter by force,

intimidation, or threat, any party or witness in any court of the United States from attending such court of the United States, or from testifying to any matter pending therein, freely, fully and truthfully, or (B) to injure such party or witness in his person or property on account of his having so attended or testified."

Delgado served affidavits from witnesses supporting these additional claims by a Notice of Filing dated November 14, 2001. Hence, Plaintiffs have had substantial notice of the substance of these claims. Although the Court gave Plaintiffs leave to depose any of these witnesses, Plaintiffs have chosen not to depose them to date.

Plaintiffs are likely to claim that the intracorporate conspiracy doctrine holds that acts of corporate agents are attributed to the corporation itself, and therefore, there can be no conspiracy between the corporation and its agents. However, the intracorporate conspiracy doctrine may not shield criminal conduct from civil liability under section 1985 (2). *Foster v. Pall Aeropower Corporation,* 111 F. Supp. 2d 1320, 1324 (M.D. Fla. 2000). Clearly, Delgado has already presented this Court with evidence of Plaintiffs' obstruction of justice that occurred during the course of this litigation. He is therefore should be allowed to amend his Counterclaim to assert such claim based on the new evidence which Delgado was unwilling to disclose to anyone due to fear emanating from the threats themselves.

Similarly, the intra-corporate criminal conspiracies arising under 18 USC Section 371 of the federal criminal code creates an exception to the intra-corporate conspiracy doctrine. Simply stated, the fiction was never intended to prohibit the imposition of criminal liability by allowing a corporation or its agents to hide behind the identity of the other. Similarly, it was not intended to prohibit civil liability either. *McAndrew v. Lockheed Martin Corporation,* 206 F.3d 1031, 1037-1038 (11th Cir. 2000).

In addition, given the litany of criminal and improper acts committed by Plaintiffs and their attorneys, Delgado is entitled to file a civil cause of action under both the Federal and Florida Racketeer Influenced and Corrupt Organizations Act (RICO) for his injuries sustained as a result of Plaintiffs' attempted bribery, obstruction of justice, witness tampering and threats of bodily harm and criminal prosecution, which violate both Federal and Florida statutes. *Reynolds v. Condon,* 908 F. Supp. 1494, 1507 (N.D. Iowa, 1995); *Anthony Distributors, Inc. v. Miller Brewing Company,* 941 F. Supp. 1567, 1579-1580 (M.D. Fla. 1996).

## D. CERTIFICATION OF DISCUSSION WITH OPPOSING COUNSEL

The undersigned has discussed the substance of these Motions with opposing counsel and was unable to resolve the underlying issues presented in these Motions.

Respectfully submitted,

*/s/ Robert W. Rasch*

Robert W. Rasch
Florida Bar No. 0890560
ROBERT W. RASCH, P.A.
201 Live Oak Lane
Altamonte Springs, Florida 32714
(407) 865-7473
Fax (407) 865-5979

## CERTIFICATE

I HEREBY CERTIFY that a true and correct copy of this document has been served by facsimile and U.S. mail this 16th day of January, 2002 to Tucker H. Byrd, Esq., Greenberg Traurig, P.A., 111 N. Orange Avenue, Suite 2050, Orlando, Florida 32801.

*/s/ Robert W. Rasch*

Robert W. Rasch

# DOCUMENT

# NOT

# SCANNED

\_\_\_\_\_  Exceeds scanner's page limit
\_\_\_\_\_  Physical exhibit prevents scanning
__X__  Other:_____

# **REFER TO COURT FILE**

Revised 8/11/99