

NIGHT BOX FILED

2002 JAN 31  PM 4: 01

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EARTH TECH, INC.,
a California Corporation,
TYCO INTERNATIONAL SERVICES, AG,
a Swiss Corporation, and
TYCO INTERNATIONAL (US) INC.,
a Nevada Corporation,

                    **Plaintiffs,**

v.

MIGUEL DELGADO BELLO,

                    **Defendant.**

Case No.:  6:00-CV-1536-ORL-31JGG

MIGUEL DELGADO BELLO,

                    **Counterplaintiff,**

v.

EARTH TECH, INC.,
a California Corporation,

                    **Counterdefendant.**

## PLAINTIFFS' MEMORANDUM OF LAW
## IN OPPOSITION TO DEFENDANT'S MOTIONS FOR SANCTIONS,
## TO COMPEL DISCOVERY, AND TO AMEND COUNTERCLAIM

        Plaintiffs respectfully submit this memorandum of law in opposition to defendant

Miguel Delgado's motions for sanctions, to compel disclosure of privileged conversations, and to

amend his counterclaims.  These motions are frivolous and should be denied.

### PRELIMINARY STATEMENT

        Delgado filed these motions on the evening before the most recent hearing

(January 18) and their purpose could not be more obvious:  to try to divert attention from his own

misconduct -- and perjury -- and to pressure plaintiffs into settling, by slinging mud at them. Delgado tried a similar stunt before the October 30, 2001 hearing when his counsel wrote a letter to the FBI -- making similar wild and false accusations -- and tried to introduce the letter at the hearing. (Transcript Of Hearing On Plaintiffs' Motion For Injunctive Relief And Sanctions, at 102-104.) This abusive practice should be punished, not condoned. Delgado's central claim -- that plaintiffs' lawyer Michael Diaz tried to bribe and threaten witnesses in Venezuela -- has no more basis in fact than the outrageous accusation made at the January 18 hearing that plaintiffs' lawyer Robert Atkins changed the e-mail passwords to frame Delgado.

Delgado's sanctions motion -- his second in less than a month -- is not based on evidence, but rather on reckless allegations and libelous hearsay of his friends in Venezuela who themselves have sued Earth Tech for millions of dollars. Delgado's motion to compel Earth Tech's General Counsel to disclose privileged conversations with outside counsel (Mr. Diaz) is frivolous on its face. And Delgado's motion to amend his counterclaims to add specious civil rights and RICO allegations is designed to protract the lawsuit, drive up the cost of litigation, and further harass plaintiffs with futile claims having nothing to do with this simple employment dispute.

Sanctions should be imposed on Delgado and his counsel for making such frivolous motions and wasting the time of the parties and the Court. The goal of Rule 11 sanctions is to "reduce frivolous claims, defenses, or motions, and to deter costly meritless maneuvers." Donaldson v. Clark, 819 F.2d 1551, 1556 (11th Cir. 1987) (en banc). Rule 11 is intended to address exactly the kind of motion practice Delgado is engaged in -- i.e., to

2

"discourage dilatory or abusive tactics and help to streamline the litigation process by lessening frivolous claims or defenses." Id. (quoting Pin v. Texaco, Inc., 793 F.2d 1448, 1455 (5th Cir. 1986)).  See Patterson v. Aiken, 841 F.2d 386, 387 (11th Cir. 1988).  Delgado's motions are also "unreasonable," "vexatious," and intended to multiply these proceedings in violation of 28 U.S.C. § 1927.  See Malautea v. Suzuki Motor Co., Inc., 987 F.2d 1536, 1544 (11th Cir. 1993). Sanctions against Delgado and his counsel are particularly appropriate here, because these motions are only the latest in a pattern of baseless allegations and unfounded attacks leveled against plaintiffs and their counsel.

Accordingly, the Court should deny Delgado's motions and impose sanctions pursuant to Fed. R. Civ. P. 11(c)(1)(A) and 28 U.S.C. § 1927.  Nothing less will deter Delgado. The Court should also bar him from filing any further motions without first seeking leave of the Court.

## ARGUMENT

### ALL OF DELGADO'S MOTIONS ARE FRIVOLOUS AND SHOULD BE DENIED

Delgado's motions are part of the same campaign of harassment and lies that are the subject of plaintiffs' pending sanctions motion.  And they have the same improper purpose: to force plaintiffs into paying him a settlement he does not deserve.  Now that he has been exposed as the source of the extortionate faxes and e-mails -- and committed perjury in denying his role -- Delgado is trying to use the processes of the Court to vex plaintiffs.  Without any credible evidentiary basis, Delgado and his counsel smear plaintiffs and their counsel with overheated and absurd charges of "conspiracy" and "criminality."  Delgado has moved for

3

sanctions, to compel additional depositions of Earth Tech's General Counsel (Charles Alpert) and outside counsel (Michael Diaz), and to amend his counterclaims to assert "claims" under a civil rights statute and RICO.

The crux of all of the motions is this: Delgado claims that, in February 2001, attorneys for plaintiffs (Michael Diaz and Francis Arocha) offered to settle a Venezuelan lawsuit brought by one of Delgado's friends, Jesus Aristimuno, for $75,000. Delgado characterizes this alleged settlement proposal as a "bribe." Delgado further claims that, on August 29, 2001, Mr. Diaz threatened "to cause Delgado bodily harm during a meeting in Venezuela" if Delgado did not settle with Earth Tech. Lastly, Delgado claims that plaintiffs' litigation counsel (Robert Atkins) tried to interfere with the deposition of Phillip Gordon, the president of United States.com, the free e-mail service Delgado used to send many of the phony and extortionate e-mails. (Delgado Mem. at 3.)

As we can best glean, Delgado asserts that plaintiffs' lawyers engaged in some sort of sinister "cover up" and that Mr. Diaz (and, by implication, presumably Mr. Alpert) violated federal criminal statutes proscribing "attempted bribery" and "witness tampering" warranting sanctions against plaintiffs. (Delgado Mem. at 4.) Delgado also seeks to compel additional depositions of Messrs. Alpert and Diaz so that they can be forced to disclose privileged communications under the "crime/fraud exception." (Delgado Mem. at 6.) And now, eleven months after the deadline for amending pleadings and just six weeks before the close of discovery (March 15), Delgado seeks to amend his counterclaims to assert supposed civil rights and RICO claims for the "emotional" injury he allegedly has suffered.

4

These motions are inherently incredible and frivolous, and they should be denied.

**A.    Delgado's Sanctions Motion is Frivolous**

Tactical sanctions motions such as Delgado's should be recognized for what they are and denied. And the cost of defending against such motions should be borne by the movant.

Libelous and inflammatory charges of the type made by Delgado should be viewed with suspicion and subject to an exacting standard of proof. Although Delgado has tried to peddle his claim -- that plaintiffs' attorney threatened him and his friends in Venezuela -- to the FBI, the U.S. Embassy (allegedly), and this Court, he has presented no credible evidence to corroborate this allegation or the "conspiracy" and "bribes" he imagines. These accusations about a respected member of the Florida bar (Mr. Diaz) come from a witness (Mr. Delgado) who has already given false and incredible testimony to this Court. [1]

Mr. Diaz has been deposed and has credibly refuted every charge. Moreover, given the malicious and reckless nature of Delgado's accusations, Mr. Diaz was forced to retain private counsel and seek a retraction in a letter to Delgado's counsel, Mr. Rasch. (Additional

---

[1]    Delgado and his counsel also appear to be engaging in precisely the same type of conduct for which Delgado's counsel has previously been sanctioned. See Riccard v. Prudential Ins. Co. of America, Case No. 6:97-CV-1390-Orl-31DAB (M.D. Fla. February 26, 2001) (imposing sanctions against Robert Rasch and his client for "baseless filings," "abusive" conduct, filing a "baseless" Rule 11 motion, and for "further clogging the judicial machinery with meritless pleadings, and further overloading of already overloaded court dockets." Notably, that case, like the present one, involved the client's "near-obsession" and "harassment" of his former employer -- in that case, Prudential. It is also notable that, in Riccard, Mr. Rasch tried to avoid the imposition of monetary sanctions on the ground that "embarrassment stemming from the sanction order is itself a sufficient deterrent to such future conduct." Id. at n.3. The Court was unpersuaded by that representation, and its skepticism has proven to be prescient. (A copy of this Order is annexed hereto as Exhibit A.)

copies of Mr. Diaz's Affidavits, and the letter from Diaz attorney Peter W. Homer, are annexed hereto as Exhibit B.  A copy of the transcript of his deposition is also annexed hereto.)

No independent, objective evidence has been presented by Delgado to disbelieve Mr. Diaz or credit Delgado's outrageous accusations.  To illustrate just how flimsy Delgado's sanctions motion is, he relies on the hearsay of Jesus Aristimuno -- a friend and fellow litigant with no credibility.  Like Delgado, Aristimuno has sued Earth Tech in Venezuela, seeking $1.4 million based on a purported contract signed by Delgado.  (Plaintiffs' Complaint and Demand For Jury Trial ("Complaint"), dated November 15, 2000, at ¶¶ 32-37; Plaintiffs' Amended Complaint ("Amended Complaint"), dated October 10, 2001, at ¶¶ 35-40.)  That is one of the contracts at issue in this case:  Earth Tech alleges that Delgado entered into a contract with Aristimuno without any authority (to benefit both himself and Aristimuno) and, therefore, it is void.  (See Complaint, at ¶¶ 32-37; Amended Complaint, at ¶¶ 35-40.)  If Earth Tech prevails against Delgado in this case, Aristimuno stands to lose his claim, and perhaps a lot of money.  He is a friend of Delgado, a plaintiff against Earth Tech, and a witness with a personal financial stake in Delgado's success (or failure) in this case.  Aristimuno's affidavit is defamation, not evidence.

Even if there were any truth to Delgado's charges, plaintiffs' purported behavior in the Venezuelan lawsuits is not a matter for this Court.  As for Delgado's claim that plaintiffs' counsel (Mr. Atkins) somehow interfered with Mr. Gordon's deposition, the truth is that the deposition went forward on January 15, Mr. Gordon produced documents subpoenaed by Delgado, and the delay in the deposition was due to Mr. Gordon's schedule and what Delgado

6

has characterized as Mr. Gordon's "mysterious" skiing accident. (Delgado's Memorandum In Support Of Emergency Motion For Extension Of Time To Complete Discovery, filed January 8, 2002, at 5.)

Since Delgado's sanctions motion is baseless, and was asserted merely as a counterattack to distract the Court's attention from Delgado's misconduct and to harass plaintiffs, it should be denied.

**B.**     **Delgado's Motion to Compel Is Frivolous**

Charles Alpert (Earth Tech's General Counsel) and Michael Diaz (one of plaintiffs' outside counsel) have already been subjected to lengthy and thorough questioning by Mr. Rasch. Mr. Alpert was deposed on December 4, 2001 and Mr. Diaz was deposed on November 20, 2001. As the transcripts of the depositions reveal, the examinations were unobstructed and plaintiffs properly asserted the attorney-client privilege with respect to conversations between Mr. Alpert and his attorney Mr. Diaz. [2]

Delgado asserts that the "crime-fraud" exception entitles him to discover those undeniably privileged communications. Delgado has not even come close to meeting his heavy burden of proving that the Court should interfere with Earth Tech's privileged relationship with

---

[2]     The privilege was asserted where appropriate. It was obviously not asserted to protect any "misdeeds", as Delgado falsely and recklessly alleges -- there were no such "misdeeds." For the sake of clarity and completeness, plaintiffs are filing herewith complete transcripts of the depositions of Messrs. Diaz and Alpert. (Copies of these Transcripts are annexed hereto as Exhibit C.)

its counsel. Like the others, this motion is all hyperbole and no substance. Like the others, this motion is an effort to harass plaintiffs and escalate the cost of defense. [3]

Communications concerning the solicitation or rendering of legal advice are, of course, privileged. See, e.g., In re Grand Jury Proceedings (Twist), 689 F.2d 1351, 1352 (11th Cir. 1982); see generally 8 J. Wigmore, Evidence § 2292 at 554 (McNaughton rev. ed. 1961) (discussing elements of the inveterate attorney-client privilege). Under limited and rare circumstances, the privilege may be pierced if the evidence establishes that the communication at issue was made in furtherance of a crime or fraud. See, e.g., In re Sealed Case, 107 F.3d 46, 51 (D.C. Cir. 1997). Under the crime-fraud exception, the burden of proof is on the proponent seeking to invade the privilege. To satisfy that burden, the proponent must overcome two hurdles: First, the proponent must prove "that the client was engaged in criminal or fraudulent conduct when he sought the advice of counsel, that he was planning such conduct when he sought the advice of counsel, or that he committed a crime or fraud subsequent to receiving the benefit of counsel's advice." In re Grand Jury Investigation (Schroeder), 842 F.2d 1223, 1226 (11th Cir. 1987). Second, the proponent must prove that "the attorney's assistance was obtained in furtherance of the criminal or fraudulent activity or was closely related to it." Id.

Neither of these requirements is satisfied here. Delgado has not even articulated what "advice of counsel" or "attorney's assistance" he is referring to. In any event, he has made no evidentiary showing that Mr. Alpert (the client) was engaged in or planning a crime when he

---

[3]  Moreover, Delgado is seeking "communications" that simply do not exist. Therefore, in addition to being baseless, this motion is also futile.

sought Mr. Diaz's advice, or that Mr. Alpert committed a crime with the benefit of Mr. Diaz's

advice.  Nor has Delgado made an evidentiary showing that Mr. Diaz's assistance was obtained

in furtherance of a crime.  Delgado's accusations are utterly false and are categorically denied. [4]

The criminality requirement cannot be satisfied by mere allegations, let alone the

incredible allegations asserted by Delgado.  "That showing [of criminality] must have some

foundation in fact, for mere allegations of criminality are insufficient to warrant application of

the exception."  Id.  See also Clark v. United States, 289 U.S. 1, 15 (1933).  Delgado has not

demonstrated any "criminality," nor has he proven that Mr. Diaz's legal advice was solicited or

rendered in relation to any "criminality."

Regardless of Delgado's fantastic account of the conversations he and his friends

allegedly had with Mr. Diaz in Venezuela, he has not shown that Mr. Alpert committed or

instigated a crime or sought Mr. Diaz's assistance (or anyone else's) to commit a crime (or vice

versa).  As for Mr. Diaz himself, Mr. Rasch asked Mr. Diaz during his deposition about

Delgado's allegations and Mr. Diaz denied them.  (Transcript of Deposition of Michael Diaz, at

23-24.)  No one other than Delgado (a demonstrated perjurer) and his fellow litigants has

"corroborated" any of Delgado's criminal allegations.  Earth Tech's privilege should be honored

here, not abrogated.  Delgado's invocation of the crime fraud exception is utterly meritless and

his motion to compel should be denied.

---

[4]  Delgado's so-called "prima facie" evidence is based on the wild accusations made by
Delgado's friend, associate, and fellow litigant against Earth Tech, Jesus Aristimuno.

**C.**     <u>Delgado's Motion to Amend Is Frivolous</u>

Delgado should not be permitted to protract this litigation even further by filing additional untimely, unrelated, and futile counterclaims. As the Court is aware, this lawsuit is based upon a simple employment dispute between Earth Tech and Delgado. Earth Tech brought this action to recover damages arising from Delgado's dishonesty and misconduct as an Earth Tech employee. Delgado, who was a salaried, at will employee, counterclaimed for a $2 million "bonus" he supposedly earned helping Earth Tech win a contract in Venezuela.

Delgado has already multiplied and confounded the litigation by engaging in the fraudulent and extortionate e-mail campaign that is the subject of plaintiffs' pending motion for sanctions. As a result of Delgado's refusal to cease his harassment of Earth Tech and Tyco, plaintiffs were forced to file a sanctions motion, an amended complaint asserting Lanham Act violations, and a motion for a preliminary injunction arising from Delgado's violation of the Anticybersquatting Consumer Protection Act. Plaintiffs have also been forced to spend an inordinate amount of time and money responding to Delgado's frivolous accusations. Now, just as discovery is coming to a close and Earth Tech is preparing its dispositive pre-trial motions, Delgado is seeking to further complicate and protract the case by introducing new, unrelated, and frivolous claims.

Under Federal Rule of Civil Procedure 15, once a responsive pleading has been filed, a party may amend a pleading only by the parties' consent or "by leave of court." Fed. R.

Civ. P. 15(a).[5]  Delgado already filed counterclaims on March 2, 2001, and amended

counterclaims on April 19, 2001.  Plaintiffs filed their answer to Delgado's amended

counterclaims on May 7, 2001.  Therefore, Delgado may not amend or supplement his

counterclaims without leave of the Court.  Under Rule 15, granting or denying leave to amend or

supplement is within the district court's discretion.  Rule 15(a) provides that leave may be

granted "when justice so requires."  Id.  Here, justice requires that leave be denied.  In fact, this

is precisely the type of case that warrants the denial of a motion to amend counterclaims.  See

generally 6 Wright, Miller & Kane, Federal Practice and Procedure § 1487, at 611 (2d ed. 1990)

(recognizing that district court has discretion to deny motions for leave to amend; "amendment

policy prescribed by Rule 15(a) does not mean that leave will be granted in all cases."); see also

Nat'l Serv. Indus., Inc. v. Vafla Corp., 694 F.2d 246, 249 (11th Cir. 1982) (decision whether to

grant request for leave is within sound discretion of trial court and will not be granted

automatically).

 As the Eleventh Circuit has held, there are "numerous grounds for denial of [a

motion to amend] including undue delay, undue prejudice . . . and futility of the amendment."

Abramson v. Gonzalez, 949 F.2d 1567, 1581 (11th Cir. 1992) (citing Nolin v. Douglas County,

903 F.2d 1546, 1550 (11th Cir. 1990)).  More recently, in Stoecklin v. United States, 1997 WL

1039239 at *2 (M.D. Fla. Sept. 19, 1997), the court denied a motion to add a claim purporting to

arise from a Justice Department attorney's violation of his "rights."  In denying the motion, the

---

[5]   This court has held that the analyses under Rule 15(a) and Rule 15(d) are the same.
Stoecklin v. United States, 1997 WL 1039239, at *1 (M.D. Fla. Sept. 19, 1997); see 6A Wright
& Miller, Federal Practice and Procedure § 1510, at 209-10.

11

court observed that a "district court may consider such factors as 'undue delay, bad faith or dilatory motive on the part of movant . . . undue prejudice to the opposing party by virtue of allowance of the amendment [or supplement, and] futility of the amendment [or supplement].'" (quoting Foman v. Davis, 371 U.S. 178, 182 (1962)) (emphasis added).

Each of these factors for denying leave to amend is present here:

First, the alleged conduct giving rise to the claims took place in February and August 2001. Delgado has waited at least five months prior to seeking to assert any such claims.

Second, any such claims are plainly brought in "bad faith" and with a "dilatory motive." As noted above, and in the record before the Court, Delgado has consistently acted in bad faith since the commencement of this action. He has sent numerous threatening e-mails and faxes to high-ranking Earth Tech and Tyco executives; he has perjuriously denied having anything to do with those communications; he has stolen Tyco's "TYCO" mark in violation of 15 U.S.C. § 1125(d); he has testified ("incredulously," as the Court found, Order Granting Plaintiffs' Motion For Preliminary Injunction, Case No. 6:00-cv-1536-Orl-31JGG, at 6, 8 (M.D. Fla. Nov. 5, 2001)) that he did not send the August 28, 2001 e-mail announcing the creation of his fraudulent "tycovenezuela.com" website and that he stole the TYCO mark merely in an effort to protect the Venezuelan government from further "fraud;" he has tried to avoid a deposition; and he has sought to smear plaintiffs and their counsel with false and malicious accusations. Now, at the conclusion of the hearing on plaintiffs' motion for sanctions and shortly before the discovery cut-off, he is seeking to introduce claims that have nothing to do with the instant

12

litigation. These "claims" are only the most recent manifestation of Delgado's bad faith, and he is seeking to file them for the sole purpose of delay and harassment.

Third, plaintiffs will suffer undue prejudice if Delgado is permitted to file the proposed counterclaims. Suehle v. Markem Machine Co., 38 F.R.D. 69, 70-71 (E.D. Penn. 1965) is particularly instructive on this point. In that case, in denying a Rule 15 motion on the ground of undue prejudice, the court observed the following: "The action is a simple breach of contract suit with a counterclaim; the issues are relatively uncomplicated, and a trial should be comparatively short. To add a claim under the antitrust laws now . . . would unduly complicate the issues [and] result in unnecessary confusion and unjustifiable delay." The same is true here. This action involves a simple employment dispute, which has already been unnecessarily complicated by Delgado's misconduct. The discovery cut-off is March 15, 2001. Shortly thereafter, plaintiffs intend to file a motion for summary judgment, which may dispose of much of the case. If Delgado's motion to amend is granted, plaintiffs will be forced to incur even greater additional costs, including travel to Venezuela, among other things -- all to defend against specious claims designed to delay the case and force an unwarranted windfall settlement. See Acosta-Mestre v. Hilton Int'l of Puerto Rico, 156 F.3d 49, 52-53 (1st Cir. 1998) (affirming district court's denial of motion to amend as a result of undue delay, additional costs, and necessity of re-opening of discovery); cf. Smith v. Costa Lines, Inc., 97 F.R.D. 451 (D.C. Cal. 1983); see generally Wright, Miller & Kane, Federal Practice and Procedure §§ 1487-1488 (discussing grounds for denial of rule 15 motions, including delay, costs, bad faith, and undue prejudice).

Fourth, under <u>Foman</u> and its progeny, the proposed counterclaims would also be "futile." Delgado makes the preposterous claim that he has been "physically, emotionally and psychologically" injured by the supposed conduct of plaintiffs. (Delgado Mem. at 7.) He proposes filing claims under 42 U.S.C. § 1985(2) (Conspiracy to Interfere with Civil Rights) and 18 U.S.C. §§ 1961 <u>et. seq.</u> (RICO). Any such claims would be subject to dismissal under Fed. R. Civ. P. 12(b)(6) and sanctions under Rule 11.

To state a claim under Section 1985, which was passed as part of the Ku Klux Klan Act of 1871, a party must be able to allege the following: (1) a conspiracy between two or more persons; (2) to deter a witness by force, intimidation, or threat from attending court or testifying freely in any pending matter; and (c) resulting injury to the plaintiff. <u>See</u> 5 Sand <u>Modern Federal Jury Instructions</u> ¶ 87.04, at 87-296.1 (2001). There is a "weighty burden to establish a civil rights conspiracy." <u>Hinkle v. City of Clarksburg, West Virginia</u>, 81 F.3d 416, 421 (4th Cir. 1996). Moreover, the Eleventh Circuit assesses Section 1985(2) claims under a "heightened pleading standard." <u>See</u> <u>Griswold v. Alabama Dep't of Indus. Rel.</u>, 903 F. Supp. 1492, 1501 (M.D. Ala. 1995) (dismissing Section 1985(2) claim and observing that "conclusory, vague, and general allegations of conspiracy may justify dismissal of a complaint"); <u>see also</u> <u>Bradt v. Smith</u>, 634 F.2d 796, 801 (5th Cir. 1981). Delgado cannot state a Section 1985 claim under Rule 12(b)(6), much less meet his heavy burden.

Delgado cannot satisfy the elements of "conspiracy" or "injury." Unlike a criminal conspiracy -- the essence of which is an unlawful <u>agreement</u> (regardless of the conspiracy's ultimate success), <u>see, e.g.</u>, <u>United States v. Rabinowich</u>, 238 U.S. 78, 86 (1915) --

14

the essence of a civil conspiracy is resulting <u>injury or damages</u>. <u>See</u> 5 Sand, <u>Modern Federal

Jury Instructions</u> ¶ 87.04, at 87-298.1 (2001) ("the gravamen of civil conspiracy is <u>resulting

damage</u>") (emphasis added) (citing <u>Nalle v. Oyster</u>, 230 U.S. 165 (1913)). In <u>West v. Carson</u>, 49

F.3d 433, 436-37 (8th Cir. 1985), for example, the Eighth Circuit affirmed a finding that because

there was no civil rights violation that caused actual injury to the plaintiff, there could be no

recovery on a conspiracy to violate the plaintiff's civil rights. As the court aptly stated, "a

conspiracy alone will not support a judgment for civil liability. <u>There must also be some act

done in furtherance of the conspiracy which damaged the plaintiff</u>." <u>Id</u>. at 436 (emphasis added).

<u>See also Nalle v. Oyster</u>, 230 U.S. 165 (1913) (plaintiff could not recover for conspiracy to

defame where no libelous statements were uttered, or where they were privileged); <u>Rotermund v.

United States Steel Corp.</u>, 474 F.2d 1139 (8th Cir. 1973) (plaintiff could not recover on theory of

conspiracy to breach contract when there was no actual breach.)

Delgado "civil rights" claim is based upon the (false) accusation that attorney

Michael Diaz allegedly threatened him with "bodily harm" if he pursued his claims or did not

settle. (Delgado Memo. at 3.) This is insufficient to state a conspiracy under Section 1985.

Even assuming the truth of the allegations, it is obvious that Delgado suffered no harm or injury.

He chose to testify, at length, during the course of the two day hearing on plaintiffs' motion for

sanctions. He has submitted three affidavits (falsely) denying any misconduct -- and accusing

Earth Tech and Tyco of misconduct. And he has attended all of the depositions taken by the

plaintiffs in this case. In short, Delgado has obviously not been "deter[red]" or "intimidated"

from testifying before this Court "or from any matter pending therein." 18 U.S.C. § 1985(2).

15

Thus, because Delgado has suffered no damages or injury, he cannot satisfy the injury element of Section 1985(2) (which is both a discrete element of the claim, as well as a principal part of the first element).  See Rylewicz v. Beaton Servs., Ltd., 888 F.2d 1175, 1180 (7th Cir. 1989); Rutledge v. Arizona Board of Regents, 859 F.2d 732, 735 (9th Cir. 1988) (dismissing Section 1985 claim on ground that "[e]ven if potential witnesses to [plaintiff's] federal action were intimidated, such intimidation had no effect on his ability to present a case in federal court"); Brown v. Chaffee, 612 F.2d 497, 502 (10th Cir. 1979) (dismissing Section 1985 claim where plaintiff testified in court); see also David v. United States, 820 F.2d 1038, 1039-40 (9th Cir. 1987) (summary judgment warranted where plaintiff testified, because "[a]llegations of witness intimidation under § 1985 will not suffice for a cause of action unless it can be shown the litigant was hampered in being able to present an effective case") (emphasis in original). [6]

Moreover, Delgado cannot present any specific evidence of an agreement or a "meeting of the minds" -- the sina qua non of a conspiracy.  See Kunik v. Racine County, Wisconsin, 946 F.2d 1574, 1580 (7th Cir. 1991).  His conjecture and speculation are insufficient.

---

[6]   Delgado's representation that there need be no actual intimidation or injury is yet another in a series of false and misleading statements to the Court.  The cases he cites in purported support of that proposition having nothing whatever to do with Section 1985(2).  United States v. Carzoli, 447 F.2d 774 (7th Cir. 1971), cert. denied, 404 U.S. 1015 (1972) and Knight v. United States, 310 F.2d 305, 307 (5th Cir. 1962) involve the criminal obstruction of justice statute, 18 U.S.C. § 1503, and simply restate the obvious proposition that "success" is not a prerequisite to a charge of endeavoring to obstruct justice.  Those cases do not discuss injury under Section 1985(2).  The third case upon which he purports to rely, McMillian v. Johnson, 88 F.3d 1554, 1571 (11th Cir. 1996), is also miscited.  That case does not involve Section 1985(2).  Rather, it is based on a Section 1983 claim arising from the alleged suppression of evidence under Brady, and simply holds that the government is prohibited from interfering with defense witnesses.  Like the other cases Delgado cites, McMillian has no application here.

16

As the court held in <u>Hinkle</u>, 81 F.3d at 421-23, to establish a conspiracy, a plaintiff must present

"specific circumstantial evidence that each member of the conspiracy shared the same

conspiratorial objective." <u>See also Griswold</u>, 903 F. Supp. at 1500-1501 (dismissing Section

1985(2) claim).

      Delgado cannot state a claim under Section 1985(2). Therefore, for the additional

reason of "futility," Delgado's motion to amend to assert a civil rights claim should be denied. [7]

<u>See also</u> <u>Clark v. Exxon Corp.</u>, 159 F.R.D. 26, 28-29 (M.D. La. 1994) (Under Rule 15, a claim to

amend can be denied as futile if it cannot withstand a motion to dismiss); Wright et al. § 1487, at

637-43 (discussing district court's discretion to deny leave if claim is frivolous or legally

insufficient).

---

[7]   For these same reasons, Delgado should not be permitted to amend his counterclaims to assert a claim under RICO. As is the case regarding the proposed Section 1985, a RICO (or any other claim) would present the same factors delineated by the Supreme Court in <u>Foman,</u> which require the denial of Delgado's motion: undue delay, bad faith, dilatory motive, undue prejudice, and futility. <u>See Foman v. Davis</u>, 371 U.S. at 182.

Little more needs to be said about the proposed RICO count. It would be asserted for the above-noted improper reasons, and like the Section 1985 claim, would be "futile." The elements of RICO are (a) the existence of an "enterprise:" (b) the enterprise affected interstate commerce; (c) the defendants were associated with or employed by the enterprise; (d) the defendants engaged in a pattern of "racketeering activity;" (e) the defendants conducted or participated in the conduct of the enterprise through that pattern of racketeering activity. <u>See, e.g.,</u> <u>United States v. To</u>, 144 F.3d 737, 747 (11th Cir. 1998). Among other things, Delgado cannot possibly satisfy the pleading requirements regarding the existence of or participation in any "racketeering activity" under section 1961. <u>See United States v. Beasley</u>, 72 F.3d 1518 (11th Cir. 1996), <u>cert. denied</u>, 519 U.S. 866 (1996). Thus, leave should be denied on the ground of futility (among the other grounds), because a RICO claim would be both legally insufficient under 12(b)(6) and frivolous. <u>See Johnson v. Oroweat Foods Co.</u>, 785 F.2d 503, 510 (4th Cir. 1986).

In sum, because Delgado's proposed counterclaims would be futile, frivolous, asserted in bad faith and for other improper purposes, and also would cause delay, undue prejudice, and expense, his motion for leave to amend should be denied.

## CONCLUSION

For the foregoing reasons, Delgado's motions should be denied. Moreover, he and his counsel should be sanctioned under Rule 11 and 28 U.S.C. § 1927, and they should be barred from filing any further motions without first seeking leave of the Court.

Dated:    January 31, 2002
          Orlando, Florida

GREENBERG TRAURIG, P.A.
Attorneys for Plaintiffs
450 S. Orange Ave. Suite 650
Orlando, Florida 32801
Telephone:  (407) 420-1000
Facsimile:  (407) 841-1295

By: _____
    Tucker H. Byrd, Esq.
    Florida Bar No. 381632

JACKSON, LEWIS, SCHNITZLER
 & KRUPMAN
Randall W. Lord
Florida Bar No. 765422
390 North Orange Avenue
Orlando, Florida 32802
Telephone:  (407) 246-8440
Facsimile:  (407) 246-8441

18

*Of Counsel:*

Robert A. Atkins
Mathew S. Rosengart
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone:     (212) 373-3000
Facsimile:     (212) 373-2225

\\orl-srv01\BYRDT\184358v01\3Y9201!.DOC\1/31/02\52165.010100

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Plaintiffs'
Memorandum of Law in Opposition to Defendants' Motions for Sanctions, to Compel
Discovery, and to Amend Counterclaim has been furnished via facsimile and U.S. Mail
this 31st day of January, 2002 to Robert Wallace Rasch, Esq., 201 Live Oak Lane,
Altamonte Springs, Florida 32714.

GREENBERG TRAURIG, P.A.
Attorneys for Plaintiff
450 South Orange Ave., Suite 650
Orlando, Florida 32801
Telephone:    (407) 420-1000
Facsimile:    (407) 841-1295

By: _____ for
Tucker H. Byrd, Esq.           FL Bar No.
Florida Bar No. 381632         011510

Of Counsel:
Robert A. Atkins
Mathew S. Rosengart
PAUL, WEISS, RIFKIND, WHARTON
& GARRISON
1285 Avenue of the Americas
New York, NY 10019-6064
Telephone: 212-373-3000
Facsimile: 212-373-2225

JACKSON, LEWIS, SCHNITZLER & KRUPMAN
390 North Orange Avenue
Orlando, Florida 32802
Telephone:    407-246-8440
Facsimile:    407-246-8441
Attorneys and Trial Counsel for Plaintiffs Earth Tech, Inc.,
Tyco International Services, AG, and Tyco International (US) Inc.

# DOCUMENT

# <u>NOT</u>

# SCANNED

_____ Exceeds scanner's page limit
_____ Physical exhibit prevents scanning
__X__ Other: _Exhibits_____

# **REFER TO COURT FILE**

Revised 8/11/99