**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

|  |  |
|---|---|
| EARTH TECH, INC., a California corporation, TYCO INTERNATIONAL SERVICES, AG, a Swiss Corporation And TYCO INTERNATIONAL (US) INC., a Nevada Corporation,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>MIGUEL DELGADO BELLO,<br><br>　　　　Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

Case No. 6:00-CV-1536-ORL-31JGG

---

**AFFIDAVIT OF COUNSEL-OF-RECORD RANDALL W. LORD**
**AS TO ATTORNEYS' FEES AND COSTS**
**INCURRED BY PLAINTIFFS**

| | | |
|---|---|---|
| STATE OF FLORIDA | ) | |
| | ) | SS: |
| COUNTY OF ORANGE | ) | |

BEFORE ME, the undersigned authority, personally appeared Randall W. Lord, who, after being duly sworn, deposes and states as follows:

1.　　My name is Randall W. Lord. I am over the age of 18 years and am fully competent to testify as to the matters set forth in this affidavit, which are true and correct based upon my own personal knowledge, unless indicated to the contrary.

2.　　I am Of Counsel with the law firm of Jackson Lewis LLP (hereinafter "Jackson Lewis"), a national law firm which practices exclusively in the area of labor, employment and benefits law on behalf of management.

148

3.      I have been practicing law since 1988 and am a member in good standing of the Florida Bar.  I am admitted to practice before the United States District Courts for the Northern, Middle, and Southern Districts of Florida and the United States Court of Appeals for the Eleventh Circuit.   My practice involves representing management in employment and labor matters.

4.      I am an attorney of record for the Plaintiffs, and I am authorized to make this affidavit on their behalf.

5.      Plaintiffs retained Jackson Lewis to represent them connection with this matter during the fall of 2000.  However, Plaintiffs seek only to recover fees from Defendant Miguel Delgado Bello ("Delgado" or "Defendant") for part of the services provided by Jackson Lewis professionals during the time period beginning in February 2001 and ending in April 2002.  The fees sought to be recovered from Delgado include the fees associated with prosecution of Plaintiffs' motion for sanctions, defense of Delgado's counterclaims, one-half of the time involved in the two court hearings (October 30, 2001 and January 18, 2002), and one-half of the time involved in preparing the Proposed Findings of Fact and Conclusion of Law.

6.      Plaintiffs seek to recover fees from Delgado's counsel, Robert Rasch ("Rasch" or "Defendant's Counsel"), for part of the services provided by Jackson Lewis professionals during the time period beginning in November 2001 and ending in April 2002.  The fees sought to be recovered from Rasch have been segregated from those Plaintiffs seek to recover from Delgado.  As more specifically described in Plaintiffs' Application for Attorneys' Fees and Costs, filed simultaneously herewith, the

portion of fees and costs attributable to the conduct of Defendant's Counsel has been determined to include: (1) 50% of the cost of the two Court hearings (October 30, 2001 and January 18, 2002); (2) 50% of the cost of the Proposed Findings of Fact and Conclusions of Law; (3) 100% of the cost of defending against the sanctions and related motions made against Plaintiffs and Plaintiffs' co-counsel and (4) 100% of the cost of the deposition of Michael Diaz.

       7.     Jackson Lewis's agreement with Plaintiffs regarding fees for the firm's services is based upon a reasonable fee for hours spent on this case.

       8.     As of April 30, 2002, Plaintiffs have paid Jackson Lewis the total sum of **$16,599.00** for professional services incurred in this action that are allocable to Defendant Delgado, as described above and shown in detail on the attached **Composite Exhibit "A."** This total includes **$5,653.00** for prosecution of Plaintiffs' motion for sanctions, **$6,288.50** for defense of Delgado's counterclaims, and **$2,328.75**, representing the fees for one-half of the time involved in the two court hearings (October 30, 2001 and January 18, 2002) and one-half of the time involved in preparing the Proposed Findings of Fact and Conclusion of Law relating thereto.

       9.     As of April 30, 2002, Plaintiffs have paid Jackson Lewis the total sum of **$3,453.75** for professional services involving tasks attributable to the conduct of Defendant's Counsel, as described above and shown in detail on the attached **Composite Exhibit "A."** This total includes **$2,328.75** for 50% of the cost of the two Court hearings and 50% of the cost of the Proposed Findings of Fact and Conclusions of Law relating thereto and **$1,1250.00**, representing the total cost of defending against the sanctions and

related motions made against Plaintiffs and Plaintiffs' co-counsel and the deposition of Michael Diaz.

10.     This affidavit is based upon my personal knowledge of the facts stated herein or those facts as they appear in the business records of Jackson Lewis. Those records were kept in the ordinary course of the regularly conducted business activities of Jackson Lewis, and it was and is the regular practice of Jackson Lewis to keep such records, including, specifically, time records kept by attorneys employed by Jackson Lewis.

11.     To avoid duplication of effort and redundancy in these motion papers, I respectfully refer the Court to the factual summary and description of proceedings included in the Affidavit of Robert A. Atkins and Plaintiffs' Application for Attorneys' Fees and Costs, filed simultaneously herewith.  In addition, so the Court can consider the relevant guidelines for an award of attorneys' fees as set forth in *Florida Patient's Compensation Fund v. Rowe*, 472 So. 2d 1145 (Fla. 1985); *Hensley v. Eckerhart*, 461 U.S. 424 (1983); and Rule 4-1.5(b) of the Florida Rules of Professional Conduct, the following information is submitted:

A.      **The time and labor required.**  The undersigned reviewed invoices prepared by Jackson Lewis before they were sent to the client, and any entries that appeared redundant, excessive or unjustified were removed before the final version of each invoice was generated.

The total hours expended by Jackson Lewis attorneys and paralegals on the various categories of tasks described in this affidavit are summarized in charts included as part of **Composite Exhibit "A,"** attached hereto.

Much of the time spent was necessitated by the unusual nature of this case, which involved false testimony of the Defendant and an elaborate scheme whereby Defendant sought to gain an unfair advantage in litigation by improperly using Plaintiffs' name and trademarks. The research, factual investigation, strategic planning, analysis of e-mails and computer records, and drafting tasks caused by the wrongful litigation conduct of Defendant and Defendant's Counsel required an investment of time and energy far beyond that needed for routine litigation between an employee and his former employer.

**B.      The skill requisite to perform the legal services properly.** Jackson Lewis is a national law firm, whose attorneys specialize in the defense of labor and employment matters and complex federal court litigation. I have handled such cases since admission to the Florida Bar in 1988. Though I have spent most of my career as a litigator at large law firms, I also spent three years as in-house litigation counsel for the country's largest single-site employer, Walt Disney World Co., where my practice included federal and state litigation matters. Similarly, Deborah Frimmel has practiced exclusively in the area of employment law since her admission to the Florida Bar in 1996. Her extensive federal court experience was invaluable in preparing her to research and draft the numerous motions necessary to achieve dismissal of these claims. Carlos Burruezo was a former partner of the firm. He graduated from law school in 1989

5

and has extensive experience in federal employment litigation. Juan Lopez-Campillo, a former associate at Jackson Lewis, graduated from law school in 1997 and earned an LL.M. in Labor and Employment Law from Georgetown University Law Center in 1999. He began practicing employment law with Jackson Lewis upon graduation.

The ability to respond to the complex legal and factual allegations in the instant case, including the facility to combat the Delgado's fraudulent allegations and evidence, mandated experienced counsel with expertise in federal litigation.

C.  **Preclusion of other employment by the attorneys due to the acceptance of this case.**  No extraordinary consideration needs to be given to this factor.

D.  **The customary fee charged by the attorneys.**  The rates charged by Jackson Lewis and agreed to be paid by Plaintiffs are set forth in the attached **Composite Exhibit "A."**  These rates represent the specialized nature of our practice, but they do not exceed rates charged for similar work by other attorneys in this area, and they represent a reduction from the rates normally charged to Jackson Lewis clients. For example, my regular rate during 2001 was $250.00 per hour; my regular rate during 2002 is $260.00 per hour. My time for this matter was billed at $225.00 per hour, as was the time for former Jackson Lewis partner, Carlos Burruezo. Associate Deborah Frimmel's regular rate in 2001 was $195.00 per hour; her regular rate during 2002 is $210.00 per hour. Deborah Frimmel's time for this matter was billed at the rate of $185.00 per hour, as was the time for the former associate who worked on this matter, Juan Lopez-Campillo. The paralegals working on this file billed at their regular rate of $100.00 per

hour.  Plaintiffs seek to recover the amount of the fees incurred under the reduced rate schedule reflected on the attached **Composite Exhibit "A."**

    **E.**  **The amounts involved and the results obtained.**  While it is nearly impossible to calculate the total financial damage caused by the wrongful actions of Defendant Delgado, as described in Plaintiffs' motion for preliminary injunction and sanctions, his counterclaim alone sought more than $4,000,000.00, plus prejudgment interest, costs, and attorneys' fees.  The results achieved for Plaintiffs included success on the motion for preliminary injunction and sanctions, together with dismissal of Delgado's counterclaim.

    **F.**  **Time limitations by the client or circumstances.**  No consideration needs to be given to this factor in connection with work performed by professionals at Jackson Lewis.

    **G.**  **The nature and length of the professional relationship with the client.**  Jackson Lewis has a long-standing relationship with Plaintiffs, representing affiliated corporations in various matters.

    **H.**  **The experience, reputation and ability of the attorneys.**  As noted in paragraph 11.B., above, the lawyers and paralegals involved made a distinct contribution and were qualified to perform their individual duties.  The hours expended are well grounded in fact and justified.  These factors are reflected in the rates set forth in **Composite Exhibit "A."**

    **I.**  **Whether the fee is fixed or contingent.**  Jackson Lewis's fee is a fixed rate, based on the time expended on the case.

J.    **Awards in similar cases.**    The conduct of Defendant and Defendant's Counsel are so egregious that it will be difficult, if not impossible, to locate cases of a similar nature.    Plaintiffs recognize that the number of attorneys and the expenditure of time needed to expose Delgado's scheme and to obtain dismissal of his counterclaims went beyond that common in the usual employment or trademark infringement case; however, they assert that the time and effort were necessary under the circumstances.    They have been unable to locate "similar" cases to compare fee awards.

12.    The facts set forth herein are true and correct.

FURTHER AFFIANT SAYETH NAUGHT.

_Randall W. Lord_
RANDALL W. LORD

SWORN TO AND SUBSCRIBED before me this 27th day of June, 2002, by RANDALL W. LORD, who is personally known to me.

_Wanda M. Fulcher_
Notary Public

**WANDA M. FULCHER**
NOTARY PUBLIC - STATE OF FLORIDA
COMMISSION # CC888783
EXPIRES 8/28/2003
BONDED THRU ASA 1-888-NOTARY1

_____
(Printed Name)
My Commission Expires:

8

**SUMMARY OF PROFESSIONAL FEES**
**PAID BY PLAINTIFFS TO JACKSON LEWIS LLP**
In
*Earth Tech, Inc., et al v. Miguel Delgado Bello*
Case No.:  6:00-CV-1536-ORL-31JGG

**Page  1**

**I. Professional Services Involving Investigation and Prosecution of Plaintiffs' Motion for Sanctions Against Defendant Delgado**
*(Excluding Hearing Time, etc., Shown in Section III below)*

*Total to be Assessed Against Delgado*

| Attorney/Paralegal | Rate | Hours | TOTAL |
|---|---|---|---|
| Randall W. Lord (RWL2) | $225.00 | 21.4 | $ 4,815.00 |
| Carlos J. Burruezo (CJB) | 225.00 | .5 | 112.50 |
| Deborah E. Frimmel (DEF) | 185.00 | .3 | 55.50 |
| Sue Zagorski (SZ) (Paralegal) | 100.00 | 4.8 | 480.00 |
| Deborah S. Potts (DSP) (Paralegal) | 100.00 | 1.9 | 190.00 |
| **TOTAL** | | | **$ 5,653.00** |

**II.  Professional Services Involving Defense of Delgado's Counterclaim**

*Total to be Assessed Against Delgado*

| Attorney/Paralegal | Rate | Hours | TOTAL |
|---|---|---|---|
| Randall W. Lord (RWL2) | $225.00 | 14.0 | $ 3,150.00 |
| Carlos J. Burruezo (CJB) | 225.00 | 6.7 | 1,507.50 |
| Juan C. Lopez-Campillo (JCLC) | 185.00 | 7.0 | 1,295.00 |
| Deborah E. Frimmel (DEF) | 185.00 | 1.6 | 296.00 |
| Sue Zagorski  (SZ) | 100.00 | .4 | 40.00 |
| **TOTAL** | | | **$ 6,288.50** |

**COMPOSITE**
**EXHIBIT "A"**

**SUMMARY OF PROFESSIONAL FEES**
**PAID BY PLAINTIFFS TO JACKSON LEWIS LLP**
In
*Earth Tech, Inc., et al v. Miguel Delgado Bello*
Case No.:  6:00-CV-1536-ORL-31JGG

**Page 2**

### III.  Professional Services Involving Two Court Hearings
### (October 30, 2001 and January 18, 2002)
### and Cost of Proposed Findings of Fact
### and Conclusions of Law

*Total Fees Split Between Defendant Delgado and*
*Defendant's Counsel*

| Attorney/Paralegal | Rate | Hours | TOTAL |
|---|---|---|---|
| Randall W. Lord (RWL2) | $225.00 | 20.7 | $ 4,657.50 |
| **TOTAL** | | | **$ 4,657.50** |
| Fees allocable to Delgado | | 10.35 | **$ 2,328.75** |
| Fees allocable to Delgado's Counsel | | 10.35 | **$ 2,328.75** |

### IV.  Professional Services Involving Sanctions and Related
### Motions Made Against Plaintiffs and Plaintiffs' Counsel

*Attributable to Defense Counsel*

| Attorney/Paralegal | Rate | Hours | TOTAL |
|---|---|---|---|
| Randall W. Lord (RWL2) | $225.00 | 5.0 | $ 1,125.00 |
| **TOTAL** | | | **$ 1,125.00** |

**TIME ENTRIES BILLED TO PLAINTIFFS**
**BY JACKSON LEWIS LLP**
**FOR SERVICES PERFORMED**
**BY ATTORNEYS AND PARALEGALS**

Key to Attorneys and Paralegals Performing Services
in Earth Tech v. Delgado:

| | | |
|---|---|---|
| RWL2 - Randall W. Lord, Of Counsel: | $225 per hour |
| CJB - Carlos J. Burruezo, Former Partner: | $225 per hour |
| JCLC- Juan C. Lopez-Campillo, Former Associate: | $185 per hour |
| DEF - Deborah E. Frimmel, Associate: | $185 per hour |
| SZ - Sue Zagorski,Paralegal: | $100 per hour |
| DSP - Deborah Potts, Former Paralegal: | $100 per hour |

I. Professional Services Involving Investigation and Prosecution
of Plaintiffs' Motion for Sanctions
Against Defendant Delgado

*Total to be Assessed Against Delgado*

| DATE | ATTY | HRS | DESCRIPTION OF SERVICES RENDERED |
|---|---|---|---|
| 2/01/01 | CJB | .10 | Review electronic correspondence of Chuck Alpert regarding Miguel Delgado's communication with the Venezuelan press |
| 2/08/01 | CJB | .10 | Review correspondence from Robert Rasch regarding Miguel Delgado's contact with the media |
| 2/16/01 | CJB | .10 | Review electronic correspondence from Chuck Alpert regarding latest activity of Miguel Delgado |
| 4/02/01 | CJB | .10 | Review electronic correspondence of Charles Alpert regarding claim by McKim Creed against Miguel Delgado |
| 4/02/01 | CJB | .10 | Prepare electronic correspondence to Charles Alpert regarding conversation with William Hall of McKim Creed |
| 4/03/01 | DSP | 1.30 | Search for correct corporate entity and address for AOL in order to serve subpoena; draft subpoena |
| 4/16/01 | RWL2 | .10 | Teleconference with Les Hall regarding discovery, information needed |
| 4/19/01 | RWL2 | .10 | Review correspondence received from AOL regarding refusal to respond to subpoena |
| 4/20/01 | RWL2 | .30 | Prepare correspondence to Chuck Alpert regarding AOL's objection to subpoena and plan strategy regarding additional action required |
| 4/23/01 | RWL2 | .30 | Research regarding enforceability of subpoena against AOL and various issues raised by AOL's response to subpoena for records |
| 4/30/01 | RWL2 | .40 | Additional analysis of issues relating to subpoena of documents from internet service providers and prepare correspondence to Chuck Alpert regarding same |

1

| | | | |
|---|---|---|---|
| 5/07/01 | RWL2 | 1.20 | Telephone interview of Les Hall (McKim & Creed), advise Chuck Alpert of results of interview, and prepare memorandum regarding same |
| 5/16/01 | RWL2 | .10 | Call to Les Hall to determine whether he could identify the secretary at PDVSA to whom Delgado made disparaging remarks regarding Mr. Sarmento |
| 5/22/01 | RWL2 | .30 | Teleconference with Les Hall regarding certain information received in response to AOL subpoena and follow up request regarding identity of secretary to whom Delgado made disparaging remarks; prepare memorandum regarding same |
| 5/22/01 | RWL2 | .70 | Additional review of timing of AOL entries referencing PDVSA, media issues; finalize correspondence regarding e-mail communications |
| 5/22/01 | RWL2 | .90 | Analysis of screen names and transmission times included on documents received today from AOL, including review of Delgado's attorney's written representations regarding Delgado's publicity efforts; prepare correspondence to Chuck Alpert regarding same |
| 5/22/01 | DSP | .60 | Review and analyze documents received from America On Line in response to subpoena and mark for identification purposes |
| 5/29/01 | RWL2 | .40 | Review and respond to correspondence from Matt Rosengart and Bob Atkins regarding AOL materials, subpoena to former employer |
| 5/30/01 | RWL2 | .10 | Review correspondence from Bob Atkins regarding AOL materials and communications with Les Hall |
| 5/30/01 | RWL2 | .10 | Call to Bob Atkins regarding AOL materials, communications with Les Hall |
| 5/31/01 | RWL2 | .30 | Teleconference with Matt Rosengart regarding AOL materials, consent to act, and related matters |
| 5/31/01 | RWL2 | .10 | Prepare memorandum regarding pending tasks in connection with possible action against Delgado |
| 5/31/01 | RWL2 | .10 | Review correspondence from Bob Atkins regarding subpoena materials, McKim & Creed, and strategy |
| 5/31/01 | RWL2 | .60 | Teleconference with Bob Atkins and Matt Rosengart regarding discovery issues, possible action against Delgado regarding defamation claim, AOL information needed |
| 6/01/01 | RWL2 | .10 | Prepare correspondence to Matt Rosengart regarding witness interview with Les Hall |
| 6/01/01 | RWL2 | .10 | Review correspondence from Bob Atkins regarding additional areas of inquiry for Les Hall |
| 6/07/01 | RWL2 | .20 | Review new documents regarding e-mails and Kroll report, etc., direct follow-up action in connection with proposed subpoena |
| 6/11/01 | RWL2 | .10 | Teleconference with Matt Rosengart regarding pending tasks, and interview of Les Hall |
| 6/11/01 | RWL2 | .20 | Teleconference with Les Hall's office regarding American Express, prepare correspondence to Matt Rosengart regarding same |
| 6/15/01 | RWL2 | .20 | Prepare correspondence to Les Hall regarding American Express issue |
| 6/15/01 | RWL2 | .50 | Prepare correspondence to Matt Rosengart regarding investigation report, deposition of |

|          |      |     |                                                                                                                                                                                    |
|----------|------|-----|------------------------------------------------------------------------------------------------------------------------------------------------------------------------------------|
|          |      |     | Delgado, Les Hall interview, and various matters, and handle follow up tasks                                                                                                        |
| 6/15/01  | RWL2 | .10 | Teleconference with Les Hall's office regarding conference call and scheduling                                                                                                      |
| 6/15/01  | RWL2 | .10 | Review correspondence from Matt Rosengart regarding Sergio Almeida, discovery issues, and strategy                                                                                  |
| 6/18/01  | RWL2 | .20 | Review documents regarding subpoenas needed, Doug Haven's findings, and confer with Matt Rosengart regarding same                                                                   |
| 6/18/01  | RWL2 | .60 | Telephonic interview with Les Hall and Matt Rosengart regarding American Express account, AOL issues, Hernan de Armas, and related issues, and follow up conference with Matt Rosengart regarding pending tasks and discovery |
| 6/18/01  | RWL2 | .10 | Review Doug Haven's most recent report regarding myplace.com and analysis of potential subpoena needed regarding same                                                               |
| 6/19/01  | RWL2 | .20 | Initial work on myplace.com subpoena, including preliminary analysis of categories of documents to request                                                                          |
| 6/20/01  | RWL2 | .40 | Initial analysis of defamation issues, possible extortion claim, and common law torts implicated by recent communications from Delgado to Tyco and Tice                             |
| 6/20/01  | RWL2 | .10 | Review and respond to correspondence from Bob Atkins regarding new causes of action, injunctive relief, research required                                                           |
| 6/20/01  | RWL2 | .20 | Teleconference with Matt Rosengart regarding abuse of process claim, possible harassment or defamation claim, e-mails and potential causes of action for amended complaint, and action required |
| 6/20/01  | RWL2 | .30 | Plan action required in connection with e-mails, subpoena to myplace.com, and analysis of account information needed for subpoena                                                   |
| 6/21/01  | RWL2 | .20 | Review and respond to follow up correspondence from Bob Atkins regarding venezuela.com and related domains                                                                          |
| 6/21/01  | RWL2 | .40 | Review documents regarding myplace.com and unitedstates.com; incorporate new material into subpoenas                                                                                |
| 6/21/01  | RWL2 | .90 | Additional strategic planning regarding subpoena, possible contact with webmaster, most effective means of obtaining necessary information, procedures for service of subpoena in southern district of California, and assessment of potential torts arising from email communications |
| 6/21/01  | RWL2 | .30 | Review and respond to correspondence from Robert Atkins regarding litigation strategy, myplace.com, and possible torts committed by Delgado |
| 6/21/01  | SZ   | .10 | Telephone conference with American Legal Support Service, Inc. regarding service of process on subpoena duces tecum to P.A. Gordon at myplace.com and records custodian at unitedstates.com |

| | | |
|---|---|---|
| 6/21/01 SZ | 1.00 | Prepare two subpoenas duces tecum and exhibit A to P.A. Gordon at myplace.com and records custodian at unitedstates.com |
| 6/21/01 SZ | .30 | Prepare cover letter and facsimile to American Legal Support Service, Inc. for service of process on two subpoenas duces tecum with exhibits |
| 6/22/01 SZ | .40 | Prepare and send facsimile and copies of subpoenas, exhibits and data sheets to American Legal Support Services for service of process |
| 6/28/01 RWL2 | .30 | Review various memoranda regarding e-mail transmissions, and prepare correspondence to Mike Hernandez regarding possible motion for sanctions, statute regarding vexatious conduct in litigation, and strategy |
| 6/28/01 RWL2 | .10 | Confirm service of subpoenas regarding recent e-mail communications to Tyco and provide information to Bob Atkins regarding same |
| 6/28/01 RWL2 | .30 | Teleconference with Bob Atkins regarding possible motion for sanctions, statute regarding vexatious conduct in litigation, and strategy |
| 7/03/01 SZ | .20 | Telephone conference with Valerie at American Legal Support Services, Inc. regarding subpoenas to be served on myplace.com and unitedstates.com |
| 7/06/01 DEF | .30 | Review subpoena documents and direct paralegal with regard to service of third party subpoenas. |
| 7/06/01 SZ | .30 | Research national corporation databases for any corporate records for Unitedstates.com or Myplace.com |
| 7/06/01 SZ | .20 | Meet with Deborah Frimmel regarding non-service of subpoenas duces tecum to Unitedstates.com and Myplace.com |
| 7/12/01 SZ | .10 | Teleconference with process server regarding further investigation into name and phone number of mail box center listed on subpoena for service of process |
| 7/18/01 RWL2 | .20 | Review correspondence from Chuck Alpert and Bob Atkins regarding discovery issues, strategy regarding confidentiality, and motion for sanctions |
| 7/18/01 RWL2 | .20 | Review memoranda, status/progress reports from process server and correspondence regarding attempted service of subpoenas on myplace.com and unitedstates.com, and advise Matt Rosengart of developments |
| 7/18/01 RWL2 | .40 | Analysis of strategic options for motion for sanctions |
| 7/19/01 RWL2 | .50 | Obtain additional information regarding efforts to subpoena myplace.com and prepare correspondence to Matt Rosengart regarding same |
| 7/19/01 RWL2 | .20 | Review and respond to correspondence from Bob Atkins and Matt Rosengart regarding strategy, including analysis of attached draft demand letter |
| 7/19/01 RWL2 | .70 | Extended teleconference with Matt Rosengart regarding sanctions motion, strategy, demand |

|  |  |  | letter to Robert Rasch, response to demand from Robert Rasch regarding motion to compel, and related issues, and perform follow up tasks |
|--|--|--|--|
| 7/19/01 | SZ | .10 | Telephone conference with American Legal Support Service, Inc. (ALSSI) regarding subpoenas |
| 7/24/01 | RWL2 | .40 | Review recent appellate decisions regarding internet service provider's duty to disclose name of anonymous poster of defamatory information and prepare memorandum to Bob Atkins regarding same |
| 7/26/01 | RWL2 | .10 | Review correspondence regarding new information received from Les Hall regarding PDVSA email address, Amex charges, and Delgado's internet searches |
| 7/31/01 | RWL2 | .30 | Review and respond to numerous electronic communications with Matt Rosengart regarding demand to Robert Rasch, defamatory email communications, and strategy |
| 7/31/01 | RWL2 | .80 | Prepare draft demand to Robert Rasch to follow up on issues relating to email communications, depositions, and other discovery |
| 8/01/01 | RWL2 | .10 | Review correspondence from Bob Rasch regarding discovery and emails |
| 8/02/01 | RWL2 | .20 | Teleconference with Matt Rosengart regarding myplace.com, production of business records, communications with Bob Rasch, and follow up tasks required |
| 8/02/01 | RWL2 | .30 | Analysis of communications with Bob Rasch regarding email communications, and review new email communications included with demand |
| 9/05/01 | RWL2 | .20 | Prepare correspondence to Matt Rosengart providing information requested regarding myplace.com and associated issues |
| 9/05/01 | RWL2 | .20 | Work session to review status of efforts to subpoena records from myplace.com and to assess additional action required to obtain accountholder information from Postal Masters |
| 9/06/01 | RWL2 | .20 | Work session to plan action regarding new investigation tactics in connection with myplace.com, unitedstates.com, and mail drop company |
| 9/06/01 | SZ | .10 | Research corporate internet sites for information regarding myplace.com, unitedstates.com and Phillip Gordon |
| 9/07/01 | RWL2 | .10 | Office conference with Sue Zagorski regarding telephonic contact with unitedstates.com and direct follow up tasks |
| 9/07/01 | RWL2 | .10 | Prepare correspondence to Matt Rosengart regarding status of investigation into corporate identity associated with unitedstates.com |
| 9/10/01 | RWL2 | .10 | Review written response from unitedstates.com regarding subpoena inquiry |
| 9/10/01 | RWL2 | .10 | Plan action for further investigation of Postal Masters corporate information |
| 9/10/01 | RWL2 | .20 | Analysis of information received regarding corporate structure for website owner and mail drop business, and direct follow up action |

| Date | Initials | Hours | Description |
|---|---|---|---|
| 9/10/01 | RWL2 | .10 | Review new cease and desist letter to Delgado's counsel, received from Paul Weiss |
| 9/12/01 | SZ | .30 | Draft letter to President and CEO, UnitedStates.com regarding procedure for obtaining records and documents regarding plaintiff's registered screen names used on their website |
| 9/17/01 | RWL2 | .50 | Initial work on gathering documentation needed for motion for sanctions, and direct follow up |
| 9/17/01 | RWL2 | .20 | Teleconference with Matt Rosengart regarding documentation needed to support motion for sanctions, Delgado's presence at settlement meeting, subpoena efforts, and associated issues |
| 9/21/01 | RWL2 | .10 | Teleconference with Matt Rosengart regarding proposed motion |
| 9/21/01 | RWL2 | 1.00 | Research for cases related to motion for injunctive relief, motion for sanctions and local procedures, as requested by Matt Rosengart |
| 9/21/01 | RWL2 | .20 | Prepare correspondence to Matt Rosengart regarding briefs, motion, and strategy |
| 9/21/01 | RWL2 | .40 | Teleconference with Matt Rosengart regarding strategy, discovery motion, possible motion for sanctions |
| 9/21/01 | RWL2 | .20 | Teleconference with Matt Rosengart regarding middle district cases requested setting forth standards for preliminary injunction |
| 9/27/01 | RWL2 | .20 | Prepare correspondence to Matt Rosengart regarding Richardson decision and abuse of litigation process |
| 9/27/01 | RWL2 | .20 | Analysis of Richardson decision regarding abuse of the litigation process, threatening letter to witness |
| 9/28/01 | RWL2 | .30 | Teleconferences with Matt Rosengart regarding amendment, brief, and strategy |
| 9/28/01 | RWL2 | .20 | Strategic planning regarding proposed amendment, motion for sanctions, motion for preliminary injunction regarding cybersquatting |
| 9/28/01 | RWL2 | .20 | Teleconference with Carrie Davis at AOL to request information needed by Matt Rosengart |
| 9/28/01 | RWL2 | .20 | Additional review of non-party subpoenas and documents to provide material requested by Matt Rosengart for motion |
| 9/28/01 | RWL2 | .20 | Teleconference with Matt Rosengart regarding motion papers, AOL subpoena, and additional documentation needed |
| 9/28/01 | RWL2 | .80 | Review procedural issues regarding injunctive relief, local rules, and non-party subpoena records for information requested by Matt Rosengart in connection with motion for sanctions |
| 9/28/01 | RWL2 | .20 | Teleconference with Matt Rosengart regarding subpoenaed materials |
| 9/28/01 | RWL2 | .10 | Prepare correspondence to Matt Rosengart regarding AOL subpoena and motion for sanctions |
| 10/01/01 | RWL2 | .60 | Additional research regarding federal injunction papers, as requested by Matt Rosengart |

6

| Date | Initials | Hours | Description |
|---|---|---|---|
| 10/01/01 | RWL2 | .10 | Teleconference with Matt Rosengart regarding information learned from Carrie Davis, AOL paralegal |
| 10/01/01 | RWL2 | .40 | Teleconference with AOL paralegal Carrie Davis regarding codes in responsive documents, column headings |
| 10/03/01 | RWL2 | .40 | Initial review of motion for preliminary injunction, memorandum, and related documents |
| 10/04/01 | RWL2 | .20 | Teleconference with Tucker Byrd regarding motion, memorandum, amended complaint and procedures |
| 10/10/01 | RWL2 | .40 | Teleconference with Tucker Byrd regarding upcoming hearing, strategy, and action required |
| 10/11/01 | RWL2 | .10 | Review order scheduling hearing, setting forth deadlines for reply brief regarding motion for sanctions |
| 10/11/01 | RWL2 | .70 | Initial analysis of new complaint, motion and memorandum of law |
| 10/12/01 | RWL2 | .90 | Review Lanham Act material to assess impact on original duty of loyalty claims |
| 10/16/01 | RWL2 | .20 | Teleconference with Tucker Byrd regarding evidentiary hearing, procedures, and certificate of interested persons |
| 10/17/01 | RWL2 | .40 | Teleconference with Matt Rosengart regarding unitedstates.com, documents needed from court file, and perform follow up tasks as requested |
| 10/17/01 | SZ | .10 | Telephone conference with Matt Rosengart and Randy Lord regarding efforts to contact Unitedstates.com |
| 10/17/01 | SZ | .10 | Telephone conference with Matt Rosengart regarding contact number for Unitedstates.com |
| 10/17/01 | SZ | .10 | Telephone conference with Matt Rosengart regarding Postal Masters and Unitedstates.com contact numbers |
| 10/19/01 | RWL2 | .20 | Teleconference with Matt Rosengart regarding upcoming hearing, strategy, and subpoena |
| 10/22/01 | RWL2 | .10 | Teleconference with Matt Rosengart regarding brief and memorandum |
| 10/22/01 | RWL2 | .10 | Follow up teleconference with Matt Rosengart regarding upcoming hearing |
| 10/25/01 | RWL2 | .10 | Prepare document description for new subpoena to AOL |
| 10/25/01 | SZ | .60 | Prepare and fax subpoena for records and Exhibit A to Carrie Davis at AOL Time Warner |
| 10/29/01 | RWL2 | .30 | Initial review of reply brief |
| 10/29/01 | RWL2 | .10 | Review and respond to correspondence from Matt Rosengart regarding hearing and AOL documents |
| 11/01/01 | RWL2 | .10 | Review correspondence to Les Hall regarding AOL account information |
| 11/12/01 | RWL2 | .10 | Review order granting preliminary injunction |
| 11/27/01 | RWL2 | .10 | Review order received from court regarding motion for sanctions and hearing |
| 12/10/01 | RWL2 | .10 | Review correspondence from co-counsel and accompanying order regarding protection of evidence |
| 12/12/01 | RWL2 | .50 | Analysis of affidavits and other materials received today in connection with Philip Gordon issue, together with various memoranda directed |

|            |      |      |                                                                                                                                                                                                                    |
|------------|------|------|------|
|            |      |      | to discovery dispute, and plan strategy regarding action required in response thereto |
| 12/13/01 | RWL2 | .30  | Review documents and subpoena materials to obtain information requested by Matt Rosengart in connection with Gordon subpoena |
| 12/13/01 | RWL2 | .20  | Teleconference with Matt Rosengart regarding motion for sanctions, subpoena |
| 12/26/01 | RWL2 | 1.40 | Analysis of 2001 amendments to federal rules of civil procedure, judiciary committee notes, and advisory committee notes to determine viability of argument regarding service of Philip Gordon subpoena and motion for sanctions |
| 12/26/01 | RWL2 | .20  | Teleconference with Eli Wald regarding continued applicability of Rule 45 service requirements on non-party subpoenas |
| 12/26/01 | RWL2 | 1.10 | Analysis of newly promulgated discovery practice rules for Middle District of Florida and provide information to Eli Wald regarding same, in preparation for upcoming non-party depositions |
| 12/26/01 | RWL2 | .30  | Analysis of Middle District of Florida provisions regarding discovery of electronic communications and email information, as applicable to Delgado's request for further disclosure of email transmissions |
| 1/09/02  | RWL2 | .40  | Prepare correspondence to Matt Rosengart regarding Judge Presnell's limitations on briefs |
| 1/09/02  | RWL2 | .40  | Analysis of procedural restrictions on briefs, as requested by Matt Rosengart, including review of Judge Presnell's case management website information, and develop strategy regarding deposition excerpts |
| 1/10/02  | RWL2 | .10  | Teleconference with Tucker Byrd's office regarding emergency motion, transmittal of exhibits and additional documents |
| 1/10/02  | RWL2 | .40  | Review files for information regarding Avis receipts and related materials; follow up activities regarding rental contracts |
| 1/10/02  | RWL2 | .20  | Teleconference with Matt Rosengart regarding pre-hearing briefs, subpoena to Avis, and strategic considerations |
| 1/11/02  | RWL2 | .50  | Additional document analysis and strategic planning regarding Avis materials, Les Hall affidavit, American Express receipts, and evidence of crime |
| 1/11/02  | RWL2 | .10  | Review materials from Eli Wald regarding Delgado's improper use of American Express card and Avis records |
| 1/11/02  | SZ   | .20  | Review William Hall's affidavit and attachments in preparation for subpoena and exhibits to Avis |
| 1/14/02  | RWL2 | .20  | Review documents regarding Avis records and obtaining information regarding contracts |
| 1/14/02  | RWL2 | .30  | Prepare correspondence to Matt Rosengart regarding non-party discovery efforts, subpoena, and credit card procedures to highlight for evidentiary hearing |

8

| | | | |
|---|---|---|---|
| 1/14/02 | RWL2 | .50 | Teleconferences with various Avis locations to obtain information regarding location codes, signature procedures |
| 1/14/02 | SZ | .10 | Telephone conference with Avis, New York, regarding service of process of subpoena for records from local Avis car rental facility |
| 1/15/02 | RWL2 | .10 | Prepare correspondence to Matt Rosengart regarding new developments in connection with Avis records |
| 1/15/02 | RWL2 | .20 | Review update on status of efforts to document rental procedures, fraudulent use of credit card, and follow up activities |
| 1/15/02 | SZ | .40 | Teleconference with Carolyn Mason regarding procedure for serving subpoena for car rental records and execution of an affidavit in lieu of finding records |
| 1/17/02 | SZ | .10 | Teleconference with Carolyn Mason regarding copies of rental agreement files pertaining to plaintiff |
| 3/19/02 | RWL2 | .20 | Initial review of motion for fees and sanctions and correspondence from Eli Wald |

## II. Professional Services Involving Defense of Delgado's Counterclaim

### *Total to be Assessed Against Delgado*

| DATE | ATTY | HRS | DESCRIPTION OF SERVICES RENDERED |
|---|---|---|---|
| 2/20/01 | CJB | .50 | Teleconference with Francisco Arocha regarding claims of Delgado and those asserted by EarthTech against Delgado |
| 3/06/01 | CJB | 1.00 | Review and analyze counterclaim filed by plaintiff |
| 3/09/01 | CJB | .20 | Teleconference with Chuck Alpert regarding the counterclaim filed by Miguel Delgado |
| 3/13/01 | CJB | 5.00 | Conference with Francisco Arocha regarding claims of Miguel Delgado in the Venezuelan action |
| 3/20/01 | JCLC | 4.00 | Draft motion to dismiss Delgado's counterclaim and incorporated memorandum of law |
| 3/20/01 | JCLC | 2.50 | Research in preparation for drafting motion to dismiss counterclaim |
| 3/21/01 | JCLC | .50 | Finalize motion to dismiss plaintiff's counterclaim and incorporated memorandum of law |
| 4/16/01 | RWL2 | .20 | Analysis of action required in connection with counterclaim |
| 4/19/01 | RWL2 | .10 | Review memo regarding related litigation and plan strategy for response to counterclaim |
| 4/20/01 | RWL2 | .60 | Plan strategy regarding answer to counterclaim, including analysis of potential affirmative defenses |
| 4/23/01 | RWL2 | .20 | Review amended counterclaim and analyze differences between this claim and prior version |
| 4/23/01 | RWL2 | .50 | Extended teleconference with Chuck Alpert regarding counterclaim, and discovery strategy |

9

| | | | |
|---|---|---|---|
| 4/23/01 | RWL2 | .60 | Prepare correspondence to Chuck Alpert regarding amended counterclaim, strategy, and action required |
| 4/23/01 | RWL2 | 2.20 | Continue review of pleadings, timeline, investigative materials, witness documents, and court documents regarding former employee's allegations and status of litigation |
| 5/01/01 | RWL2 | .50 | Teleconference with Chuck Alpert regarding strategy, responses to counterclaim, subpoena, and related matters |
| 5/03/01 | RWL2 | .40 | Teleconferences with and prepare correspondence to Bob Atkins and Matt Rosengart regarding proposed defenses, strategy, subpoena, and related issues |
| 5/03/01 | RWL2 | .40 | Analysis and research regarding potential tort liability arising from conversations with current employer and possible safe harbor provisions of section 768.095, Florida statutes, and prepare memorandum regarding same |
| 5/03/01 | RWL2 | .50 | Initial research and review of issues relating to "finder's fee," commissions, and requirements of a writing under Florida law |
| 5/03/01 | RWL2 | .60 | Strategic planning regarding answer, possible motion to dismiss, and related matters, including review of additional correspondence from Bob Atkins |
| 5/03/01 | RWL2 | 2.70 | Review various memoranda and documents regarding potential defenses, and prepare answer and affirmative defenses to amended counterclaim |
| 5/07/01 | RWL2 | .90 | Incorporate various changes into proposed answer; analysis of additional defenses |
| 5/07/01 | RWL2 | 1.50 | Additional analysis of strategy regarding various defenses, including calls, conferences, and correspondence with Chuck Alpert, Bob Atkins, Matt Rosengart, and Mike Hernandez regarding same |
| 5/08/01 | RWL2 | .30 | Research regarding Florida actions for unpaid wages and attorneys' fees relating to same |
| 5/10/01 | RWL2 | .20 | Review and respond to electronic communications from Chuck Alpert regarding strategy and certified copy of amended counterclaim, etc., and direct follow up tasks to comply with request |
| 5/11/01 | RWL2 | .50 | Prepare correspondence to Chuck Alpert regarding answer, discovery strategy, certified copy of amended counterclaim |
| 6/05/01 | RWL2 | .20 | Review correspondence from Bob Atkins and Matt Rosengart regarding Parsons Brinkerhoff subpoena and direct follow up action regarding issuance of new subpoena |
| 6/06/01 | SZ | .20 | Telephone conference with Diana Diemore, Office Manager at Parsons Brinckerhoff, Orlando, regarding employment records for Miguel Delgado Bello |
| 6/06/01 | SZ | .20 | Internet research to find Parsons Brinckerhoff offices in Orlando |
| 6/07/01 | RWL2 | .30 | Review documentation regarding Parsons Brinckerhoff issue and prepare correspondence |

10

|  |  |  | to Matt Rosengart regarding same and regarding Les Hall |
|---|---|---|---|
| 6/13/01 | RWL2 | .20 | Conference with Sue Zagorski regarding results of interview with Delgado's possible prior employer, and direct follow up tasks to locate human resources personnel who provided information to investigation firm |
| 7/11/01 | DEF | .20 | Teleconference with Michael Hernandez regarding answer to counter-claim |
| 7/12/01 | DEF | .20 | Teleconference with Michael Hernandez regarding pleadings and answer to counter-claim |
| 11/02/01 | RWL2 | .10 | Review and respond to correspondence from Matt Rosengart regarding fraudulent diploma |
| 11/09/01 | DEF | .40 | Teleconferences with Eli Wald regarding legal issues and research of pending issues in preparation for Delgado's deposition |
| 11/09/01 | DEF | 1.20 | Research breach of employment contract, oral contract,statute of frauds, unjust enrichment and employment at will in preparation for Delgado's deposition |
| 11/13/01 | RWL2 | .10 | Prepare correspondence to Matt Rosengart regarding Hall decision and rule precluding attorney from coaching client during depositions |
| 11/27/01 | RWL2 | .20 | Prepare correspondence to Matt Rosengart regarding upcoming hearing, depositions, and procedures |

### III. Professional Services Involving Two Court Hearings
#### (October 30, 2001 and January 18, 2002)
#### and cost of Proposed Findings
#### of Fact and Conclusions of Law

#### *Total Fees to be Split Between Defendant Delgado and Defendant's Counsel*

| DATE | ATTY | HRS | DESCRIPTION OF SERVICES RENDERED |
|---|---|---|---|
| 10/30/01 | RWL2 | 2.10 | Attend attorney planning meetings with Paul Weiss attorneys and Tucker Byrd |
| 10/30/01 | RWL2 | 3.30 | Attend hearing on motion for sanctions and motion to dismiss counterclaim |
| 10/30/01 | RWL2 | .60 | Additional analysis of materials relating to upcoming hearing, new pleadings and discovery disputes |
| 11/30/01 | RWL2 | .40 | Review various orders, motions, and briefs relating to upcoming hearing |
| 12/11/01 | RWL2 | .10 | Prepare correspondence to Matt Rosengart regarding upcoming hearing |
| 12/12/01 | RWL2 | .10 | Review and respond to correspondence from Matt Rosengart regarding hearing |
| 1/08/02 | RWL2 | .20 | Review status of motions and handle miscellaneous tasks in preparation for continued hearing on motion for sanctions |
| 1/14/02 | RWL2 | .70 | Additional analysis of documentation regarding motions, emails, Amex account use, Hall |

11

|  |  |  | affidavit and other evidence to be presented at upcoming hearing and handle matters relating to hearing preparation |
|---|---|---|---|
| 1/15/02 | RWL2 | .10 | Review correspondence from Matt Rosengart regarding hearing and Avis issues |
| 1/15/02 | RWL2 | .20 | Prepare response to Matt Rosengart regarding Avis issues and hearing tasks |
| 1/15/02 | RWL2 | .10 | Teleconference with Eli Wald regarding hearing preparations, admission of Martin London pro hac vice, and additional issues |
| 1/17/02 | RWL2 | .30 | Teleconference with Matt Rosengart regarding Avis information, Robert Rasch's recent motions, and procedures for hearing |
| 1/17/02 | RWL2 | 1.20 | Review motions, briefs and research materials relating to sanctions/discovery motion and perform additional tasks in preparation for evidentiary hearing |
| 1/18/02 | RWL2 | 8.30 | Attend continued all-day hearing on motion for sanctions and planning conferences with attorneys during hearing |
| 1/21/02 | RWL2 | 1.20 | Initial review of transcripts of discovery depositions and analysis of material to be used in findings of fact and conclusions of law |
| 1/22/02 | RWL2 | .20 | Teleconference with Eli Wald regarding scheduling order, hearing, and additional materials needed |
| 2/28/02 | RWL2 | .60 | Review plaintiffs' brief and proposed findings of fact and conclusions of law |
| 3/18/02 | RWL2 | .10 | Prepare correspondence to Eli Wald regarding findings of fact and conclusions of law and regarding recently filed motions |
| 3/28/02 | RWL2 | .10 | Review and respond to correspondence from Matt Rosengart regarding recent orders and motions |
| 4/02/02 | RWL2 | .80 | Additional review of pleadings, Delgado's proposed findings of fact and conclusions of law |

## IV.  Professional Services Involving Sanctions and Related Motions Made Against Plaintiffs and Plaintiffs' Counsel

### *All Fees Are Attributable to Defendant's Counsel*

| DATE | ATTY | HRS | DESCRIPTION OF SERVICES RENDERED |
|---|---|---|---|
| 12/10/01 | RWL2 | .50 | Analysis of motion and memorandum filed by Rasch, including analysis of notice requirements for subpoenas |
| 12/10/01 | RWL2 | .40 | Assess strategy for response to sanctions motion, deadlines |
| 12/10/01 | RWL2 | .10 | Review correspondence from Matt Rosengart regarding recently filed motion and response required thereto |
| 12/10/01 | RWL2 | .20 | Prepare correspondence to Matt Rosengart regarding motion |

12

| 12/11/01 RWL2 | .20 | Teleconference with Eli Wald regarding pending motion, response, and strategy |
| 12/11/01 RWL2 | 1.60 | Analysis of Spencer and Richardson decisions, affidavits, voluminous documents produced during litigation, and further analysis of issues raised by Delgado's motion for sanctions |
| 1/10/02 RWL2 | .70 | Review new motion, brief, and other materials received from opposing counsel and co-counsel in connection with motion for sanctions and hearing |
| 1/10/02 RWL2 | .10 | Review exhibits to Delgado's emergency motion |
| 1/17/02 RWL2 | .10 | Teleconference with Bob Rasch regarding opposition to emergency motion |
| 1/31/02 RWL2 | .70 | Review memorandum in opposition to motion for sanctions and follow up review of cases cited therein |
| 1/31/02 RWL2 | .10 | Review and respond to correspondence from Matt Rosengart regarding brief in opposition to motion for sanctions |
| 3/11/02 RWL2 | .10 | Review order on Delgado's motion to suppress evidence, motion for sanctions, and motion to amend counterclaim |
| 3/11/02 RWL2 | .10 | Review correspondence from Matt Rosengart regarding Delgado's motions and recent order |
| 3/18/02 RWL2 | .10 | Review and respond to correspondence from Matt Rosengart regarding recently filed motions |

13