UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2002 AUG 16  PM 4: 33

CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

EARTH TECH, INC., a California
corporation, TYCO INTERNATIONAL
SERVICES, AG, a Swiss Corporation and
TYCO INTERNATIONAL (US) INC., a
Nevada Corporation,

      Plaintiffs,

      v.

MIGUEL DELGADO BELLO,

      Defendant.

Case No. 6:00-CV-1536-ORL-31

## JOINT PRE-TRIAL STATEMENT

Plaintiff, EARTH TECH, INC. ("Earth Tech") and Defendant, MIGUEL

DELGADO BELLO ("Delgado"), through their undersigned counsel, and pursuant to this

Court's Case Management and Scheduling Order and Rule 3.06(c) of the Local Rules of

the United States District Court for the Middle District of Florida, respectfully submit the

following Joint Pre-Trial Statement:

**I.**      **BASIS OF FEDERAL JURISDICTION:**

This Court's jurisdiction is conferred by 28 U.S.C. § 1332.

**II.**     **STATEMENT OF THE NATURE OF THE ACTION:**

Plaintiff Earth Tech asserts a claim for breach of the duty of loyalty

against Defendant, its former employee, and seeks damages flowing from the alleged

unauthorized and disloyal acts of Defendant, including, among other things, entering into

agreements purportedly on behalf of Earth Tech and one of its affiliates allegedly without

the company's knowledge or consent. Earth Tech seeks to recover as damages the

payments it has been required to make to the other parties to settle those unauthorized

contracts, to settle claims based on the contracts, attorneys' fees and costs incurred in

litigating such claims, and punitive damages. Earth Tech also seeks attorneys' fees and

costs associated with this litigation.

**III.   STATEMENT OF EACH PARTY'S CASE:**

Statement of Earth Tech's case is attached hereto as Exhibit "A."

Statement of Delgado's case is attached hereto as Exhibit "B."

**IV.   EXHIBITS:**

1.   Earth Tech's exhibit list is attached hereto as Exhibit "C."[1]

2.   Delgado's exhibit list is attached hereto as Exhibit "D."[2]

---

[1]   In addition to the objections noted on Plaintiff's Exhibit List, Defendant objects to the admission into evidence of any listed documents that Plaintiff either failed to produce during discovery, failed to identify in its Rule 26 disclosures, and/or specifically objected to producing as being confidential information.   Plaintiff provided some exhibits at our Pretrial conference on July 23, 2002, but then did not provide additional exhibits until July 28, 2002 and another set of additional exhibits July 31, 2002. Because of the difficulty of Defendant Delgado traveling from Venezuela with the recent attempted coups and severe weather, we have not been able to review all of the exhibits with Delgado. As documents not previously provided in discovery or in Rule 26 disclosures do not have Bates numbers, it is impossible to determine whether all of the pages are included in the proposed exhibits.

[2]   In addition to the objections noted on Defendant's Exhibit List, Plaintiff objects to the admission into evidence of any listed documents that Defendant failed to produce during discovery or failed to identify in his Rule 26 disclosures. Because Defendant did not provide a set of exhibits to Plaintiff's counsel until August 5, 2002 and supplied Plaintiff with additional documents as late as August 9, 2002, Plaintiff's counsel has been unable to ascertain which of the listed exhibits should be exluded on this basis. Plaintiff also objects to each and every document that is in a foreign language that is not accompanied by an official translation.   To the extent that

### V.   WITNESSES:

1.   Earth Tech's witness list is attached hereto as Exhibit "E."

2.   Delgado's witness list is attached hereto as Exhibit "F."

### VI.   EXPERT WITNESSES:

Delgado has determined that it is necessary to call Jerry Saperstein as an expert witness on the validity and authenticity of e-mail documents Earth Tech intends to offer into evidence.   Defendant has just recently discovered new evidence through the ABA and Mr. Saperstein that calls into question the authenticity of several e-mails that Plaintiff has listed on its exhibit list.

Earth Tech objects to the designation of Jerry Saperstein as Delgado's expert witness because, pursuant to the Case Management and Scheduling Order, defendant was required to identify expert witnesses and produce expert witness reports no later than January 11, 2002, more than six months ago.   Defendant has never designated Jerry Saperstein or anyone else as an expert witness or produced an expert witness report. However, should Delgado be permitted to designate Jerry Saperstein as an expert witness, plaintiff intends to call Douglas Haven.

---

Defendant seeks to admit any documents that are also on Plaintiff's proposed exhibit list, Plaintiff does not object to their admission.   Because Defendant has not provided Plaintiff with an exhibit list that identifies corresponding documents by Bates number, and has  provided Plaintiff with exhibits that are out of order or duplicative of one another, Plaintiff cannot ascertain which documents on Defendant's list are also on Plaintiff's list.

## VII.   ELEMENTS AND AMOUNT OF PLAINTIFF'S CLAIMED MONEY DAMAGES:

Earth Tech seeks compensatory damages in an amount not less than $600,000, representing amounts paid in settlement of claims asserted by parties with whom Defendant signed unauthorized contracts, together with legal fees and costs incurred in defending such claims.  These approximated damages include $161,000 paid to Antonio Ellias Nacad M. ("Nacad") and Hernan De Armas Perez ("De Armas"), $20,000 paid to Luis E. Santana ("Santana"), and $158,000 paid to Yanes & Associates ("Yanes"), as well as the expenditure of more than $260,000 in legal fees and costs associated with defending claims asserted by Nacad, De Armas, Santana, Yanes, Luis E. Delgado Contreras ("Contreras), and Jesus Aristimuño G. ("Aristimuño") under the agreements they signed with Delgado, and others.  Earth Tech also seeks punitive damages, in an amount to be determined by the jury, and attorneys' fees and costs in this matter, in an amount to be determined.  Delgado asserts that Earth Tech was not liable for the amount of damages paid by Earth Tech and in several instances was not liable at all under the alleged contracts.  Delgado further asserts that Earth Tech is not entitled to recover attorneys' fees and costs in this matter under their theory of the case.

## VIII.   DEPOSITIONS TO BE OFFERED AT TRIAL:

All parties reserve their rights to use portions of deposition transcripts at trial for the purposes of impeachment, refreshing recollection, and past recollection recorded.  In addition, the following transcripts may be offered into evidence:

1. <u>Plaintiff's deposition testimony to be offered at trial:</u>

Plaintiff intends to offer the deposition testimony of the following individuals at trial:

Miguel Delgado Bello (November 20, 2001): 8:9-8:13; 9:23-10:23; 19:1-20:7; 20:15-20:18; 25:13-25:21; 34:12-35:14; 36:8-44:13; 56:23-61:22; 62:2-62:8; 62:12-62:19; 64:14-64:21; 66:24-67:6; 73:1-73:10; 81:13-83:15; 84:7-85:25; 97:15-97:23; 101:7-104:6; 105:7-110:7; 112:22-117:24; 118:17-118:24; 119:10-121:25; 122:24-124:14; 131:18-132:13; 132:21-136:23; 139:1-141:23; 144:20-149:19; 152:5-156:25; 160:18-160:20; 177:10-177:13; 177:22-178:17; 179:13-179:15; 180:12-181:16; 185:13-188:16; 189:13-191:20; 192:8-196:14; 198:6-198:14; 204:2-204:7; 205:6-207:11; 207:21-212:6; 215:16-216:8; 253:22-254:24; 263:8-264:16; 265:2-265:13.

2. <u>Defendant's deposition testimony to be offered at trial:</u>

Defendant intends to offer the deposition testimony of the following individuals at trial:

Charles Alpert

Plaintiff objects to defendant's failure to designate specific portions of the Alpert deposition on which he intends to rely.

## IX.   STATEMENT OF FACTS ADMITTED WHICH REQUIRE NO PROOF AT TRIAL:

1.   Earth Tech, Inc. ("Earth Tech") is an architectural, engineering and construction firm based in Long Beach, California.

2.   On October 12, 1992, Delgado was hired by SEC Donahue Environment and Infrastructure ("SEC Donahue") to develop business for SEC Donahue in Venezuela.

3.   Delgado became an employee of Rust Environment and Infrastructure, Inc. ("Rust"), when Rust acquired SEC Donahue.  Delgado's job responsibilities at Rust were substantially identical to those he had at SEC Donahue, *i.e.*, developing business in Venezuela.

4.   When Rust acquired SEC Donahue, Delgado became a Vice President of Rust's affiliate, Grupo Rust International de Venezuela C.A. ("Grupo Rust"), while remaining an employee of Rust itself.

5.   Grupo Rust was formed to assist in developing business for Rust in Venezuela.

6.   Prior to the acquisition of Rust by Earth Tech and during Delgado's employment at Rust and Grupo Rust, J. B. Holeman was the Vice President of Rust.

7.   Prior to the acquisition of Rust by Earth Tech and during Delgado's employment at Rust and Grupo Rust, Thomas Leonhardt was the president of Grupo Rust and the president of Rust.

8.   On or about October 13, 1997, Mr. Leonhardt executed a power of attorney authorizing Delgado, under Venezuelan law, to execute contracts on behalf of Grupo Rust.

9.   Luis E. Delgado Contreras ("Contreras") is an attorney in Venezuela and a cousin of Delgado.

10.  On January 1, 1998, Grupo Rust and Contreras entered into a Foreign Representation Agreement ("Contreras Agreement I").   The Contreras Agreement I was signed by Mr. Holeman on behalf of Rust.

.  11.  The Contreras Agreement I provided that Contreras would be paid monthly and hourly fees in exchange for services to be performed for Grupo Rust and in exchange for the lease of office space to Grupo Rust.  The Contreras Agreement I did not provide for a "participation fee" or any other percentage-based compensation.

12.  On or about June 10, 1998, while the Contreras Agreement I was still in effect, Delgado, purportedly on behalf of Grupo Rust, signed a second Foreign Representation Agreement with Contreras ("Contreras Agreement II").

13.  Delgado did not obtain written approval from his employer or superiors to enter in to the Contreras Agreement II.

14.  On or about June 10, 1998, Delgado, purportedly on behalf of Grupo Rust, signed an agreement with Antonio Ellias Nacad M. ("Nacad") and Hernan De Armas Perez ("De Armas") ("Nacad-De Armas Agreement").

15.  Delgado did not obtain written approval from his employer or superiors to enter in to the Nacad-De Armas Agreement.

16.  On or about June 10, 1998, Delgado, purportedly on behalf of Grupo Rust, signed an agreement with Luis E. Santana ("Santana Agreement").

17.  Delgado did not obtain written approval from his employer or superiors to enter in to the Santana Agreement.

18.   On or about June 20, 1998, Delgado, purportedly on behalf of Grupo Rust, entered into a "Foreign Consultant Agreement" ("Aristimuño Agreement") with Jesus Aristimuño G. ("Aristimuño").

19.   Delgado did not obtain written approval from his employer or superiors to enter in to the Aristimuño Agreement.

20.   After the acquisition of Rust by Earth Tech, Delgado became a Vice President of Earth Tech, with job responsibilities that were substantially similar to those he had at Rust.

21.   Diane Creel is and was at all relevant times the president and CEO of Earth Tech.

22.   William J. Stead is and was at all relevant times the Senior Vice President, International Development of Earth Tech, and after the acquisition of Rust by Earth Tech, Mr. Stead was Delgado's immediate superior.

23.   Pequiven, S.A. ("Pequiven") is a subsidiary of Petroleos de Venezuela, S.A. ("PDVSA"), a government-controlled petroleum corporation.

24.   On May 18, 1999, Delgado signed and submitted a "Master Services Subcontracting Agreement" proposal to Yanes & Associates ("Yanes") purportedly on behalf of Earth Tech (the "Yanes Agreement").

25.   In a June 18, 1999, letter to Diane Creel, Contreras demanded a $1.4 million fee pursuant to the Contreras Agreement II, representing two percent of the value of the Jose Water Project contracts. By the same letter,

Contreras sought $1.4 million on behalf of Aristimuño pursuant to the Aristimuño

Agreement, also representing two percent of the Jose Water Project contracts.

26. On or about August 24, 1999, Contreras and Aristimuño

brought suit against Earth Tech in Venezuela asserting claims under the Contreras

Agreement II and the Aristimuño Agreement, respectively.

27. On September 6, 1999, Earth Tech paid 113,474,460 Bs.

(approximately $161,000) to settle claims asserted by Nacad and de Armas based

upon the Nacad-de Armas Agreement.

X.    **STATEMENT OF APPLICABLE PRINCIPLES OF AGREED LAW:**

1. As an employee and officer of Rust and Grupo Rust, and,

subsequently, an employee and officer of Earth Tech, Delgado owed to his

employers a duty of loyalty.

2. Under Florida law, an employee or an officer owes a duty to his

or her employer to refrain from self-dealing, not to take unfair advantage of his or

her position to the detriment of the employer, and not to engage in disloyal acts.

XI.    **STATEMENT OF ISSUES OF FACT WHICH REMAIN TO BE
        LITIGATED:**

**Plaintiff contends that it will prove the following facts at trial:**

1. Delgado is a resident of Florida.

2. Prior to the acquisition of Rust by Earth Tech and during

Delgado's employment at Rust and Grupo Rust, Mr. Holeman was Delgado's

immediate supervisor.

3.  In or about May 1995, Delgado and Contreras suggested to Thomas Leonhard that Contreras be compensated by Rust in the form of a "participation fee," so that Contreras would receive 2.5 to 3.5 per cent of the total amount of any contracts won by Rust in which Contreras had participated.

4.  Although Rust retained Contreras, it rejected the compensation proposal suggested by Delgado and Contreras. Instead, Contreras was offered, and accepted, a standard retainer agreement providing for him to be compensated on an hourly basis plus expenses.

5.  At no time while he was employed by Rust, Grupo Rust or Earth Tech was Delgado authorized or empowered to execute agreements on behalf of Rust, Grupo Rust or Earth Tech without the prior written approval of his superiors.

6.  On or about October 13, 1997, Mr. Holeman sent a power of attorney executed by Mr. Leonhardt to Delgado with a cover memorandum instructing him that "no proposal for fixed price work nor any contract should be signed without the specific written approval" of Mr. Leonhardt or Mr. Holeman, which must be obtained before executing the contract.

7.  As early as September 1998, Delgado's superiors, including Bill Stead, asked Delgado to disclose to them any agreements or commitments Delgado had made on behalf of his employer.  Delgado failed to provide the requested information to his employers.

10

8.  On January 1, 1998, Grupo Rust and Contreras entered into a Foreign Representation Agreement ("Contreras Agreement I").  The Contreras Agreement I was signed by Mr. Holeman on behalf of Grupo Rust and Rust.

9.  The Contreras Agreement II, like the Contreras Agreement I, provided that Contreras would be paid certain monthly and hourly fees in exchange for services to be provided for Grupo Rust and the lease of certain office space. The Contreras Agreement II did not obligate Contreras to perform any services or provide any additional consideration to Rust or Grupo Rust beyond those already required by the Contreras Agreement I.

10.  The Contreras Agreement II also provided that Contreras would be paid two percent of any contracts obtained by Rust or Grupo Rust, regardless of what services he performed, if any, in addition to the other compensation he was already entitled to under the Contreras Agreement I.

11.  Delgado did not obtain oral approval from his employers or superiors to enter into the Contreras Agreement II on behalf of Grupo Rust, and did not advise his employers or superiors that he had signed the Contreras Agreement II.

12.  The Nacad-De Armas Agreement promised Nacad and De Armas three percent of the value of any contracts obtained by Rust or Grupo Rust, regardless of whether they performed any specific services for Rust or Grupo Rust, and also promised that Nacad and De Armas would be paid certain hourly fees in

exchange for consulting services purportedly to be performed for Rust or Grupo Rust.

13. Delgado did not obtain oral approval from his employers or superiors to enter into the Nacad-De Armas Agreement on behalf of Rust or Grupo Rust, and did not advise his employers or superiors of the terms of the agreement.

14. Nacad and De Armas were friends of Delgado at the time the Nacad-De Armas Agreement was signed.

15. The Santana Agreement promised to pay Santana a 1.5 percent participation fee, regardless of whether he performed any specific services for Rust or Grupo Rust, and also promised that Santana would be paid certain hourly fees in exchange for consulting services purportedly to be performed for Rust or Grupo Rust.

16. Delgado did not obtain oral approval from his employers or superiors to enter into the Santana Agreement on behalf of Rust or Grupo Rust, and did not advise his employers or superiors of the terms of the agreement.

17. Santana was a friend of Delgado at the time the Santana Agreement was signed.

18. The Aristimuño Agreement provided that Aristimuño would receive two percent of any contracts obtained by Rust or Grupo Rust, regardless of whether Aristimuño provided any specific services for Rust or Grupo Rust, and also promised that Aristimuño would be paid certain hourly fees in exchange for consulting services purportedly to be performed for Rust or Grupo Rust.

19. Delgado did not obtain oral approval from his employers or superiors to enter into the Aristimuño Agreement on behalf of Rust or Grupo Rust, and did not advise his employers or superiors of the terms of the agreement.

20. Aristimuño was a friend of Delgado at the time the Aristimuño Agreement was signed.

21. On September 11, 1998, pursuant to a Stock Purchase Agreement dated June 16, 1988, Earth Tech or its affiliates acquired ownership of Grupo Rust.

22. In January 1999, Earth Tech submitted a proposal to Pequiven to construct and manage a water supply project, referred to as the "Jose Water Project."

23. During June 1999, Mr. Stead asked Delgado to inform him of any contracts that Delgado entered into on behalf of Rust, Grupo Rust, or Earth Tech.

24. In July 1999, several Earth Tech affiliates entered into contracts with Pequiven for the Jose Water Project.

25. Delgado never disclosed to Rust or Earth Tech that he had entered into, on behalf of Rust, Grupo Rust or Earth Tech, the Nacad-De Armas Agreement, the Contreras Agreement II, the Santana Agreement, or the Aristimuño Agreement.

26. On or about September 18, 1999, Delgado sent an e-mail to Diane Creel denying that he had signed the Aristimuño and Contreras II Agreements.

27. To date, Earth Tech has expended more than $260,000.00 in legal fees and costs defending the Contreras and Aristimuño actions.

28. Delgado did not obtain written or oral approval prior to entering into the Yanes Agreement.

29. Delgado never disclosed to Earth Tech that he had entered into the Yanes Agreement on behalf of Rust or Earth Tech.

30. On October 11, 1999, Earth Tech paid Yanes approximately $158,000 in settlement of claims asserted by Yanes under the Yanes Agreement.

31. On January 11, 2000, Earth Tech paid Santana approximately $20,000 to settle amounts Santana claimed he was owed under the Santana Agreement.

32. Earth Tech has incurred thousands of dollars, in an amount to be determined, in additional damages resulting from Delgado's entering into unauthorized contracts with third parties.

33. Delgado did not earn a Bachelor of Science degree in civil engineering from the University of Texas.

34. Delgado obtained his employment at SEC Donahue, Rust, and Earth Tech by fraud and false pretenses by providing them with a fake and counterfeit diploma from the University of Texas.

**Defendant contends that he will prove the following facts at trial:**

1.      In 1995, Delgado convinced his superiors at Rust North American Holdings, Inc. to allow him to pursue business opportunities for Rust in Venezuela.  In order to operate in Venezuela, Rust North American Holdings, Inc. formed a subsidiary called Grupo Rust de Venezuela CA, a wholly owned subsidiary formed for the sole purpose of doing business in Venezuela.

2.      In 1996, Earth Tech acquired Rust Environment and Infrastructure, Inc. ("Rust E & I"), but did not acquire Rust North American Holdings, Inc., the parent company of Grupo Rust.  Earth Tech also did not independently acquire Grupo Rust until 2002.

3.      In 1996, Delgado convinced Rust to allow him to pursue business opportunities for Rust in Venezuela.  Rust E & I was owned by Rust North American Holdings, Inc. ("Rust North American").

4.      Prior to the acquisition of Rust E & I by Earth Tech and during Delgado's employment at Rust E & I  and Grupo Rust, J.B. Holeman was Delgado's supervisor at Rust E & I.

5.      J.B. Holeman held no position at Grupo Rust nor had authority over Grupo Rust.

6.      Thomas Leonhardt was President of Grupo Rust,  President of Rust North American Holdings, Inc., and President of Rust E & I.  Delgado was Vice President of Grupo Rust.

15

7.      After Earth Tech acquired Rust E & I, Earth Tech indicated its intent to abandon the Jose Water Project bid opportunity developed by Delgado in Venezuela.

8.      J.B. Holeman had not been in favor of Rust E & I pursuing the Jose Water Project; however, Holeman (who also mistakenly believed that Earth Tech had purchased Grupo Rust from Rust North American Holdings, Inc.) offered to purchase Grupo Rust in order to pursue the Jose Water Project should Earth Tech choose to abandon that bid opportunity.

9.      While working with Rust E & I and Grupo Rust, Delgado obtained oral or written permission on every significant contract that he executed on behalf of Grupo Rust or Rust E & I.   A large majority of those contracts were written by the legal department of Rust E & I.

10.     During 1997, Delgado sought to obtain permission from Rust E & I to execute an agreement with Luis Delgado Contreras to include a percentage formula.   Although that concept was rejected by J.B. Holeman, Holeman instructed Delgado to include language that would appease Contreras at the time.

11.     In mid 1998, at a time that it appeared that the Jose Water Project would not come to fruition, Delgado again sought approval from J.B. Holeman to add 2% to the contracts for Contreras and Aristimuno as to encourage these individuals to pursue new business in Venezuela.      Holeman told Delgado to do whatever he deemed appropriate to get the contract completed as the prospects of new business looked bleak at the time.

12.     The Contreras contract dated June 10, 1998 was drafted by the Rust E & I legal department except for the 2% language added by Contreras, the Venezuelan attorney for Rust E & I.

13.     The Aristimuno, Nacad and de Armas, and Santana contracts were similarly drafted by the Rust E & I legal department except for the additional language for a % compensation.

14.     The % compensations were added to the contracts with Nacad and de Armas  to encourage Nacad and de Armas to pursue new projects for Grupo Rust in Venezuela.

15.     The % was likewise added to the contract with Santana because Tom Leonhardt had recommended the hiring of Santana years earlier, and to  Encourage Santana to pursue new projects for Grupo Rust in Venezuela.

16.     During a negotiating session with PDVSA over the Jose Water Project, PDVSA recommended that the joint venture hire Yanes & Associates as consultants.

17.     Bill Stead, who attended that negotiations with Delgado, instructed Delgado that he would supply Delgado with an Earth Tech form contract and to use that contract to contract  with Yanes.

18.     After Stead provided Delgado a computer disc containing the Earth Tech form contract, Delgado printed the contract with Yanes name on it and, after pre-signing it, sent it to Yanes.

19.     After receiving Delgado's proposed contract, Yanes faxed back a counterproposal with suggested changes.  When Delgado sought approval from Stead for the Yanes proposed changes, Stead refused.  Delgado did nothing further with the proposed contract.

20.     After Delgado was terminated, Delgado notified Yanes that he had been terminated and they would have to pursue further negotiations with Earth Tech in California.

21.     No one from Earth Tech questioned Delgado about the sequence of events regarding the negotiation of the Yanes contract.

22.     Earth Tech were aware or should have been aware from their due diligence during the acquisition of Rust E & I that the contracts in question were in place with Contreras, Aristimuno, Nacad and de Armas and Santana.

23.     The only way that Earth Tech would not have been aware of these contracts from their due diligence would be because Earth Tech was not purchasing Rust North American and, therefore, did not purchase Grupo Rust.  Therefore, Waste Management, the seller of Rust E & I had no obligation to disclose such agreements as part of due diligence.  Even if Earth Tech had purchased Grupo Rust, then Rust North American or Waste Management would have had the responsibility to disclose these agreements to Earth Tech.

24.     Delgado had no idea at the time that Earth Tech had not purchased all of Rust, including Rust North American and Grupo Rust.  Delgado, therefore, had no

idea that Earth Tech was not aware of the agreements that he had signed with Contreras, Aristimuno, Nacad and de Armas and Santana.

25.     Bill Stead did not request that Delgado list all agreements that Delgado had signed on behalf of Grupo Rust until after the decision has been made to terminate Delgado, he had been directed to cease work on the Venezuelan projects, and only days before he was ultimately fired..

26.     Delgado never denied to Earth Tech that he had signed the agreements in question on behalf of Grupo Rust.

27.     Contreras was a cousin of Delgado, but had been contracting with Rust E & I since 1996.

28.     Delgado met de Armas through a friend back in 1996 as someone who had substantial connections with PDVSA and someone who could help Rust obtain multiple contracts with PDVSA prior to the Jose Water Project.  After becoming a contractual partner with Rust E & I, Delgado and de Armas became friends.

29.     In 1996, Aristimuno was introduced to Delgado by de Armas as a Venezuelan engineer with substantial experience dealing with PDVSA on many contracts.  Hence, Delgado sought out Aristimuno in 1996 to enter into agreements with Rust E & I to pursue multiple projects prior to the Jose Water Project.

30.     Santana was recommended by Thomas Leonhardt in 1995 as a potential contractor for Venezuelan projects.  Prior to that Delgado did not know Santana.

31.     Delgado did not know Yanes and Associates prior to the recommendation by Leonhardt that Grupo Rust hire that firm.

32.     Earth Tech had no obligation to pay any money to Nacad and de Armas or to Santana since these agreements were on behalf of Grupo Rust and Earth Tech did not own Grupo Rust; and neither Nacad , de Armas nor Santana performed any work (or very limited work) on the Jose Water Project.

33.     Earth Tech has not paid either Contreras nor Aristimuno anything.

34.     Earth Tech did not inquire as to the circumstances of the signing of the Yanes agreement and, therefore, was unaware that there was no binding agreement between Yanes and Associates and Earth Tech prior to settling with Yanes.   The only work Yanes performed on the Jose Water Project was done before they submitted a signed contract to Earth Tech.

## XII.   STATEMENT OF ISSUES OF LAW WHICH REMAIN FOR DETERMINATION BY THE COURT:

1.   Under Florida law, whether an employee or an officer owes a duty to his or her employer to act in the best interest of the employer, and to disclose to the employer all material facts concerning the employer's business, and not to engage in disloyal acts.

2.   Whether an employee or officer who, without the employer's knowledge or consent, or without the employer's authority, enters into contracts imposing material obligations on the employer violates the duty of loyalty.

3.   Whether an employee or officer who fails to disclose material facts to his or her employer, including whether he or she has entered into unauthorized agreements that bind his employer, violates the duty of loyalty.

4.   Whether the duty of loyalty that an employee or officer owes to his or her employer is a fiduciary duty.

## XIII.   APPLICATION OF FEDERAL RULES OF EVIDENCE AND FEDERAL RULES OF CIVIL PROCEDURE

Plaintiff Earth Tech and Defendant jointly stipulate and agree that they presently do not have any disagreement as to the application of the Federal Rules of Evidence or Federal Rules of Civil Procedure.

## XIII.   MOTIONS OR OTHER MATTERS WHICH REQUIRE ACTION BY THE COURT:

1.   Plaintiffs' Application for Attorneys' Fees and Costs as Sanctions against Delgado and Rasch dated June 28, 2002.

2.   Parties' Motions *in Limine*, to be filed by September 3, 2002.

3.   Delgado's Motion for Appointment of a Trial Interpreter, to be filed by September 3, 2002.

4.   Delgado's Motion to Abate to be filed by September 3, 2002.

5.   Delgado's Motion for Relief from Sanctions under FRCP Rule 60 (b) to be filed by September 3, 2002.

Respectfully submitted this 16th day of August, 2002.

ROBERT W. RASCH, P.A.                          JACKSON LEWIS LLP

By: _____                 By: _____
Robert W. Rasch, Esq.                          Randall W. Lord, Esq.
Florida Bar. No.: 0890560                      Florida Bar No.: 765422
201 Live Oak Lane                              390 N. Orange Avenue, Suite 1285
Altamore Springs, FL 32714                     Orlando, FL 32801
Telephone: (407) 865-7473                      Telephone: (407) 246-8440
Facsimile: (407) 865-5979                      Facsimile: (407) 246-8441

Counsel for Defendant                          Counsel for Plaintiffs

PAUL, WEISS, RIFKIND, WHARTON & GARRISON

Robert A. Atkins, Esq.
Jonathon Hurwitz, Esq.
Nicole Tuman, Esq.
1285 Avenue of the Americas
New York, NY 10019
Telephone: (212) 373-3106
Facsimile: (212) 373-2315

Counsel for Plaintiffs

## EXHIBIT "A"

### STATEMENT OF PLAINTIFF'S CASE

Defendant Miguel Delgado Bello ("Delgado") became employed by

Plaintiff Earth Tech, Inc. ("Earth Tech") on September 11, 1998, as a result of Earth

Tech's acquisition of Rust Environment & Infrastructure, Inc. ("Rust") and its wholly-

owned subsidiary, Grupo Rust International de Venezuela C.A. ("Grupo Rust").  Delgado

was an officer of Grupo Rust, and was charged with developing new business

opportunities in Venezuela. After the acquisition by Earth Tech, Delgado continued to

have responsibility for Venezuelan business development, and maintained his title as

"Vice President."

On July 7, 1999, Plaintiff Earth Tech terminated Delgado's employment

after learning he had entered into a number of grossly unfair and unauthorized contracts

on behalf of Earth Tech and its predecessor, Grupo Rust. The contracts—which had been

executed by Delgado without the approval, written authorization or knowledge of his

employers or supervisors—promised that Earth Tech would pay the signatories enormous

bonuses or "participation fees" in addition to hourly and weekly fees.  Despite the

magnitude of the promised compensation, the contracts in no way specified the nature or

scope of the services to be rendered by the signatories.  Without exception, each of the

signatories—Contreras, De Armas, Nacad, Santana, and Yanes—was a friend or relative

of Delgado. At no time was Earth Tech, or its predecessors, Rust and Grupo Rust, aware

of the irrational and highly suspect nature of the terms of these contracts. In fact,

Delgado's supervisors at Earth Tech specifically asked him to detail all the contracts he

had entered into and to provide a budget incorporating the expenses of individuals he had

hired.  Delgado never provided this information to his employer.  Worse, Delgado lied to his immediate supervisor, Bill Stead, about the scope of Luis Contreras's (Delgado's cousin) services.  Earth Tech became aware of the contracts—in some cases almost a year after their execution—only when Delgado's friends and his cousin, Contreras, demanded payment of the multi-million dollar "bonuses" they felt they deserved.

Earth Tech is still involved in litigation in a Venezuelan court over the claims asserted by Delgado's cousin, Contreras, and by his friend, Aristimuño.  To date, Earth Tech has spent approximately $257,349 in legal fees and costs defending against these claims.  As for the other agreements, Earth Tech spent $360,948 settling the claims Delgado's friends made under the agreements he executed.

Delgado's wrongful acts, his execution of unauthorized agreements, his refusal to inform his employer as to the existence or nature of these agreements, and his outright deception, are a breach of the duty of loyalty he owed to Rust, and its successor, Earth Tech.  The fiduciary duty, or duty of loyalty, obligates officers of a corporation to avoid fraud, bad faith, usurpation of corporate opportunities, and self-dealing.  The duty of loyalty requires corporate officers, like Delgado, to act in the best interests of his employer, and to disclose material facts.  It is obvious that Delgado breached his duty of loyalty by binding his employer in a string of unauthorized and unfair contracts.  Delgado acted in his own best interest, and in the interest of his friends and relatives, at the expense of Rust, Grupo Rust, and Earth Tech.  As a result, Earth Tech has paid hundreds of thousands of dollars to fend off claims arising from Delgado's wrongful acts.

Plaintiff seeks these sums, along with punitive damages and attorneys' fees and costs expended during the course of this litigation.  Plaintiff does not seek

A-2

attorneys' fees previously sought in connection with its Lanham claim, or in its

application for attorneys' fees and costs as sanctions against Delgado and his attorney.

**EXHIBIT "B"**

**STATEMENT OF DEFENDANT'S CASE**

In 1995, Delgado convinced his superiors at Rust North American Holdings, Inc. to allow

him to pursue business opportunities for Rust in Venezuela. In 1996, Earth Tech

acquired Rust Environment and Infrastructure, Inc. ("Rust E & I"), but, unbeknownst to

Delgado at the time, Earth Tech did not acquire Rust North American Holdings, Inc., the

parent company of Grupo Rust, and therefore, did not acquire Grupo Rust.

Prior to the acquisition of Rust E & I by Earth Tech and during Delgado's employment at

Rust E & I and Grupo Rust, J.B. Holeman was Delgado's supervisor at Rust E & I. J.B.

Holeman held no position at Grupo Rust, although Delgado discussed many of the

operational issues regarding Venezuelan projects with Holeman. Thomas Leonhardt was

President of Grupo Rust, President of Rust North American Holdings, Inc., and President

of Rust E & I, and was Holeman's superior. Delgado was a Vice President of Rust E & I

and Vice President of Grupo Rust.

In keeping with Venezuelan law, a Venezuelan representative of Grupo Rust had to sign

all contracts on behalf of Grupo Rust. Beginning in 1995, Delgado was the Rust

representative in Venezuela in charge of all Venezuelan operations. In that role, he

signed job proposals, signed contracts, authorized money transfers, paid all bills, and in

general was completely in charge of the operations on behalf of Grupo Rust. While

pursuing the Jose Water Project with Pequiven, a subsidiary of PDVSA, Rust needed to

transfer $2M into Grupo Rust. In order to comply with Venezuelan requirements, Rust

had to demonstrate to Pequiven and PDVSA that Delgado had the requisite authority to

effect this money transfer. Therefore, in 1997, Thomas Leonhardt executed a power of

attorney giving Delgado full authority to sign contracts on behalf of Grupo Rust. Although Earth Tech claims that Holeman simultaneously sent Delgado a memo limiting that authority, that is not true. No such memo was ever sent to Delgado. Moreover, Holeman had no authority legally or practically to limit Delgado's authority over Grupo Rust, a subsidiary of Rust North American Holdings, Inc. in which Holeman held no position. In fact, even after that date, Delgado continued to operate in charge of Venezuelan operations by signing proposals, signing contracts, paying bills, etc. without written authorization from Holeman or anyone else.

In early 1999, after Earth Tech acquired Rust E & I, Earth Tech indicated its intent to abandon the Jose Water Project bid opportunity developed by Delgado. It appeared at the time that Venezuelan job prospects were going to dry up and that the Jose Water Project would not come to fruition. J.B. Holeman had not been in favor of Rust pursuing the Jose Water Project; however, Holeman offered to purchase Grupo Rust in order to pursue the Jose Water Project on his own should Earth Tech choose to abandon that bid opportunity. When Delgado disclosed to Earth Tech that Holeman was attempting to sabotage the Jose Water Project in order to buy the rights to pursue it himself, Earth Tech decided to pursue the project. Holeman was subsequently terminated by Earth Tech.

While working with Rust E & I and Grupo Rust, Delgado obtained oral or written permission on every contract that he executed on behalf of Grupo Rust or Rust E & I. All of those contracts were in large measure written by the legal department of Rust E & I, except for the % language that was written by Contreras, another Rust E & I and Grupo Rust attorney. Most of these contracts were signed by other officials of Rust E & I, including J.B. Holeman.

During 1997, Delgado sought to obtain permission from Rust E & I to execute an agreement with Luis Delgado Contreras to include a percentage formula.  Although that concept was rejected by J.B. Holeman,  Holeman instructed Delgado to include language in that contract that would appease Contreras at the time.  Delgado did so and Holeman signed the agreement on behalf of Rust E & I.

In mid 1998, at a time that it appeared that the Jose Water Project would not come to fruition and there were no other prospects of other jobs, Delgado again sought approval from J.B. Holeman to add 2% to the contracts for Contreras and Aristimuno  to encourage them to prospect for new business opportunities.  Given the bleak prospect of new jobs in Venezuela, Holeman told Delgado to do whatever he deemed appropriate to encourage them to prospect new jobs in Venezuela and they would argue the applicability of the language later.

The Contreras contract dated June 10, 1998 was drafted by the Rust legal department except for the 2% language added by Contreras, the Venezuelan attorney for Rust E & I.  The Aristimuno, Nacad and de Armas, and Santana contracts were similarly drafted by the Rust legal department except for the additional language for a % compensation.  The % compensations were added to the contracts with Nacad and de Armas  to encourage de Armas to prospect for new jobs  Nacad never performed any work on the Jose Water Project and de Armas at the most may have attended a meeting or two.  However, de Armas was not entitled to recover any % commission for prospecting the Jose Water Project.  Similarly, Contreras never performed any work on or to promote the Jose Water Project and was not entitled to any %.

The % was likewise added to the contract with Santana because Tom Leonhardt had recommended the hiring of Santana years earlier, and to encourage Santana to prospect for new business in Venezuela.

During a negotiating session with PDVSA over the Jose Water Project, PDVSA recommended that the joint venture hire Yanes as consultants. Bill Stead, who attended that negotiations with Delgado, instructed Delgado that he would obtain an Earth Tech form contract for Delgado and instructed Delgado to use that draft agreement to contract with Yanes.

After Stead provided Delgado a computer disc of the Earth Tech form contract, Delgado printed the contract with Yanes name on it and, after pre-signing it, sent it to Yanes. Yanes then faxed back a counterproposal with suggested changes. When Delgado sought approval from Stead for the Yanes proposed changes, Stead refused. Delgado did nothing further with the proposed contract. Therefore, no agreement was reached with Yanes prior to Delgado's termination on July 11, 2002. After Delgado was terminated, Delgado notified Yanes that he had been terminated and they would have to pursue further negotiations of their contract with Earth Tech in California.

No one from Earth Tech questioned Delgado about the sequence of events regarding the negotiation of the Yanes contract. Earth Tech were aware or should have been aware from their due diligence during the acquisition of Rust E & I that the other contracts in question were in place with Contreras, Aristimuno, Nacad and de Armas and Santana. The only way that Earth Tech would not have been aware of these contracts from their due diligence would be because Earth Tech was not purchasing Rust North American and, therefore, did not purchase Grupo Rust. Given those facts, Waste Management, the

seller of Rust E & I had no obligation to disclose such agreements as part of due diligence.

Delgado had no idea at the time that Earth Tech had not purchased all of Rust, including Rust North American and Grupo Rust. Delgado, therefore, had no idea that Earth Tech was not aware of the agreements that he had signed with Contreras, Aristimuno, Nacad and de Armas and Santana. Bill Stead did not request that Delgado list all agreements that Delgado had signed on behalf of Grupo Rust and or Rust E & I.

Delgado never denied to Earth Tech that he had signed the agreements in question on behalf of Grupo Rust. The issue never came up until Earth Tech was looking for a way to justify their termination of Delgado immediately after signing the agreement with Pequiven over the Jose Water Project.

Earth Tech contends that all of the contractors they claim Delgado improperly contracted with on behalf of Grupo Rust or Earth Tech were friends of Delgado. Contreras was a cousin of Delgado, but had been contracting with Rust E & I since 1996. Delgado met de Armas through a friend back in 1996 as someone who had substantial connections with PDVSA and someone who could help Rust obtain multiple contracts with PDVSA. Thereafter, they became friends through their working relationship on numerous contracts with PDVSA. Aristimuno was introduced to Delgado by de Armas as a Venezuelan engineer with substantial experience dealing with PDVSA on many contracts. Hence, Delgado sought out Aristimuno back in 1996 to enter into agreements with Rust E & I to pursue multiple projects prior to the Jose Water Project. Similarly, Aristimuno and Delgado became friends through their working relationship on various PDVSA contracts for Rust.

Santana was recommended by Thomas Leonhardt in 1995 as a potential contractor for Venezuelan projects. Prior to that Delgado did not know Santana.

Delgado did not know Yanes and Associates prior to the recommendation by PDVSA that the joint venture on the Jose Water Project hire that firm. Delgado never developed any friendship with Yanes or any of its employees.

Earth Tech refused to pay any money to Aristimuno or Contreras. Earth Tech settled with Nacad and de Armas without the latter even filing suit. Similarly, Earth settled with Santana without any suit filed. Earth Tech had no obligation to Nacad and de Armas or Santana since these agreements were on behalf of Grupo Rust and Earth Tech did not own Grupo Rust; none of them, other than Aristimuno, were involved with developing the Jose Water Project prospect with Pequiven. Earth Tech did not inquire as to the circumstances of the signing of the Yanes agreement and was unaware that there was no binding agreement between Yanes and Associates and Earth Tech. Had Earth Tech not been so anxious to settle with Yanes and blame Delgado, they would have investigated the circumstances of the contract signing, learned that there was no binding contract with Yanes and they had no legal obligation to Yanes.

Delgado did not breach his duty of loyalty to Earth Tech. Even if Earth Tech had purchased Grupo Rust, Delgado was not self-dealing by executing the contracts in issue with contractors that Rust E & I had dealt with for several years on Venezuelan contracts. Although Earth Tech attempted to find evidence that Delgado received money or other kickbacks from these various contractors, not only has Earth Tech failed to present any evidence of such remuneration, Delgado received none. Delgado received no benefit from the contracts he signed on behalf of Grupo Rust. Earth Tech received all the

benefits by being able to finalize the Jose Water Project and developing a number of other related job projects in Venezuela, and Delgado was fired for his efforts.  Delgado had no overt responsibility to protect Earth Tech from its own carelessness of not properly engaging in due diligence in the acquisition of Rust E & I (which should have disclosed these contractors' agreements with Grupo Rust if in fact Earth Tech had purchased Grupo Rust).  If Rust E & I and Rust North American did not properly disclose the existence of these contracts (assuming that one or both of them had a legal obligation to do so), then Earth Tech must look to the sellers for failure to disclose – not blame Delgado who had no duty to specifically, overtly advise them of all the contracts he executed on behalf of Grupo Rust.

Failure to disclose contracts signed does not rise to the level of breach of loyalty under Florida law.  Only disloyal acts or self-dealing would do so and there is no evidence of such conduct by Delgado.



# EXHIBIT LIST

___ Government   X   Plaintiff   ___ Defendant   __Court

**Case No.: 6:00-CV-1536-ORL-31JGG**
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit[2] |
|---|---|---|---|---|---|
| 1 | | | | A | E-mail correspondence from Bill Stead to Diane Creel, Kim Early, and Charles Alpert re: Miguel Delgado and Jose Project Updates, Bates stamp numbered 010416-010419 |
| 2 | | | | A | Interoffice Memo from Miguel Delgado dated September 7, 1998 re: Venezuela – Jose Water Project – Misc., Bates stamp numbered 010524. |
| 3 | | | | Objection – Identification, authenticity, and relevance | E-mail correspondence from Terry Stevens to tkuhlman, dated 9/25/98, re: Miguel Delgado, Bates stamp numbered 010576-010577. |
| 4 | | | | Objection – Identification, authenticity, and relevance | E-mail correspondence from Judy Hardison to Terry Stevens, dated 9/30/98, re: El Palito #7, Bates stamp numbered 010588-010589. |

[1] Use a code (e.g. "A" or "*") in this column to identify exhibits to be received in evidence by agreement without objection. Otherwise, specifically state each objection to each opposed exhibit. Please note that each date box on the left must be one inch wide to accommodate the Clerk's date stamp.
[2] The description of the e-mail is not intended to preclude reliance on the entirety of the document. Unless stated otherwise, plaintiff may rely on the entire document, indicated by Bates number.

Doc#: NY6: 290393_1



# EXHIBIT LIST

___ Government  __X__ Plaintiff  ___ Defendant  __Court

Case No.: 6:00-CV-1536-ORL-31JGG
United States District Court, Middle District of Florida
Orlando Division

*Earth Tech, Inc., Tyco International Services, AG, and Tyco*
*International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit[2] |
|---|---|---|---|---|---|
| 5 | | | | A | Rust letter from Thomas C. Leonhardt, President, dated 10/13/97, re: authorization to legally represent the company on all types of contracts, Bates stamp numbered 010023. |
| 6 | | | | Objection – Identification, authenticity, and relevance | Rust interoffice correspondence from JB Holeman to Miguel Delgado, dated 10/13/97, re: Grupo Rust Contract Approvals, Bates stamp numbered 010021 |
| 7 | | | | A | Rust letter from Thomas C. Leonhardt, President, dated 10/13/97, re: authorization to legally represent the company on all types of contracts (Spanish version), Bates stamp numbered 010022. |
| 8 | | | | A | Memorandum from Diane Creel to Miguel Delgado, dated 6/11/99, re: Notice of Immediate Reassignment, Bates stamp numbered 010070-010071. |
| 9 | | | | Objection – Identification, authenticity, and relevance | Copy of Bachelor of Science Degree in Civil Engineering for Miguel Delgado, dated 5/17/80, Bates stamp numbered 010138. |
| 10 | | | | A | Memo from Diane C. Creel to Miguel Delgado, cc: William Stead, dated 7/7/99, re: Notice of Employment Termination, |

C-2



# EXHIBIT LIST

___ Government  __X__ Plaintiff  ___ Defendant  __Court

**Case No.: 6:00-CV-1536-ORL-31JGG**
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit[2] |
|---|---|---|---|---|---|
| | | | | | Bates stamp numbered 010119-010122. |
| 11 | | | | Objection – Not provided in discovery | Letter from Antonio Elias Nacad M. and Hernan De Armas Perez, dated 9/6/99, re: terminating their contracts to do business for Grupo Rust (Spanish and English versions) |
| 12 | | | | Objection – Authenticity; Not provided in discovery; Not receive Spanish version | Settlement agreement between Grupo Rust and Luis E. Santana, dated 12/3/99 (Spanish and English versions) |
| 13 | | | | Objection – Authenticity; Not provided in discovery; Not receive Spanish version | Letter from Luis E. Santana to Dr. Carlos E. Delgado c/o Baker & McKenzie, dated 11/18/99 re: Luis E. Santana L. Contract (Spanish and English versions) |
| 14 | | | | Objection – Authenticity; Not provided in discovery; Not receive Spanish version; relevance | Release of contract between Y & A Yanes and Asociados, dated 11/10/99 (Spanish and English versions) |

C-3



# EXHIBIT LIST

___ Government  __X__ Plaintiff  ___ Defendant  __Court

### Case No.: 6:00-CV-1536-ORL-31JGG
### United States District Court, Middle District of Florida
### Orlando Division

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit[2] |
|---|---|---|---|---|---|
| 15 | | | | Objection – Identification, authenticity; relevance | E-mail correspondence from Miguel Delgado to Bill Stead, cc: Kim Early, Diane Creel and Mark Kimball, dated 7/6/99, re: Interviews, Bates stamp numbered 010469. |
| 16 | | | | A | E-mail correspondence from Sergio Augusto Sa de Almeida to Diane Creel, cc: Bill Stead, Charles Alpert and Kim Early, dated 7/5/99, re: Venezuela-Mr. Ernan de Armas, Bates stamp numbered 010074. |
| 17 | | | | A | Invoice from Hernan de Armas to Earth Tech Venezuela-Miguel Delgado, dated 6/21/99, re: representation hours/$10,000.00, with contract attached, Bates stamp numbered 010199-010203. |
| 18 | | | | A | Various e-mail correspondence to/from Miguel Delgado and Kim Early, dated 6/1/99 to 6/28/99 re: Jose Water Project – Due Diligence, Activities in Venezuela, Bates stamp numbered 010768-010771 |
| 19 | | | | A | Invoices from Jesus E. Aristimuno Garcia to Earth Tech Venezuela dated 4/9/99 and 3/19/99 re: Jose Water Project, with approval signature, Bates stamp numbered 010248-010250. |
| 20 | | | | A | Various invoices and time sheets from Jesus Aristimuno Garcia, Bates stamp numbered 010251-010262. |

C-4



# EXHIBIT LIST

___ Government  X  Plaintiff  ___ Defendant  __Court

Case No.: 6:00-CV-1536-ORL-31JGG
United States District Court, Middle District of Florida
Orlando Division

*Earth Tech, Inc., Tyco International Services, AG, and Tyco*
*International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit[2] |
|---|---|---|---|---|---|
| 21 | | | | A | Copies of American Airlines boarding passes for Jesus Aristimuno, stamped approved, Bates stamp numbered 010265-010266. |
| 22 | | | | A | Invoice from Jesus Aristimuno to Rust dated 7/30/98 re: Amuay Refinery (Operation Plan), Bates stamp numbered 010283. |
| 23 | | | | A | E-mail correspondence from Bill Stead to Sergio Almeida dated 5/13/99 and e-mail correspondence from Miguel Delgado to Sergio Augusto sa Almeida, dated 5/14/99 re: Due Diligence in Jose-Venezuela, Bates stamp numbered 011182-011183. |
| 24 | | | | A | E-mail correspondence from Bill Stead to Sergio Almeida dated 5/18/99 re: Venezuelan Issue-Confirmation of Conversation with Miguel, Bates stamp numbered 011246-011247. |
| 25 | | | | A | E-mail correspondence from Miguel Delgado to Diane Creel and other individuals, dated 6/8/99 re: Miguel/Venezuela, Bates stamp numbered 011287-011289. |
| 26 | | | | A | Contract between Grupo Rust, Miguel Delgado and Luis E. Santana, signed 5/17/02, (Spanish and English versions), Bates stamp numbered 00728-00729 |

C-5



# EXHIBIT LIST

___ Government  __X__  Plaintiff  ___ Defendant  __Court

### Case No.: 6:00-CV-1536-ORL-31JGG
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit[2] |
|---|---|---|---|---|---|
| 27 | | | | A | Master Services Consulting Agreement between Earth Tech and Emresas Y&V (Yates & Asociados) dated 5/18/99, Bates stamp numbered 010046-010063. |
| 28 | | | | Objection – Identifica-tion, authenticity, and relevance; FRE 403, 404 | E-mail correspondence from Mark Kimball to Diane Creel and other individuals, dated 5/28/99 re: Miguel Employment (Confidential) Package of Salary and Bonus for Miguel Delgado, Bates stamp numbered 010409. |
| 29 | | | | A | E-mail correspondence from Miguel Delgado to Pedro Fregona dated 4/27/99 re: New contracts with Yanez and Fundaudo, Bates stamp numbered 010677. |
| 30 | | | | A | Letter from Luis E. Delgado Contreras to Diane Creel dated 6/18/99, with invoices attached, re: payment of invoices on Jose Water Project, Bates stamp numbered 010273-010276. |
| 31 | | | | A | E-mail correspondence to/from Bill Stead and Miguel Delgado, dated 6/12/99 re: Activities in Venezuela, Bates stamp numbered 010402-010403. |
| 32 | | | | Objection – Identifica-tion, authenticity, | E-mail correspondence from Tom Leonhardt to Chuck Profilet dated 5/26/95 re: Luis Memorandum of Understanding-Draft, Bates stamp numbered 010000- |

C-6



# EXHIBIT LIST

\_\_ Government   **X**   Plaintiff   \_\_ Defendant   \_\_Court

**Case No.: 6:00-CV-1536-ORL-31JGG**
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit[2] |
|---|---|---|---|---|---|
| | | | | and relevance | 010001. |
| 33 | | | | A | Letter from Dawn L. Schwark, Sr. Vice President and General Counsel at Rust, to Dr. Luis E. Delgado Contreras, dated 10/30/97, enclosing extended representation agreement between him and Grupo Rust, Bates stamp numbered 010024. |
| 34 | | | | A | E-mail correspondence from Bill Stead to Miguel Delgado dated 6/2/99, re: Services of Luis Delgado, Bates stamp numbered 010066. |
| 35 | | | | A | E-mail correspondence from Bill Stead to Miguel Delgado dated 6/4/99, re: Services of Luis Delgado, Bates stamp numbered 010069. |
| 36 | | | | A | E-mail correspondence from Bill Stead to Miguel Delgado dated 6/18/99, re: Activities in Venezuela, Bates stamp numbered 010072. |
| 37 | | | | Objection – relevance. | E-mail correspondence from Miguel Delgado to JB Holeman dated 2/1/98, re: Venezuela, Bates stamp numbered 010032. |
| 38 | | | | A | Foreign Representation Agreement between Grupo Rust and Luis E. Delgado Contreras, dated 1/1/98, Bates stamp numbered 010025-010031. |

C-7



# EXHIBIT LIST

___ Government  __X__ Plaintiff  ___ Defendant  __Court

**Case No.: 6:00-CV-1536-ORL-31JGG**
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco*
*International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit[2] |
|---|---|---|---|---|---|
| 39 | | | | A | Foreign Representation Agreement between Grupo Rust and Luis E. Delgado Contreras dated 6/10/98, Bates stamp numbered 010035-010040. |
| 40 | | | | A | E-mail correspondence from Miguel Delgado to Bill Stead, dated 6/4/99, re: Services of Luis Delgado, Bates stamp numbered 011290-011291. |
| 41 | | | | Objection – Identification, authenticity; relevance | Confidential E-mail correspondence from Bill Stead to Miguel Delgado, cc: B. Holbrook, dated 9/1/98, re: Venezuela – Jose Water Project – Misc., with attachments, Bates stamp numbered 010954-010955. |
| 42 | | | | A | E-mail correspondence from Miguel Delgado to Bill Stead, dated 4/15/99, re: Miguel Employment, Bates stamp numbered 011230-011231 |
| 43 | | | | Objection – Identification, authenticity; not provided in discovery | Stock Purchase Agreement between REI Holdings, Inc. and Earth Tech Holding Corp, dated June 16, 1998 |
| 44 | | | | Objection – Identification, authenticity | E-mail correspondence dated 5/27/99 from Bill Stead to John Garbutt, Kim Early, and Sergio Almeida re.: Venezuela - Jose Water Project - Report on Trip to Caracas May 25, 26, Bates stamp numbered 011251-011253 |

C-8



# EXHIBIT LIST

___ Government  X  Plaintiff  ___ Defendant  __Court

Case No.: 6:00-CV-1536-ORL-31JGG
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco*
*International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit[2] |
|---|---|---|---|---|---|
| 45 | | | | A | E-mail correspondence from Miguel Delgado to Bill Stead dated 5/22/99, cc'd Sergio Almeida, Charles Alpert, John Garbutt, Kim Early re.: FW: Jose project, Bates stamp numbered 010064-65 |
| 46 | | | | Objection – Identification, authenticity; not provided in discovery; FRE 404 | E-mail correspondence from Miguel Delgado to Bill Stead, dated 8/2/98 re.: Venezuela, marked as plaintiff's Ex. 30 (from the Delgado deposition) |
| 47 | | | | Objection – Identification, authenticity, relevance | E-mail correspondence from Administrator to Miguel Delgado, dated 7/1/99 re.: Message not deliverable, Bates stamp numbered 010806-10809. |
| 48 | | | | Objection – relevance; FRE 404 | AOL subpoena document, Bates numbered 12335 - 12384 |
| 49 | | | | Objection – prejudicial and invades the province of the jury as to factual findings; FRE 403 | *Earth Tech, Inc.* v. *Delgado*, 6:00-cv-1536-Orl-31, May 15, 2002, Court Order. |

C-9

# EXHIBIT LIST



___ Government   X   Plaintiff  ___ Defendant  __Court

**Case No.: 6:00-CV-1536-ORL-31JGG**
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit[2] |
|---|---|---|---|---|---|
| 50 | | | | Objection – Identification, authenticity; relevance; not provided in discovery; no English translation provided | Wire Transfer Request to the Citibank credit account of Arocha Herrera and Asociados from Earth Tech for the amount of $23,513.00, dated 8/4/2000 |
| 51 | | | | Objection – Identification, authenticity; relevance; not provided in discovery; no English translation provided | Invoice payment from Earth Tech to Arocha, Herrera and Asociados Abogados totaling $35,826.66. Check date 7/3/2000, subsequent pages entered 6/20/2000 |
| 52 | | | | Objection – Identification, authenticity; relevance; not provided in discovery; no English translation | Invoice payment from Earth Tech to Arocha, Herrera and Asociados Abogados totaling $30,224.70. Check date 3/23/2000, subsequent pages entered 4/07/2000 |

C-10

# EXHIBIT LIST

___ Government  **X**  Plaintiff  ___ Defendant  __Court



Case No.: 6:00-CV-1536-ORL-31JGG
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco*
*International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit[2] |
|---|---|---|---|---|---|
| | | | | provided | |
| 53 | | | | Objection – Identification, authenticity; relevance; not provided in discovery; no English translation provided | Invoice payment from Earth Tech to Arocha, Herrera and Asociados Abogados, but the check for $20,507.44 was stolen. Dated 2/14/2000 |
| 54 | | | | Objection – Identification, authenticity; relevance; not provided in discovery; no English translation provided | Invoice payment re: 1999 retainer from Earth Tech to Arocha, Herrera and Asociados Abogados for $50,000.00. Check date 12/9/2000 |
| 55 | | | | Objection – Identification, authenticity; relevance; not provided in discovery; | Invoice payment from Earth Tech to Baker & McKenzie totaling $88,858.04. Check date 2/18/2000, subsequent pages received 2/14/2000 |

C-11



# EXHIBIT LIST

___ Government   X   Plaintiff   ___ Defendant   __Court

### Case No.: 6:00-CV-1536-ORL-31JGG
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco*
*International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit[2] |
|---|---|---|---|---|---|
| | | | | no English translation provided | |
| 56 | | | | Objection – Identifica-tion, authenticity; relevance; not provided in discovery; no English translation provided | Wire Transfer Request to the Citibank credit account of Arocha Herrera and Asociados from Earth Tech for the amount of $23,357.74, dated 7/19/2001 |
| 57 | | | | Objection – Identifica-tion, authenticity; relevance; not provided in discovery; no English translation provided | Wire Transfer Request to the Citibank credit account of Arocha Herrera and Asociados from Earth Tech for the amount of $16,500.29, dated 7/06/2001 |
| 58 | | | | Objection – Identifica-tion, authenticity; relevance; not provided | Wire Transfer Request to the Citibank credit account of Arocha Herrera and Associates from Earth Tech for the amount of $20,692.98, dated 4/10/2001 |

C-12



# EXHIBIT LIST

___ Government   X   Plaintiff   ___ Defendant   __Court

Case No.: 6:00-CV-1536-ORL-31JGG
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco*
*International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit[2] |
|---|---|---|---|---|---|
| | | | | in discovery; no English translation provided | |
| 59 | | | | Objection – Identification, authenticity; relevance; not provided in discovery; no English translation provided | Wire Transfer Request to the Citibank credit account of Arocha Herrera and Asociados from Earth Tech for the amount of $12,585.08, dated 1/26/2001 |
| 60 | | | | Objection – Identification, authenticity; relevance; not provided in discovery; no English translation provided | Wire Transfer Request to the Citibank credit account of Arocha Herrera and Asociados from Earth Tech for the amount of $61,907.20, dated 12/22/2000 |
| 61 | | | | Objection – Identification, authenticity; relevance; | Tyco Wire Request Form to the Citibank credit account of Arocha Herrera and Asociados from Earth Tech for the amount of $28,958.50, dated 05/31/2002 |

C-13



# EXHIBIT LIST

___ Government   X   Plaintiff   ___ Defendant   __Court

### Case No.: 6:00-CV-1536-ORL-31JGG
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit[2] |
|---|---|---|---|---|---|
| | | | | not provided in discovery; no English translation provided | |
| 62 | | | | Objection – Identifica-tion, authenticity; relevance; not provided in discovery; no English translation provided | Tyco Wire Request Form to the Citibank credit account of Arocha Herrera and Asociados from Earth Tech for the amount of $20,216.98, dated 4/30/2002 |
| 63 | | | | Objection – Identifica-tion, authenticity; relevance; not provided in discovery; no English translation provided | Tyco Wire Request Form to the Citibank credit account of Arocha Herrera and Asociados from Earth Tech for the amount of $22,320.47, Invoice dated 3/5/2002 |
| 64 | | | | Objection – Identifica-tion, authenticity; | Payment Overview #96430741 for $20,393.80, paid 2/25/2002, cleared 3/1/2002. Supplier: Arocha, Herrera & Asociados |

C-14



# EXHIBIT LIST

___ Government   _X_   Plaintiff   ___ Defendant   __Court

**Case No.: 6:00-CV-1536-ORL-31JGG**
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit[2] |
|---|---|---|---|---|---|
| | | | | relevance; not provided in discovery; no English translation provided | |
| 65 | | | | Objection – Identification, authenticity; relevance; not provided in discovery; no English translation provided | Payment Overview #96430671 for $19,749.74, paid 1/29/2002, cleared 2/18/2002. Supplier: Arocha, Herrera & Asociados. Mellon Ref # 15774 1/29/02 |
| 66 | | | | Objection – Identification, authenticity; relevance; not provided in discovery; no English translation provided | Tyco Wire Request Form to the Citibank credit account of Arocha Herrera and Asociados from Earth Tech for the amount of $108,684.27, dated 1/16/2002 |
| 67 | | | | Objection – Identification, | Wire Transfer Request to the Citibank credit account of Arocha Herrera and Asociados from Earth Tech for the amount of |

C-15



# EXHIBIT LIST

___ Government   X   Plaintiff   ___ Defendant   __Court

Case No.: 6:00-CV-1536-ORL-31JGG
United States District Court, Middle District of Florida
Orlando Division

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit[2] |
|---|---|---|---|---|---|
|  |  |  |  | authenticity; relevance; not provided in discovery; no English translation provided | $16,380.54. Document dated 2/27/2001 |
| 68 |  |  |  | Objection – Identification, authenticity; relevance; not provided in discovery; no English translation provided | Wire Transfer Request to the Citibank credit account of Arocha Herrera and Asociados from Earth Tech for the amount of $24,139.94, dated 10/17/2001 |
| 69 |  |  |  | Objection – Identification, authenticity; relevance; not provided in discovery; no English translation provided | Tyco Wire Request Form to the Citibank credit account of Arocha Herrera and Asociados from Earth Tech for the amount of $24,182.81, dated 10/17/2001 |
| 70 |  |  |  | Objection – Identifica- | Tyco Wire Request Form to the Citibank credit account of Arocha Herrera and |

C-16

# EXHIBIT LIST



___ Government   X   Plaintiff   ___ Defendant   __Court

Case No.: 6:00-CV-1536-ORL-31JGG
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco*
*International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit[2] |
|---|---|---|---|---|---|
| | | | | tion, authenticity; relevance; not provided in discovery; no English translation provided | Asociados from Earth Tech for the amount of $126,717.78, entered 10/2/2001 |
| 71 | | | | Objection – Identification, authenticity; relevance; not provided in discovery; no English translation provided | Invoice payment from Earth Tech to Baker & McKenzie Abogados SC, totaling $2,823.14. Check date 6/7/2002, subsequent pages entered 5/7/2002 |
| 72 | | | | Objection – Identification, authenticity; relevance; not provided in discovery; no English translation provided | Invoice payment from Earth Tech to Baker & McKenzie Abogados SC, totaling $6,461.63. Check date 7/5/2002, subsequent pages entered 6/6/2002 |

C-17



# EXHIBIT LIST

___ Government   X   Plaintiff   ___ Defendant   ___Court

### Case No.: 6:00-CV-1536-ORL-31JGG
### United States District Court, Middle District of Florida
### Orlando Division

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit[2] |
|---|---|---|---|---|---|
| 73 | | | | Objection – Identification, authenticity; relevance; not provided in discovery; no English translation provided | Tyco Wire Request Form to the Citibank credit account of Arocha Herrera and Asociados from Earth Tech for the amount of $14,122.91, requested 7/1/2002, Invoice dated 6/3/2002 |
| 74 | | | | Objection – Identification, authenticity; relevance; not provided in discovery; no English translation provided | Invoice payment from Earth Tech to Baker & McKenzie totaling $34,530.24. Check date 3/31/2000, subsequent pages received 02/28/2000 |
| 75 | | | | Objection – Identification, authenticity; relevance; not provided in discovery; no English translation | Invoice payment from Earth Tech to Baker & McKenzie totaling $31,340.11. Check date 4/14/2000, subsequent pages entered 3/13/2000 |

C-18



# EXHIBIT LIST

___ Government   X   Plaintiff   ___ Defendant   __Court

**Case No.: 6:00-CV-1536-ORL-31JGG**
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit[2] |
|---|---|---|---|---|---|
| | | | | provided | |
| 76 | | | | Objection – Identification, authenticity; relevance; not provided in discovery; no official Spanish version provided; no evidence of official English translation | Litigation and settlement relating to Forward I Consultores (English and Spanish Versions) |
| 77 | | | | Objection – Identification, authenticity; relevance; not provided in discovery; no official Spanish version provided; no evidence of | Litigation and settlement documents relating to Victor Sevilla Gilberto Chavez, Manuel Guzman, Bebe Abdullah G., and Antonio Guzman (English and Spanish versions) |

C-19



# EXHIBIT LIST

___ Government   X   Plaintiff   ___ Defendant   __Court

### Case No.: 6:00-CV-1536-ORL-31JGG
### United States District Court, Middle District of Florida
### Orlando Division

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit[2] |
|---|---|---|---|---|---|
| | | | | official English translation | |
| 78 | | | | A | Contract between Nacad and De Armas and Grupo Rust, dated June 10, 1998 (Spanish and English versions), Bates stamp numbered 011300-011301. |
| 79 | | | | A | Foreign Consultant Agreement between Grupo Rust and Jesus Aristimuno G., dated June 20, 1998, Bates stamp numbered 010041-45. |
| 80 | | | | Objection – identification authenticity; relevance | E-mail correspondence from Miguel Delgado to Diane Creel, and cc'd Chuck Alpert and Mark Kimball, subject Miguel Delgado - Venezuela, dated 9/18/00, Bates stamp numbered 10292-10293 |

C-20



# EXHIBIT LIST

___ Government    ___ Plaintiff   X  Defendant    ___Court

Case No.: 6:00-CV-1536-ORL-31JGG
United States District Court, Middle District of Florida
Orlando Division

*Earth Tech, Inc., Tyco International Services, AG, and Tyco*
*International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 1 | | | | Authenticity, hearsay, relevance; FRE 403 | 1/8/93 letter from William Malone to Charles Profilet |
| 2 | | | | Authenticity, hearsay, relevance; FRE 403 | Customer compliment to Delgado in Rust magazine |
| 3 | | | | Authenticity, hearsay, relevance; FRE 403 | 2/3/94 memo from Delgado to Tom Leonhardt |
| 4 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | Newspaper picture of Tom Leonhardt, Venezuelan President Calders and Delgado |
| 5 | | | | Authenticity, hearsay, relevance; FRE 403 | 1/22/95 letter from Mary Johnson to Delgado |

---

[1] Use a code (e.g. "A" or "*") in this column to identify exhibits to be received in evidence by agreement without objection. Otherwise, specifically state each objection to each opposed exhibit. Please note that each date box on the left must be one inch wide to accommodate the Clerk's date stamp.

D-1

# EXHIBIT LIST



___ Government   ___ Plaintiff   _X_ Defendant   ___ Court

### Case No.: 6:00-CV-1536-ORL-31JGG
### United States District Court, Middle District of Florida
### Orlando Division

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 6 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 3/30/95 e-mail from Tom Leonhardt to Delgado |
| 7 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 6/6/95 fax from Therese Remundo Fries to Delgado |
| 8 | | | | Authenticity, hearsay, relevance; FRE 403 | 12/15/95 memo from Tom Leonhardt to Byron Butler |
| 9 | | | | Authenticity, hearsay, relevance; FRE 403 | 1/8/96 e-mail from Teresa Remudo-Fries to Leonhardt |
| 10 | | | | Authenticity, hearsay, relevance; FRE 403 | 5/3/96 letter from agreement between Rust and AeroMap U.S |
| 11 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 1/8/93 letter from William Malone to Charles Profilet |

# EXHIBIT LIST



___ Government  ___ Plaintiff  _X_ Defendant  ___Court


### Case No.: 6:00-CV-1536-ORL-31JGG
### United States District Court, Middle District of Florida
### Orlando Division


*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 12 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | Customer compliment to Delgado in Rust magazine |
| 13 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 2/3/94 memo from Delgado to Tom Leonhardt |
| 14 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 1/24/97 memo from Hoot to Delgado |
| 15 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 6/3/97 letter from J.B.Holeman to Delgado |
| 16 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | Note from J.B.Holeman to Delgado along with 1/6/97 letter to del Camino |
| 17 | | | | Authenticity, hearsay, relevance; FRE 403, | 12/1/97 letter from J.B. Holeman to Correa |



# EXHIBIT LIST

___ Government ___ Plaintiff  X  Defendant ___Court

**Case No.: 6:00-CV-1536-ORL-31JGG**
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| | | | | 404 | |
| 18 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 6/3/97 letter from J. B. Holeman to Corrie |
| 19 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 7/18/97 Rust publication on Maraven Waste Oil Pit and Lagoon |
| 20 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 6/27/97 letter from J.B. Holeman to Feldman |
| 21 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 7/1/98 agreement between Rust E & I and Graticola |
| 22 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 4/27/98 letter from Peggy Kaeser re Delgado |

D-4



# EXHIBIT LIST

___ Government   ___ Plaintiff   _X_ Defendant   ___Court

### Case No.: 6:00-CV-1536-ORL-31JGG
### United States District Court, Middle District of Florida
### Orlando Division

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 23 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | Venezuelan Oil Industry Organization Chart |
| 24 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 10/29/98 e-mail from Delgado to Alpert |
| 25 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 8/20/97 letter from Delgado to Jorge Morales |
| 26 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 3/6/97 confidentiality agreement between Grupo Rust and Shell |
| 27 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 2/4/98 agreement between Intevep and El Contractista |
| 28 | | | | Authenticity, hearsay, relevance; FRE 403, | 1/15/97 agreement between Geohidra, CA and Grupo Rust |

D-5



# EXHIBIT LIST

___ Government   ___ Plaintiff   _X_ Defendant   ___ Court

**Case No.: 6:00-CV-1536-ORL-31JGG**
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| | | | | 404 | |
| 29 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 10/11/95 e-mail from Teresa Remudo-Fries to Tom Leonhardt |
| 30 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 12/15/96 memo form Teresa Remudo-Fries to Tom Leonhardt |
| 31 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 12/20/96 Receipt for Technical Assistance for Grupo Rust |
| 32 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 10/13/97 Power of Attorney signed by Tom Leonhardt (English and Spanish version) |
| 33 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 2/13/98 fax from Maria Eugenia Reyes to Delgado |

D-6



# EXHIBIT LIST

___ Government    ___ Plaintiff   _X_ Defendant    ___Court

### Case No.: 6:00-CV-1536-ORL-31JGG
### United States District Court, Middle District of Florida
### Orlando Division

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 34 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 8/7/98 letter from Enrique Torres to Delgado |
| 35 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 3/5/99 letter from Valdivia to Delgado |
| 36 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 8/14/98 fax letter from Stead to Delgado |
| 37 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 8/31/97 e-mail from Delgado to J.B. Holeman |
| 38 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 10/9/97 e-mail from Delgado to J.B.Holeman |
| 39 | | | | Authenticity, hearsay, relevance; FRE 403, | 8/12/98 letter from Delgado to Pequiven |



# EXHIBIT LIST

___ Government   ___ Plaintiff   _X_ Defendant   ___ Court

### Case No.: 6:00-CV-1536-ORL-31JGG
### United States District Court, Middle District of Florida
### Orlando Division

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| | | | | 404 | |
| 40 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 8/22/98 memo from Delgado to Diane Creel |
| 41 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 8/26/98 e-mail from Delgado to Stead |
| 42 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 8/31/98 memo from Stead to Delgado |
| 43 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 9/14/98 e-mail from Delgado to Luis Delgado |
| 44 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 9/12/98 e-mail from Delgado to Stead |



# EXHIBIT LIST

___ Government   ___ Plaintiff   _X_ Defendant   ___ Court

**Case No.: 6:00-CV-1536-ORL-31JGG**
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 45 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 9/18/98 e-mail from Delgado to Stead |
| 46 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 9/22/98 e-mail from Stead to Delgado |
| 47 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 9/27/98 e-mail from Delgado to Rod Edmunds |
| 48 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 10/3/98 e-mail from Delgado to Stead |
| 49 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 10/3/98 e-mail from Delgado to Stead |
| 50 | | | | Authenticity, hearsay, relevance; FRE 403, | 10/12/98 e-mail from Delgado to Stead |



# EXHIBIT LIST

\_\_ Government   \_\_ Plaintiff   **X** Defendant   \_\_\_Court

Case No.: 6:00-CV-1536-ORL-31JGG
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco*
*International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| | | | | 404 | |
| | | | | Authenticity, hearsay, relevance; FRE 403, | |
| 28 | | | | 404 | 10/13/98 e-mail from Stead to Alpert |
| | | | | Authenticity, hearsay, relevance; FRE 403, | |
| 29 | | | | 404 | 10/14/98 e-mail from Stead to Delgado |
| | | | | Authenticity, hearsay, relevance; FRE 403, | 10/16/98 letter from Enrique Torres to |
| 30 | | | | 404 | Delgado |
| | | | | Authenticity, hearsay, relevance; FRE 403, | 10/20/98 memo from Bill Stead to |
| 31 | | | | 404 | Diane Creel |
| | | | | Authenticity, hearsay, relevance; FRE 403, | |
| 32 | | | | 404 | 10/28/98 e-mail from Stead to Alpert |



# EXHIBIT LIST

___ Government  ___ Plaintiff  _X_ Defendant  ___Court

Case No.: 6:00-CV-1536-ORL-31JGG
United States District Court, Middle District of Florida
Orlando Division

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 33 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 10/29/98 e-mail from Delgado to Alpert |
| 34 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 10/29/98 e-mail from Alpert to Delgado |
| 35 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 11/08/98 e-mail from Delgado to Stead |
| 36 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 11/12/98 letter from Carlos Delgado to Miguel Delgado |
| 37 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 11/13/98 fax from Delgado to Stead |
| 38 | | | | Authenticity, hearsay, relevance; FRE 403, | 11/2/98 letter from Alex Aguado to Delgado |

D-11



# EXHIBIT LIST

___ Government  ___ Plaintiff  _X_ Defendant  ___Court

### Case No.: 6:00-CV-1536-ORL-31JGG
### United States District Court, Middle District of Florida
### Orlando Division

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| | | | | 404 | |
| 39 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 11/16/98 memo from Delgado to Edmonds |
| 40 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 12/7/98 letter from Delgado to Shell |
| 41 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 12/10/98 Earth Tech publication of acquisition of MultiService Engineering |
| 42 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 12/21/98 e-mail from Stead to Delgado |
| 43 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 12/22/98 e-mail from Delgado to Creel |

D-12



# EXHIBIT LIST

___ Government   ___ Plaintiff   _X_ Defendant   ___Court

**Case No.: 6:00-CV-1536-ORL-31JGG**
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 44 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 12/22/98 letter from Valdivia to Delgado |
| 45 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 12/30/98 e-mail from Delgado to Stead |
| 46 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 12/21/98 e-mail from Delgado to Stead |
| 47 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 1/20/99 letter from Delgado to Roberto Pace |
| 48 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 1/8/99 e-mail from Stead to Delgado |
| 49 | | | | Authenticity, hearsay, relevance; FRE 403, | 1/18/99 letter from Delgado to Cardenas |

D-13



# EXHIBIT LIST

___ Government    ___ Plaintiff   _X_ Defendant    ___Court

**Case No.: 6:00-CV-1536-ORL-31JGG**
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco*
*International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| | | | | 404 | |
| 50 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 1/22/98 e-mail from Delgado to Stead |
| 51 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 1/27/98 letter from Carlos Delgado to Miguel Delgado |
| 52 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 2/4/99 letter from Carlos Delgado to Miguel Delgado |
| 53 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 1/15/97 agreement between Geohidra, CA and Grupo Rust |
| 54 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 10/11/95 e-mail from Teresa Remudo-Fries to Tom Leonhardt |



# EXHIBIT LIST

___ Government   ___ Plaintiff   _X_ Defendant   ___ Court

Case No.: 6:00-CV-1536-ORL-31JGG
United States District Court, Middle District of Florida
Orlando Division

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 55 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 12/15/96 memo form Teresa Remudo-Fries to Tom Leonhardt |
| 56 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 12/20/96 Receipt for Technical Assistance for Grupo Rust |
| 57 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 10/13/97 Power of Attorney signed by Tom Leonhardt (English and Spanish version) |
| 58 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 2/13/98 fax from Maria Eugenia Reyes to Delgado |
| 59 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 8/7/98 letter from Enrique Torres to Delgado |
| 60 | | | | Authenticity, hearsay, relevance; FRE 403, | 3/5/99 letter from Valdivia to Delgado |



# EXHIBIT LIST

___ Government ___ Plaintiff __X__ Defendant ___Court

**Case No.: 6:00-CV-1536-ORL-31JGG**
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| | | | | 404 | |
| 61 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 8/14/98 fax letter from Stead to Delgado |
| 62 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 8/31/97 e-mail from Delgado to J.B. Holeman |
| 63 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 10/9/97 e-mail from Delgado to J.B.Holeman |
| 64 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 8/12/98 letter from Delgado to Pequiven |
| 65 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 8/22/98 memo from Delgado to Diane Creel |



# EXHIBIT LIST

___ Government ___ Plaintiff __X__ Defendant ___Court

### Case No.: 6:00-CV-1536-ORL-31JGG
### United States District Court, Middle District of Florida
### Orlando Division

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 66 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 8/26/98 e-mail from Delgado to Stead |
| 67 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 8/31/98 memo from Stead to Delgado |
| 68 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 9/14/98 e-mail from Delgado to Luis Delgado |
| 69 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 9/12/98 e-mail from Delgado to Stead |
| 70 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 9/18/98 e-mail from Delgado to Stead |
| 71 | | | | Authenticity, hearsay, relevance; FRE 403, | 9/22/98 e-mail from Stead to Delgado |



# EXHIBIT LIST

___ Government ___ Plaintiff __X__ Defendant ___Court

**Case No.: 6:00–CV-1536–ORL-31JGG**
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| | | | | 404 | |
| 72 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 9/27/98 e-mail from Delgado to Rod Edmunds |
| 73 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 10/3/98 e-mail from Delgado to Stead |
| 74 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 10/3/98 e-mail from Delgado to Stead |
| 75 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 10/12/98 e-mail from Delgado to Stead |
| 76 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 2/15/99 Second Amendment to the Joint Study Agreement |



# EXHIBIT LIST

___ Government   ___ Plaintiff   _X_ Defendant   ___Court

**Case No.: 6:00-CV-1536-ORL-31JGG**
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco*
*International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 77 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 2/22/99 Earth Tech Jose Water Supply Concession |
| 78 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 2/24/99 e-mail from Stead to Audrey Goodman |
| 79 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 7/2/99 e-mail from Delgado to Stead |
| 80 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 3/2/99 e-mail from Stead to Delgado |
| 81 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 3/4/99 e-mail from Stead to Delgado |
| 82 | | | | Authenticity, hearsay, relevance; FRE 403, | 3/5/99 letter from Valdivia to Delgado |



# EXHIBIT LIST

___ Government   ___ Plaintiff  _X_ Defendant   ___Court

### Case No.: 6:00-CV-1536-ORL-31JGG
### United States District Court, Middle District of Florida
### Orlando Division

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| | | | | 404 | |
| 83 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 3/6/99 e-mail from Enrique Torres to Delgado |
| 84 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 3/6/99 e-mail from Delgado to Kim Early |
| 85 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 3/6/99 e-mail from Stead to Guy Matelli |
| 86 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 3/9/99 e-mail from Reed Herrero to Delgado |
| 87 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 3/16/99 e-mail from Stead to Delgado |



# EXHIBIT LIST

___ Government  ___ Plaintiff  _X_ Defendant  ___Court

### Case No.: 6:00-CV-1536-ORL-31JGG
### United States District Court, Middle District of Florida
### Orlando Division

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 88 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 3/19/99 letter from Creel to Pequiven |
| 89 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 3/24/99 letter from Valdivia to Creel |
| 90 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 3/26/99 e-mail from Roberto Pace to Delgado |
| 91 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 3/30/99 e-mail from Stead to Delgado |
| 92 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 4/10/99 letter from Franck Viloria-Barazarte to Creel |
| 93 | | | | Authenticity, hearsay, relevance; FRE 403, | 4/10/99 e-mail from Stead to Delgado |



# EXHIBIT LIST

___ Government ___ Plaintiff __X__ Defendant ___Court

### Case No.: 6:00-CV-1536-ORL-31JGG
### United States District Court, Middle District of Florida
### Orlando Division

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| | | | | 404 | |
| 94 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 4/6/99 e-mail from Stead to Delgado |
| 95 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 4/23/99 e-mail from Creel to Delgado |
| 96 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 4/27/99 e-mail from Delgado to PDVSA |
| 97 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 4/30/99 letter from Risquez to Delgado |
| 98 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 4/30/99 letter from Praselj to Delgado |



# EXHIBIT LIST

___ Government    ___ Plaintiff   _X_ Defendant    ___Court

**Case No.: 6:00-CV-1536-ORL-31JGG**
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco*
*International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 99 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 5/24/99 memo from Creel to Delgado |
| 100 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 5/14/99 e-mail from Early to Delgado |
| 101 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 5/21/99 e-mail from Guy Matelli to Delgado |
| 102 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 5/29/99 e-mail from Delgado to Creel |
| 103 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 6/2/99 e-mail from Delgado to Early |
| 104 | | | | Authenticity, hearsay, relevance; FRE 403, | 6/2/99 e-mail from Stead to Delgado |



# EXHIBIT LIST

___ Government   ___ Plaintiff   _X_ Defendant   ___ Court

**Case No.: 6:00-CV-1536-ORL-31JGG**
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| | | | | 404 | |
| 105 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 6/3/99 e-mail from Delgado to Early |
| 106 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 6/3/99 e-mail from Enrique Torres to Delgado |
| 107 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 6/3/99 letter from Enrique Torres to Delgado |
| 108 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 6/4/99 e-mail from Stead to Delgado |
| 109 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 6/6/99 e-mail from Delgado to Creel |

D-24



# EXHIBIT LIST

___ Government   ___ Plaintiff  _X_ Defendant   ___Court

### Case No.: 6:00-CV-1536-ORL-31JGG
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 110 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 6/10/99 e-mail from Delgado to Creel |
| 111 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 6/11/99 memo from Creel to Delgado |
| 112 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 6/12/99 e-mail from Stead to Creel |
| 113 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 6/15/99 e-mail from Delgado to Stead |
| 114 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 4/26/99 e-mail from Fregona to Delgado |
| 115 | | | | Authenticity, hearsay, relevance; FRE 403, | 4/27/99 e-mail from Delgado to PDVSA |



# EXHIBIT LIST

___ Government  ___ Plaintiff  _X_ Defendant  ___ Court

**Case No.: 6:00-CV-1536-ORL-31JGG**
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| | | | | 404 | |
| 116 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 5/18/99 Contract proposal to Yanes |
| 117 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 6/22/99 Yanes counterproposal |
| 118 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 5/18/99 Executed contract submitted by Yanes |
| 119 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 7/7/99 Notice of Employment Termination from Creel to Delgado |
| 120 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 6/1/99 e-mail from Kimball to Miguel Delgado |

D-26



# EXHIBIT LIST

___ Government   ___ Plaintiff   _X_ Defendant   ___Court

### Case No.: 6:00-CV-1536-ORL-31JGG
### United States District Court, Middle District of Florida
### Orlando Division

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 121 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 6/9/99 e-mail from Kimball to Pedro Delgado |
| 122 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 6/15/99 & 6/31/99 Forward Consultores bills approved by Delgado |
| 123 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 11/16/99 letter from Manuel Diaz Mullea to Alejandro Teran |
| 124 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 2/1/98 e-mail from Delgado to J.B. Holeman |
| 125 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 5/22/99 e-mail from Delgado to Stead |
| 126 | | | | Authenticity, hearsay, relevance; FRE 403, | 6/2/99 e-mail from Stead to Delgado |



# EXHIBIT LIST

___ Government ___ Plaintiff __X__ Defendant ___ Court

Case No.: 6:00-CV-1536-ORL-31JGG
United States District Court, Middle District of Florida
Orlando Division

*Earth Tech, Inc., Tyco International Services, AG, and Tyco
International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| | | | | 404 | |
| 127 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 6/4/99 e-mail from Delgado to Stead |
| 128 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 6/4/99 e-mail form Stead to Delgado |
| 129 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | Anti Bribery Provisions of the Foreign Corrupt Practices Act |
| 130 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 6/5/99 e-mail from Delgado to Creel |
| 131 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 4/30/99 invoice of Luis Delgado Contreras |

D-28



# EXHIBIT LIST

___ Government  ___ Plaintiff  _X_ Defendant  ___Court

### Case No.: 6:00-CV-1536-ORL-31JGG
### United States District Court, Middle District of Florida
### Orlando Division

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 132 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 7/1/99 letter from Alpert to Luis Delgado Contreras |
| 133 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | Plaintiff's Responses and Objections to Defendant's First Request for Production of Documents |
| 134 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 1998 Power of Attorney for Delgado as Vice President of Earth Tech Venezuela CA (formerly Grupo Rust) |
| 135 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | Official Registration of Grupo Rust in Venezuela |
| 136 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | Official Venezuelan documents reflecting name change to Earth Tech Venezuela, C.A. |
| 137 | | | | Authenticity, hearsay, relevance; FRE 403, | 10/22/98 letter from Garcia to Delgado with official documents attached |



# EXHIBIT LIST

___ Government  ___ Plaintiff  _X_ Defendant  ___ Court

### Case No.: 6:00-CV-1536-ORL-31JGG
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| | | | | 404 | |
| 138 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | Federal Express air bills |
| 139 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 6/10/98 Agreement with Luis Delgado Contreras |
| 140 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 1/1/98 Agreement with Luis Delgado Contreras |
| 141 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 6/10/98 Agreement with Nacad and de Armas Perez |
| 142 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | Previous Agreement with Nacad and de Armas Perez |

D-30



# EXHIBIT LIST

___ Government  ___ Plaintiff  _X_ Defendant  ___Court

### Case No.: 6:00-CV-1536-ORL-31JGG
### United States District Court, Middle District of Florida
### Orlando Division

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 143 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 6/10/98 Agreement with Santana |
| 144 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | Previous Agreement with Santana |
| 145 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 6/20/98 Agreement with Aristimuno |
| 146 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | Previous Agreement with Aristimuno |
| 147 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 6/1/99 e-mail from Kimball to Miguel Delgado |
| 148 | | | | Authenticity, hearsay, relevance; FRE 403, | 7/2/99 e-mail from Kimball to Pedro Delgado |



# EXHIBIT LIST

\_\_ Government   \_\_ Plaintiff   _X_ Defendant   \_\_Court

### Case No.: 6:00-CV-1536-ORL-31JGG
**United States District Court, Middle District of Florida**
**Orlando Division**

_**Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello**_

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| | | | | 404 | |
| 149 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 7/12/99 e-mal from Pedro Delgado to Kimball |
| 150 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 8/19/99 agreement between Earth Tech and Forward I Consultores |
| 151 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 3/17/99 e-mail from Delgado to J.B. Holeman |
| 152 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 7/16/98 e-mail from J.B. Holeman to Tom Leonhardt |
| 153 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | Delgado resume |



# EXHIBIT LIST

___ Government  ___ Plaintiff  _X_ Defendant  ___ Court

### Case No.: 6:00-CV-1536-ORL-31JGG
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco*
*International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 154 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 3/3/98 agreement between Grupo Rust and Citibank |
| 155 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 1/15/97 agreement between Grupo Rust and Geohidra, CA |
| 156 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 10/28/96 agreement between Grupo Rust and Geohidra, CA |
| 157 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 5/31/79 agreement between Grupo Rust and Intevep |
| 158 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 2/25/99, 4/28/99 & 5/27/99 checks payable to Bebe Abdullah Gonzalez |
| 158 | | | | Authenticity, hearsay, relevance; FRE 403, | 1/7/99 bill from PDVSA |



# EXHIBIT LIST

___ Government ___ Plaintiff __X__ Defendant ___Court

**Case No.: 6:00-CV-1536-ORL-31JGG**
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
|  |  |  |  | 404 |  |
| 159 |  |  |  | Authenticity, hearsay, relevance; FRE 403, 404 | 12/20/96 agreement between Grupo Rust and Rust E & I |
| 160 |  |  |  | Authenticity, hearsay, relevance; FRE 403, 404 | 1996 invoices from Rust E & I to Grupo Rust |
| 161 |  |  |  | Authenticity, hearsay, relevance; FRE 403, 404 | 11/16/98 check to Tesoreria Nacional |
| 162 |  |  |  | Authenticity, hearsay, relevance; FRE 403, 404 | 5/6/98 check to Instituto Venezoland de Ecologia |
| 163 |  |  |  | Authenticity, hearsay, relevance; FRE 403, 404 | 7/1/98 check to Flight Aviation M.B. |

D-34



# EXHIBIT LIST

___ Government  ___ Plaintiff  _X_ Defendant  ___ Court

**Case No.: 6:00-CV-1536-ORL-31JGG**
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco*
*International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 164 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 5/3/98 check to Administradora Serdeco, CA |
| 165 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 5/20/99 check to Agencia de Viajes Del Plata Travel, CA |
| 166 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 5/20/99 check to Jose Alberto Correa |
| 167 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 6/2/99 check to Telcel Celular, CA |
| 168 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 6/2/99 check to Stop Cellular Service, CA |
| 169 | | | | Authenticity, hearsay, relevance; FRE 403, | 4/30/99 invoice of Luis Delgado Contreras |



# EXHIBIT LIST

___ Government  ___ Plaintiff  _X_ Defendant  ___ Court

Case No.: 6:00-CV-1536-ORL-31JGG
United States District Court, Middle District of Florida
Orlando Division

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| | | | | 404 | |
| 170 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | MSNBC & Wall Street Journal article dated June 3, 2002 – "Tyco's Kozlowski resigns as CEO" |
| 171 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | USA Today article dated June 3, 2002 – "A New Blow for Tyco – CEO quits" |
| 171 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | CNN Money article dated June 3, 2002 – "Tyco CEO quits" |
| 172 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | Washington Post article dated June 4, 2002 – "Tyco CEO Resigns Amid Criticism" |
| 173 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | Wall Street Journal Article dated June 12, 2002 – "Tyco Payments to Firm Raise Issues" |



# EXHIBIT LIST

___ Government    ___ Plaintiff   _X_ Defendant    ___Court

Case No.: 6:00-CV-1536-ORL-31JGG
United States District Court, Middle District of Florida
Orlando Division

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 174 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | Washington Post article dated June 11, 2002 – "Tyco Replaces Chief Lawyer, Is Hit with Downgrade of Debt" |
| 175 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | Smart Money.com article dated June 12, 2002 – "Time to Eat Some Ty-Crow" |
| 176 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | CNBC & Wall Street Journal article dated June 10, 2002 – "Tyco replaces top lawyer amid probe" |
| 177 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | Reuters news article dated June 26, 2002 – "New Charges for Tyco Ex-CEO Kozlowski" |
| 178 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | Reuters news article dated June 26, 2002 – "Update 1 – Former Tyco CEO Kozlowski hit with new charges" |
| 179 | | | | Authenticity, hearsay, relevance; FRE 403, | Reuters news article dated June 26, 2002 – "Former Tyco CEO Kozlowski hit with new charges" |



# EXHIBIT LIST

___ Government   ___ Plaintiff  _X_ Defendant   ___Court

### Case No.: 6:00-CV-1536-ORL-31JGG
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| | | | | 404 | |
| 180 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | Bloomberg News article dated July 1, 2002 – "Ex-Tyco chief charged with evidence tampering" |
| 181 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | Reuters news article dated June 26, 2002 – "U.S. SEC investigates Tyco bribery claims – lawyer" |
| 182 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | Business Week article dated July 1, 2002 – "The Tax Games Tyco played" |
| 183 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | Business Week article dated August 12, 2002 – "Commentary:  A To-Do List for Tyco's CEO" |
| 184 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | Wall Street Journal article dated August 7, 2002 – "Tyco Spent Millions for Benefit of Kozlowski, Its Former CEO" |

# EXHIBIT LIST



___ Government   ___ Plaintiff  _X_ Defendant   ___ Court

**Case No.: 6:00-CV-1536-ORL-31JGG**
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 185 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | PRNewswire article dated December 10, 1999 |
| 186 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | Bloomberg.com article dated January 7, 2002 |
| 187 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | Rust "Et Cetera" bulletin discussing Venezuelan operations |
| 188 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | Rust E & I Standard Form 255 |
| 189 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | Rust General Employee Information form on Delgado |
| 190 | | | | Authenticity, hearsay, relevance; FRE 403, | Certificate of Residency for Delgado |



# EXHIBIT LIST

___ Government ___ Plaintiff _X_ Defendant ___Court

### Case No.: 6:00-CV-1536-ORL-31JGG
### United States District Court, Middle District of Florida
### Orlando Division

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| | | | | 404 | |
| 191 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | Almeida's handwritten notes of May 1999 |
| 192 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 5/24/99 e-mail from Bill Stead to Delgado |
| 193 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 5/20/99 letter from Raul Isaias Baduell to Diana Creel |
| 194 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 5/13/99 e-mail from Almeida to Bill Stead |
| 195 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 5/3/99 fax from Delgado to Bill Stead/Chuck Alpert/Diane Creel |



# EXHIBIT LIST

___ Government ___ Plaintiff _X_ Defendant ___Court

**Case No.: 6:00-CV-1536-ORL-31JGG**
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 196 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 4/30/99 letter from Eduardo Praselj to Delgado |
| 197 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 4/30/99 letter from Juan Risquez to Delgado |
| 198 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 4/26/99 e-mail from Bill Stead to Delgado |
| 199 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 4/19/99 Purchase Order from PDVSA |
| 200 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 3/26/99 letter from Delgado to Pequiven |
| 201 | | | | Authenticity, hearsay, relevance; FRE 403, | 3/18/99 Citibank transfer of money from Tyco and Letter of Credit |



# EXHIBIT LIST

___ Government ___ Plaintiff _X_ Defendant ___ Court

Case No.: 6:00-CV-1536-ORL-31JGG
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco*
*International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| | | | | 404 | |
| 202 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 2/25/99 letter from Delgado to Geohidra |
| 203 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 2/15/99 Acknowledgment Agreement signed by Delgado |
| 204 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 2/22/99 Earth Tech Jose Water Supply Concessions |
| 205 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 2/18/99 Earth Tech transfer of money to Grupo Rust |
| 206 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 5/20/99 letter from Delgado to Pace at Pequiven |



# EXHIBIT LIST

___ Government    ___ Plaintiff   _X_ Defendant    ___Court

### Case No.: 6:00-CV-1536-ORL-31JGG
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 207 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 10/27/98 Certification of registration of Grupo Rust |
| 208 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 10/23/98 letter from Torres to Delgado |
| 209 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 3/26/99 letter from Delgado to Torres |
| 210 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 2/15/99 Acknowledgment Agreement |
| 211 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 1/18/99 letter from Delgado to Jose Cardenas |
| 212 | | | | Authenticity, hearsay, relevance; FRE 403, | 11/23/98 letter from Torres to Delgado |



# EXHIBIT LIST

___ Government ___ Plaintiff __X__ Defendant ___Court

**Case No.: 6:00-CV-1536-ORL-31JGG**
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| | | | | 404 | |
| 213 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 11/10/98 letter from PDVSA to Delgado |
| 214 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 10/19/98 fax from Delgado to Stead |
| 215 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 10/15/98 letters from Delgado to PDVSA |
| 216 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 8/12/98 letter from Delgado to Torres |
| 217 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 7/9/98 letter from Matrix Engineering to Grupo Rust |



# EXHIBIT LIST

___ Government ___ Plaintiff __X__ Defendant ___ Court

### Case No.: 6:00-CV-1536-ORL-31JGG
### United States District Court, Middle District of Florida
### Orlando Division

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 218 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 5/9/98 Agreement between Intevep and Grupo Rust |
| 219 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 5/8/98 e-mail from Delgado to J.B. Holeman |
| 220 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 4/27/98 letter from Kaeser to Whom It May Concern |
| 221 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 2/12/98 fax from Reyes to Delgado |
| 222 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 12/7/98 Proposal from Delgado to Shell |
| 223 | | | | Authenticity, hearsay, relevance; FRE 403, | 8/7/98 fax from Delgado to J.B. Holeman |

D-45



# EXHIBIT LIST

___ Government ___ Plaintiff __X_ Defendant ___Court

Case No.: 6:00-CV-1536-ORL-31JGG
United States District Court, Middle District of Florida
Orlando Division

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| | | | | 404 | |
| 224 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 10/31/98 Grupo Rust Bank Statement |
| 225 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 11/12/98 letter from Carlos Delgado to Miguel Delgado |
| 226 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 8/7/98 fax from Delgado to Stead |
| 227 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 8/4/98 PDVSA Purchase Orders |
| 228 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 8/31/98  Grupo Rust Bank Statement |



# EXHIBIT LIST

___ Government   ___ Plaintiff   _X_ Defendant   ___Court

### Case No.: 6:00-CV-1536-ORL-31JGG
### United States District Court, Middle District of Florida
### Orlando Division

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 229 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 7/1/98 Consulting Agreement with Nathalie Gratiicola |
| 230 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 8/15/96 Agreement between Geohidra, CA and Grupo Rust |
| 231 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 8/21/98 Agreement between Pequiven and Grupo Rust and Earth Tech |
| 232 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 4/20/98 Agreement between Intevep and Grupo Rust |
| 233 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | __?___1998 fax from PDVSA to Delgado |
| 234 | | | | Authenticity, hearsay, relevance; FRE 403, | 4/15/98 Matrix Engineering bill to Rust E & I |



# EXHIBIT LIST

___ Government ___ Plaintiff _X_ Defendant ___ Court

Case No.: 6:00-CV-1536-ORL-31JGG
United States District Court, Middle District of Florida
Orlando Division

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| | | | | 404 | |
| 235 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 3/20/98 invoice from Grupo Rust to Rust North America |
| 236 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 3/2/98 letter from Delgado to Citibank |
| 237 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 2/13/98 fax from Delgado to J.B. Holeman |
| 238 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 2/13/98 letter from Reyes to Delgado |
| 239 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 1998 Agreement between Lagoven and Grupo Rust |



# EXHIBIT LIST

___ Government   ___ Plaintiff   _X_ Defendant   ___Court

**Case No.: 6:00-CV-1536-ORL-31JGG**
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 240 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 2/9/98 fax from Delgado to J.B. Holeman |
| 241 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 2/7/98 fax from Reyes to Delgado |
| 242 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 7/18/97 Rust publication on Maraven |
| 243 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 7/4/97 letter from Delgado to Inelectra |
| 244 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 6/27/97 letter from J.B. Holeman to Texaco |
| 245 | | | | Authenticity, hearsay, relevance; FRE 403, | 5/2/97 fax from Delgado to PDVSA |



# EXHIBIT LIST

___ Government  ___ Plaintiff  _X_ Defendant  ___Court

### Case No.: 6:00-CV-1536-ORL-31JGG
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| | | | | 404 | |
| 246 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 5/2/97 Agreement between PDVSA and Rust E & I |
| 247 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 5/2/97 invoice from Grupo Rust to Lagoven |
| 248 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 1/20/97 and 1/23/97 invoices from Rust E & I to Grupo Rust |
| 249 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | Checks written on Banco Provincial by Delgado on behalf of Grupo Rust |
| 250 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 6/13/97 fax from Delgado to J.B. Holeman |

# EXHIBIT LIST



___ Government  ___ Plaintiff  _X_ Defendant  ___ Court

### Case No.: 6:00-CV-1536-ORL-31JGG
### United States District Court, Middle District of Florida
### Orlando Division

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 251 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 6/11/97 letters from Delgado to Geohidra |
| 252 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 8/4/98 Purchase Order from PDVSA |
| 253 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 5/21/97 Purchase Order form PDVSA |
| 254 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 5/11/95 Report by Arthur Anderson |
| 255 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 5/3/96 Report by Arthur Anderson |
| 256 | | | | Authenticity, hearsay, relevance; FRE 403, | 5/21/97 Report by Arthur Anderson |

D-51



# EXHIBIT LIST

___ Government  ___ Plaintiff  _X_ Defendant  ___Court

Case No.: 6:00-CV-1536-ORL-31JGG
United States District Court, Middle District of Florida
Orlando Division

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| | | | | 404 | |
| 257 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 12/1/97 letter from Schwark to Comision de Licitaciones |
| 258 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 12/1/97 letter from J.B. Holeman to Minister Monro |
| 259 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 1998 Agreement between Lagoven and Rust |
| 260 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 5/1/97 letter from Delgado to PDVSA |
| 261 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 11/19/96 Agreement between Rust E & I and Grupo Rust |



# EXHIBIT LIST

___ Government    ___ Plaintiff    _X_ Defendant    ___ Court

### Case No.: 6:00-CV-1536-ORL-31JGG
### United States District Court, Middle District of Florida
### Orlando Division

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 262 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 8/15/96 Agreement between Geohidra and Grupo Rust |
| 263 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 8/1/95 letter from Thomas Leonhardt |
| 264 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 3/24/99 bill from Baker & McKenzie |
| 265 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 3/4/98 letter from Delgado to Citibank |
| 266 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 4/19/99 Purchase Order from PDVSA |
| 267 | | | | Authenticity, hearsay, relevance; FRE 403, | Checks signed by Delgado for Grupo Rust |



# EXHIBIT LIST

___ Government  ___ Plaintiff  _X_ Defendant  ___Court

Case No.: 6:00-CV-1536-ORL-31JGG
**United States District Court, Middle District of Florida**
**Orlando Division**

*Earth Tech, Inc., Tyco International Services, AG, and Tyco*
*International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| | | | | 404 | |
| 268 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 8/25/99 fax from de Armas to Medeiros |
| 269 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | Federal Express bills |
| 270 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 9/15/81 letter from University of Texas to Whom It May Concern |
| 271 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 9/15/81 Certification of Enrollment from University of Texas |
| 272 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 1/15/97 Agreement between Geohidra and Grupo Rust |



# EXHIBIT LIST

___ Government    ___ Plaintiff   _X_ Defendant   ___Court

### Case No.: 6:00-CV-1536-ORL-31JGG
### United States District Court, Middle District of Florida
### Orlando Division

***Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello***

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| 273 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 8/1/96 Agreement between Grupo Rust and Contreras |
| 274 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 8/15/96 Memorandum of Understanding between Rust E & I , Grupo Rust and Contreras |
| 275 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 10/30/97 letter from Schwark to Contreras and Agreement dated 1/1/98 |
| 276 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 9/28/98 letter from J.B. Holeman to Stead |
| 277 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 5/28/99 e-mail from Almeida to Delgado and attached e-mails |
| 278 | | | | Authenticity, hearsay, relevance; FRE 403, | 6/12/98 e-mail from Delgado to Stead and attached e-mail |



# EXHIBIT LIST

___ Government  ___ Plaintiff  _X_ Defendant  ___ Court

### Case No.: 6:00-CV-1536-ORL-31JGG
### United States District Court, Middle District of Florida
### Orlando Division

*Earth Tech, Inc., Tyco International Services, AG, and Tyco International (US) Inc. v. Miguel Delgado Bello*

| Exhibit No. | Date Identified | Date Admitted | Sponsoring Witness | Objections/ Stipulated Admissions[1] | Description of Exhibit |
|---|---|---|---|---|---|
| | | | | 404 | |
| 279 | | | | Authenticity, hearsay, relevance; FRE 403, 404 | 10/15/97 Ministerio del Ambiente Y de Los Recursos Naturales Renovables Documents |

**EXHIBIT "E"**

**PLAINTIFF'S LIST OF WITNESSES**

| | NAME | SUBJECT MATTER |
|---|---|---|
| 1. | J.B. Holeman, former Vice President, Rust Environment & Infrastructure, Inc. | Delgado's lack of authority to enter into agreements on behalf of Rust and his failure to obtain approval for those contracts; Rust's contracts with Luis Delgado Contreras; Delgado's breaches of his duty of loyalty |
| 2. | Tom Leonhardt, former CEO of Rust Environment & Infrastructure, Inc., and CEO and President of Grupo Rust. | Delgado's lack of authority to enter into agreements on behalf of Rust; Delgado's breaches of his duty of loyalty |
| 3. | Diane Creel, President, Earth Tech, Inc. | Delgado's breaches of his duty of loyalty to Earth Tech; lack of authority to enter into agreements on behalf of Earth Tech; Earth Tech's hiring and termination of Delgado; Earth Tech's damages |
| 4. | William Stead, Vice President, Earth Tech, Inc. | Delgado's lack of authority to enter into agreements on behalf of Earth Tech; the unauthorized agreements with Yanes and others; Delgado's breaches of his duty of loyalty; damages |
| 5. | Charles Alpert, General Counsel, Earth Tech, Inc. | Damages; the acquisition of Rust and Grupo Rust |
| 6. | Sergio Almeida, President, MultiService Engenharia Ltd. (a wholly-owned subsidiary of Earth Tech) | Delgado's activities in Venezuela; the contracts executed by Delgado |
| 7. | Dawn Baiden Schwark, Senior Vice President and General Counsel, Rust Environment & Infrastructure | Drafting of agreements Delgado executed; Agreements executed by Delgado on behalf of Rust. |
| 8. | Chuck Profilet, Rust Environment & Infrastructure | Delgado's authority to enter into contracts; Delgado's activities in Venezuela |
| 9. | Douglas Haven, Manager of PC/LAN Development and Support at ADT Security Services. | Authenticity of e-mails. |
| 10. | Carlos Delgado, Baker & Mackenzie | The contracts executed by Delgado |

## EXHIBIT "F"

## DEFENDANT'S LIST OF WITNESSES

| | NAME | SUBJECT MATTER |
|---|---|---|
| 1. | Miguel Delgado Bello, Defendant | Delgado's authority to enter into agreements on behalf of Grupo Rust and Earth Tech; permission given to enter agreements from J.B. Holeman and Bill Stead; Earth Tech knew or should have known of the agreements; Earth Tech did not own Grupo Rust at time Delgado was fired |
| 2. | Tom Leonhardt, Rust North American Holdings, Inc. & Grupo Rust | Delgado's authority to enter into agreements on behalf of Grupo Rust |
| 3. | Terese Remundo Fries, Rust E & I | Delgado sought approval on agreements while reporting to Fries |
| 4. | Gary Fries, Rust E & I | Delgado sought approval on agreements while reporting to Fries |
| 5. | Myron Temchin, Rust E & I | J.B. Holman wanted to buy Grupo Rust |
| 6. | David Hoot, Rust E & I | Delgado's authority to enter into agreements on behalf of Grupo Rust |
| 7. | Rod Edmunds, Rust E & I | Earth Tech did not buy Grupo Rust |
| 8. | Jerry Saperstein, Computer Forensics | Various e-mails presented by Earth Tech in discovery are not authentic |
| 9. | Luis Giusti, former president of PDVSA | Delgado's dealings with PDVSA and its subsidiaries; significance of U.S. contractor using Venezuelan subcontractors; authority of Delgado to negotiate on behalf of Rust |
| 10. | Franco Lupini, Geohidra | Delgado's authority to sign contracts on behalf of Grupo Rust in Venezuela |
| 11. | Mario R. Garcia, Tyco General Manager – Latin America | Delgado's authority to sign contracts and do business on behalf of Grupo Rust, Rust and Earth Tech in Venezuela |
| 12. | Jose Luis Mogolon, Aquas de Maticora CA | Delgado's authority to sign contracts on behalf of Grupo Rust in Venezuela |

| | | |
|---|---|---|
| 13. | Nathalie Graticola, Grupo Rust | Delgado's authority to sign contracts on behalf of Grupo Rust in Venezuela; communications between Grupo Rust and Rust and Earth Tech |
| 14. | Jesus Aristimuno | Delgado's authority to sign contracts on behalf of Grupo Rust in Venezuela; authorization obtained by Delgado from Rust and Earth Tech; credibility of Delgado |
| 15. | Hernan de Armas | Delgado's authority to sign contracts on behalf of Grupo Rust in Venezuela; credibility of Delgado |
| 16. | Gustavo Perez Issa, PDVSA Head of Security | Fraud within PDVSA and Earth Tech |
| 17. | Bebe Abdulah, Grupo Rust | Delgado's authority to sign contracts on behalf of Grupo Rust in Venezuela; communications between Grupo Rust and Rust and Earth Tech; credibility of Delgado |
| 18. | Eduardo Lopez, South Florida Water Management District | Credibility of Delgado |
| 19. | Yandy Perez, Delgado's Venezuelan attorney | Delgado's Venezuelan lawsuit |

## UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

EARTH TECH, INC., a California
corporation, TYCO INTERNATIONAL
SERVICES, AG, a Swiss Corporaiton and
TYCO INTERNATIONAL (US) INC., a
Nevada Corporation,

Case No. 6:00-CV-1536-ORL-31

          Plaintiffs,

      v.

MIGUEL DELGADO BELLO,

          Defendant.

## JOINT PREPARED *VOIR DIRE* QUESTIONS

      The parties, through their undersigned counsel, request that this Honorable

Court pose the following questions during the *voir dire* examination of the jury panel.

**A.**    **Background Information Regarding Jurors**

      1.    Are you employed?

      2.    By whom?

      3.    For how long?

      4.    What is your position?

      5.    Do you or have you worked in the areas of computer services, computer security, or internet services?

      6.    Do you use e-mail in your job?  Do you use e-mail for personal communications?

**B.**    **Background Information About Juror's Immediate Family**

      1.    Are you married?

      2.    Who is your spouse's employer and what is his/her position?

      3.    Do you have children?

4.      For adult children, who is their employer and what is their position?

**C.    <u>Knowledge of the Parties</u>**

1.      Do you know the Defendant, Miguel Delgado Bello or his former wife, Cecilia Delgado Bello?

2.      Do you know Tyco or Earth Tech?

3.      If you do know Tyco or Earth Tech, what do you know?

4.      What is your opinion of Tyco or Earth Tech?

5.      Have you, a family member, or a close friend ever worked for Tyco or Earth Tech?

6.      Have you, a family member, or a close friend ever done business with Tyco or Earth Tech?

7.      Have you, a family member, or a close friend ever had a problem or dispute with Tyco or Earth Tech?

8.      Do you know Pequiven, S.A., or Petroleos de Venezuela, S.A. ("PDVSA"), a government-controlled petroleum corporation?

9.      If you do know Pequiven, S.A. or PDVSA what do you know?

10.     What is your opinion of Pequiven, S.A. or PDVSA?

11.     Have you, a family member, or a close friend ever worked for Pequiven, S.A. or PDVSA?

12.     Have you, a family member, or a close friend ever done business with Pequiven, S.A. or PDVSA?

13.     Have you, a family member, or a close friend ever had a problem or dispute with Pequiven, S.A. or PDVSA?

14.     Do you know Jesus Aristimuño G.?

15.     Do you know Luis E. Santana?

16.     Do you know Antonio Ellias Nacad M.?

17.     Do you know Hernan de Armas?

18.     Do you know the company Yanes & Associates?

19.     Do you know Luis E. Delgado Contreras?

2

20.   Do you have business or dealings with the government of Venezuela?  If so, what?

21.   Do you have any close friends or relatives who work for the government of Venezuela?

22.   Plaintiff in this action is represented by Jackson Lewis LLP, by Paul Weiss Rifkind Wharton & Garrison, and by Greenberg, Traurig, P.A.  Are you familiar with these law firms or an attorney or individual who works for any of these law firms?

23.   Defendant in this action is represented by Robert W. Rasch.  Are you familiar with Mr. Rasch?

**D.**   **Knowledge of the Witnesses**

1.   Do you know any of the following individuals who may appear as witnesses in this case?

(a)   Read Plaintiff's witness list.

(b)   Read Defendant's witness list.

**E.**   **Prior Litigation**

1.   Have you, a family member, or a close friend ever been in any legal dispute with, or brought a claim against, your or their employer?

(a)   If yes, please provide some background information including:

(1)   the name of the employer;

(2)   the type of claim brought;

(3)   the outcome of the matter;

(4)   when was this?

2.   Have you, a family member, or a close friend ever had a claim or legal suit brought against you by an employer?

(a)   If yes, please some background information including:

(1)   the name of the employer;

(2)   the type of claim brought;

3

(3)     the outcome of the matter;

(4)     when this occurred?

**F.**     <u>**Damages**</u>

1.     Do you have any views concerning the amount of money damages that may be awarded in a lawsuit?

2.     Do you have any views concerning the award of punitive damages in a lawsuit?

     **[Item F(2) is to be given only if defendant is unsuccessful in moving *in limine* to preclude reference to punitive damages.]**

**G.**     <u>**Miscellaneous**</u>

1.     In deciding this case, will you follow the law that the Court instructs you to follow?

2.     Will you follow the law that the Court gives you, even if you personally disagree with it?

3.     Have you ever been called for jury duty before today?

     (a)     If yes, did you actually hear a case and deliberate on a verdict?

     (b)     If yes, what kind of case did that involve?

4.     Have you ever been a witness in a lawsuit?

     (a)     If so, what were the circumstances of that case?

5.     During trial, it may become necessary for the attorney's to approach the bench or discuss a point of law outside the hearing of the jury.  Will it bother you that the law sometimes does not allow jurors to hear discussion of legal points?

6.     Is there anything you think the Court should know about that I have not asked that could affect your ability to be a fair and impartial juror in this case?

4

7.    Do you have any opinions about a corporation suing one of its employees?


DATED this _____ day of _____, 2002.


JACKSON LEWIS LLP
390 N. Orange Avenue, Suite 1285
Post Office Box 3389
Orlando, Florida  32802-3389
Telephone:  (407) 246-8440
Facsimile:  (407) 246-8441


_____

Randall W. Lord
Florida Bar No. 765422

Deborah E. Frimmel
Florida Bar No. 093970

PAUL, WEISS, RIFKIND, WHARTON
  & GARRISON

Robert A. Atkins
Jonathan Hurwitz
Nicole Tuman
1285 Avenue of the Americas
New York, New York  10019-6064
Telephone:  (212) 373-3000
Facsimile:  (212) 373-2315

Attorneys for Plaintiff EARTH TECH, INC.


_____

Robert W. Rasch
Florida Bar No. 0890560
ROBERT W. RASCH, P.A.
201 Live Oak Lane
Altamonte Springs, Florida 32714
(407) 865-7473
Fax (407) 865-5979

Attorney for Defendant MIGUEL
DELGADO BELLO

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

|  |  |  |
|---|---|---|
| EARTH TECH, INC., a California corporation, TYCO INTERNATIONAL SERVICES, AG, a Swiss Corporation And TYCO INTERNATIONAL (US) INC., a Nevada Corporation,<br><br>            Plaintiffs,<br><br>vs.<br><br>MIGUEL DELGADO BELLO,<br><br>            Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 6:00-CV-1536-ORL-31 |

## JOINT PROPOSED JURY INSTRUCTION NO. 1

### Introduction

Members of the Jury:

Now that you have heard all of the evidence and the arguments of counsel, it becomes my duty to explain to you the rules of law that you must follow and apply in deciding this case. When I have finished, you will go to the jury room and begin your discussions -- what we call your deliberations.

## AUTHORITY:

Eleventh Circuit Pattern Jury Instruction 1.

GRANTED:            _____
DENIED:               _____
WITHDRAWN:      _____
                            GIVEN AS AMENDED:        _____

Doc#: NY6: 290466_1

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| EARTH TECH, INC., a California corporation, TYCO INTERNATIONAL SERVICES, AG, a Swiss Corporation And TYCO INTERNATIONAL (US) INC., a Nevada Corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> MIGUEL DELGADO BELLO, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) Case No. 6:00-CV-1536-ORL-31 |

<u>JOINT PROPOSED JURY INSTRUCTION NO. 2</u>

**Consideration of the Evidence
Duty to Follow Instructions
[Corporate Party Involved]**

In deciding the case, you must follow and apply all of the law as I explain it to you, whether you agree with that law or not; and you must not let your decision be influenced in any way by sympathy, or by prejudice, for or against anyone. One of the parties to this lawsuit, Earth Tech, Inc., is a corporation. A corporation is entitled to the same fair and impartial trial at your hands as is a private person. A corporation and all other persons stand equal before the law and must be dealt with as equals in a court of justice.

In your deliberations, you should consider only the evidence -- that is, the testimony of the witnesses and the exhibits I have admitted in the record -- but as you consider the evidence, both direct and circumstantial, you may make deductions and reach conclusions which reason and common sense lead you to make. "Direct evidence" is the testimony of one who asserts actual knowledge of a fact, such as an eye witness. "Circumstantial evidence" is proof of a chain of facts and circumstances tending to prove, or disprove, an ultimate conclusion.

Remember that nothing the lawyers say is evidence in the case.  It is your own recollection and interpretation of the evidence that controls.

**AUTHORITY:**

Eleventh Circuit Pattern Jury Instruction 2.2 (1990) - *Consideration Of The Evidence - Duty To Follow Instructions (modified to include reference to Earth Tech as corporation, etc.)*

GRANTED:                     _____
DENIED:                      _____
WITHDRAWN:                   _____
GIVEN AS AMENDED:            _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

|  |  |  |
|---|---|---|
| EARTH TECH, INC., a California<br>corporation, TYCO INTERNATIONAL<br>SERVICES, AG, a Swiss Corporation<br>And TYCO INTERNATIONAL (US)<br>INC., a Nevada Corporation,<br><br>          Plaintiffs,<br><br>vs.<br><br>MIGUEL DELGADO BELLO,<br><br>          Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 6:00-CV-1536-ORL-31 |

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 3

Credibility of Witnesses

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate. You should decide whether you believe what each witness had to say, and how important that testimony was. In making that decision, you may believe or disbelieve any witness, in whole or part. Also, the number of witnesses testifying concerning any particular dispute is not controlling.

If a witness is shown knowingly to have testified falsely about any material matter, you have a right to distrust such witness's other testimony and you may reject all the testimony of that witness or give it such credibility as you may think it deserves.

In deciding whether you believe or do not believe any witness, I suggest you ask yourself a few questions:  Did the person impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to gave a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from other testimony or other evidence?

**AUTHORITY:**

Eleventh Circuit Pattern Jury Instruction 3 (1990) - *Credibility Of Witnesses.*

Kevin F. O'Malley, *et al.*, Federal Jury Practice and Instructions: Civil, Vol. 3, § 105.04(West 2000)

GRANTED:              _____
DENIED:               _____
WITHDRAWN:            _____
GIVEN AS AMENDED:     _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 3

### Credibility of Witnesses

Now, in saying that you must consider all of the evidence, I do not mean that you must accept all of the evidence as true or accurate.  You should decide whether you believe what each witness had to say, and how important that testimony was.  In making that decision, you may believe or disbelieve any witness, in whole or part.  Also, the number of witnesses testifying concerning any particular dispute is not controlling.

In deciding whether you believe or do not believe any witness, I suggest you ask yourself a few questions:  Did the person impress you as one who was telling the truth?  Did the witness have any particular reason not to tell the truth?  Did the witness have a personal interest in the outcome of the case?  Did the witness seem to gave a good memory?  Did the witness have the opportunity and ability to observe accurately the things he or she testified about?  Did the witness appear to understand the questions clearly and answer them directly?  Did the witness's testimony differ from other testimony or other evidence?

## AUTHORITY:

Eleventh Circuit Pattern Jury Instruction 3 (1990) - *Credibility Of Witnesses*.

GRANTED:            _____

DENIED:             _____

WITHDRAWN:          _____

GIVEN AS AMENDED:   _____

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

|  |  |
|---|---|
| EARTH TECH, INC., a California corporation, TYCO INTERNATIONAL SERVICES, AG, a Swiss Corporation And TYCO INTERNATIONAL (US) INC., a Nevada Corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>MIGUEL DELGADO BELLO,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)  Case No. 6:00-CV-1536-ORL-31<br>)<br>)<br>)<br>)<br>)<br>) |

## JOINT PROPOSED JURY INSTRUCTION NO. 4

### Impeachment of Witnesses

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or whether there was evidence that, at some other time, the witness said or did something, or failed to say or do something, which was different from the testimony he or she gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other

things inaccurately. So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

**AUTHORITY:**

Eleventh Circuit Pattern Jury Instruction 4.1 (1990) - *Impeachment Of Witnesses/ Inconsistent Statement.*

GRANTED:                    _____
DENIED:                     _____
WITHDRAWN:                  _____
GIVEN AS AMENDED:           _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | | |
|---|---|---|
| EARTH TECH, INC., a California corporation, TYCO INTERNATIONAL SERVICES, AG, a Swiss Corporation And TYCO INTERNATIONAL (US) INC., a Nevada Corporation, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 6:00-CV-1536-ORL-31 |
| MIGUEL DELGADO BELLO, | ) ) | |
| Defendant. | ) ) ) | |

## JOINT PROPOSED JURY INSTRUCTION NO. 5

### Expert Witnesses

When knowledge of a technical subject matter might be helpful to the jury, a person having special training or experience in that technical field is permitted to state an opinion concerning those technical matters.

Merely because such a witness has expressed an opinion, however, does not mean that you must accept that opinion. The same as with any other witness, it is up to you to decide whether to rely upon it.

**<u>AUTHORITY:</u>**

Eleventh Circuit Pattern Jury Instruction No. 5.1 (2000) – *Expert Witnesses General Instruction*.


GRANTED:                          _____
DENIED:                           _____
WITHDRAWN:                        _____
GIVEN AS AMENDED:                 _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

|  |  |
|---|---|
| EARTH TECH, INC., a California corporation, TYCO INTERNATIONAL SERVICES, AG, a Swiss Corporation And TYCO INTERNATIONAL (US) INC., a Nevada Corporation, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 6:00-CV-1536-ORL-31 ) |
| MIGUEL DELGADO BELLO, | ) ) |
| Defendant. | ) ) ) |

<u>JOINT PROPOSED JURY INSTRUCTION NO. 6</u>

**Burden of Proof**

In this case each party asserting a claim or a defense has the responsibility to prove every essential part of the claim or defense by a "preponderance of the evidence." This is sometimes called the "burden of proof" or the "burden of persuasion."

A "preponderance of the evidence" simply means an amount of evidence that is enough to persuade you that a claim or contention is more likely true than not true.

When more than one claim is involved, and when more than one defense is asserted, you should consider each claim and each defense separately; but in deciding whether any fact has been proved by a preponderance of the evidence, you may consider

the testimony of all of the witnesses, regardless of who may have called them, and all of the exhibits received in evidence, regardless of who may have produced them.

If the proof fails to establish any essential part of a claim or contention by a preponderance of the evidence you should find against the party making that claim or contention.

**AUTHORITY:**

Eleventh Circuit Pattern Jury Instruction No. 6.2 (2000) - *Burden of Proof When There are Multiple Claims or When Both Parties Have Burden of Proof*

GRANTED: _____
DENIED: _____
WITHDRAWN: _____
GIVEN AS AMENDED: _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| EARTH TECH, INC., a California corporation, TYCO INTERNATIONAL SERVICES, AG, a Swiss Corporation And TYCO INTERNATIONAL (US) INC., a Nevada Corporation, | ) ) ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. 6:00-CV-1536-ORL-31 ) |
| MIGUEL DELGADO BELLO, | ) ) |
| Defendant. | ) ) ) |

PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 7

**Breach of Duty of Loyalty**

The parties have stipulated that Defendant was an officer and employee of

Earth Tech, Rust, and Grupo Rust, and, accordingly, I instruct you that he owed a duty of

loyalty to Earth Tech, Rust, and Grupo Rust. If you find that he breached this duty, then

you will assess the amount of damages that Plaintiff is entitled to recover.

**AUTHORITY:**

United States v. De La Mata, 266 F.3d 1275, 1293 (11th Cir. 2001) (applying
Florida law);

Capital Bank v. MVB, Inc., 644 So. 2d 515, 520 (Fla. 3d DCA 1994);

Renpak, Inc. v. Oppenheimer, 104 So. 2d 642, 644 (Fla. 2d DCA. 1958);

<u>Phillips Chemical Co. v. Morgan</u>, 440 So. 2d 1292 (Fla. 3d DCA 1983);

<u>Florida Software Systems, Inc. v. Columbia/HCA Healthcare Corp.</u>, 46 F. Supp. 2d 1276, 1285 (M.D. Fla. 1999)


GRANTED:               _____
DENIED:                _____
WITHDRAWN:             _____
GIVEN AS AMENDED:      _____

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 7

### Breach of Duty of Loyalty

The parties have stipulated that Defendant was an officer and employee of Earth Tech, Rust, and Grupo Rest, and, accordingly, I instruct you that he owed a duty of loyalty to Earth Tech and Rust. That means that Delgado, as an officer and employee of Earth Tech, must not be permitted to engage in self-dealing (that is, making a profit or other personal benefit or advantage or receive a kick-back) or misappropriate a corporate opportunity. If you find that he breached this duty, then you will assess the amount of damages that Plaintiff is entitled to recover.

However, just because Earth Tech establishes that it had cause to terminate Delgado does not mean that he breached his duty of loyalty.

## AUTHORITY:

United States v. De La Mata, 266 F.3d 1275, 1293 (11th Cir. 2001) (applying Florida law);

Cohen v. Hattaway, 595 So. 2d 105, 107 (Fla. 5th DCA 1992);

Renpak, Inc. v. Oppenheimer, 104 So. 2d 642, 644 (Fla. 2d DCA. 1958);

Phillips Chemical Co. v. Morgan, 440 So. 2d 1292 (Fla. 3d DCA 1983);

GRANTED: _____
DENIED: _____
WITHDRAWN: _____
GIVEN AS AMENDED: _____

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
## ORLANDO DIVISION

|  |  |  |
|---|---|---|
| EARTH TECH, INC., a California corporation, TYCO INTERNATIONAL SERVICES, AG, a Swiss Corporation And TYCO INTERNATIONAL (US) INC., a Nevada Corporation, | ) ) ) ) ) ) |  |
| Plaintiffs, | ) ) |  |
| vs. | ) ) | Case No. 6:00-CV-1536-ORL-31 |
| MIGUEL DELGADO BELLO, | ) ) |  |
| Defendant. | ) ) ) |  |

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 8

### Introduction to Damages
### (No Personal Injury – Punitive Damages Are Sought)

In considering the issue of Plaintiff's damages, you are instructed that you should assess the amount you find to be justified by a preponderance of the evidence as full, just and reasonable compensation for all of the Plaintiff's damages, no more and no less. Damages must not be based on speculation or guesswork because it is only actual damages – what the law calls compensatory damages – that are recoverable.

You should consider the following elements of damages, to the extent you find them proved by a preponderance of the evidence, and no others:

1.    The amounts reasonably expended by Plaintiff to settle claims asserted against it by persons with whom Defendant entered contracts that were not

authorized by Earth Tech, if you find that Defendant entered into unauthorized contracts; and

        2.     The costs and other reasonable expenses associated with negotiating settlements and resolving claims arising out of any contracts you find that Defendant entered into without proper authority from Earth Tech; and

        3.     Punitive damages.

**AUTHORITY:**

Eleventh Circuit Pattern Jury Instruction – Damages Instructions 1.2 (1990) – *Introduction to Damages (No Personal Injury – Punitive Damages Are Sought).*

Complaint

GRANTED:      _____
DENIED:        _____
WITHDRAWN:    _____
GIVEN AS AMENDED:  _____

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

|  |  |  |
|---|---|---|
| EARTH TECH, INC., a California corporation, TYCO INTERNATIONAL SERVICES, AG, a Swiss Corporation And TYCO INTERNATIONAL (US) INC., a Nevada Corporation, | ) ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| vs. | ) ) | Case No. 6:00-CV-1536-ORL-31 |
| MIGUEL DELGADO BELLO, | ) ) | |
| Defendant. | ) ) ) | |

## DEFENDANT'S PROPOSED JURY INSTRUCTION NO. 9

### Duty To Mitigate In General

You are instructed that any person who claims damages as a result of an alleged wrongful act on the part of another has the duty under the law to "mitigate" those damages – that is, to take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damages.

So, if you should find from a preponderance of the evidence that the Plaintiff failed to seek out or take advantage of an opportunity to reduce its losses that was reasonably available under the circumstances shown by the evidence, then you should reduce the amount of the Plaintiff's damages by the amount that could have been reasonably realized if the Plaintiff had taken advantage of such opportunity.

**AUTHORITY:**

- Eleventh Circuit Pattern Jury Instruction – Supplemental Damage Instruction 1.1 (1990) – *Duty to Mitigate in General.*


GRANTED:                    _____
DENIED:                     _____
WITHDRAWN:                  _____
GIVEN AS AMENDED:           _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

|  |  |  |
|---|---|---|
| EARTH TECH, INC., a California corporation, TYCO INTERNATIONAL SERVICES, AG, a Swiss Corporation And TYCO INTERNATIONAL (US) INC., a Nevada Corporation, | ) ) ) ) ) ) |  |
| Plaintiffs, | ) ) |  |
| vs. | ) ) | Case No. 6:00-CV-1536-ORL-31 |
| MIGUEL DELGADO BELLO, | ) ) |  |
| Defendant. | ) ) ) |  |

JOINT PROPOSED JURY INSTRUCTION NO. 10

Attorneys Fees and Court Costs

If you find for the Plaintiff you must not take into account any consideration of

attorneys fees or court costs in deciding the amount of Plaintiff's damages.  (The matter

of attorney's fees and court costs will be decided later by the Court.)

AUTHORITY:

- Eleventh Circuit Pattern Jury Instruction – Supplemental Damage Instruction 6.1 (2000) – *Attorneys fees and Court Costs.*


GRANTED:          _____
DENIED:           _____
WITHDRAWN:        _____
GIVEN AS AMENDED: _____

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

|  |  |
|---|---|
| EARTH TECH, INC., a California corporation, TYCO INTERNATIONAL SERVICES, AG, a Swiss Corporation And TYCO INTERNATIONAL (US) INC., a Nevada Corporation,<br><br>      Plaintiffs,<br><br>vs.<br><br>MIGUEL DELGADO BELLO,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 6:00-CV-1536-ORL-31<br>)<br>)<br>)<br>)<br>)<br>) |

## PLAINTIFF'S PROPOSED JURY INSTRUCTION NO. 11

### Sympathy

The Court cautions you to guard against appeals to the sympathy of the jury when assessing this case. You are instructed to make your decision as to the appropriate amount of damages, if any, based upon the evidence presented and not on the basis of any sympathy you may feel for the Defendant or for the Plaintiff. If you find that Defendant breached his duty of loyalty to the company, you should assess as damages the amount you find justified by the preponderance of the evidence, no more and no less. If, on the other hand, you find that Defendant did not engage in the conduct complained of, then you should not assess damages against Defendant.

**<u>AUTHORITY:</u>**

> ABA Section of Litigation, Pattern Jury Instructions 1.12[1](2).

GRANTED:                    _____
DENIED:                     _____
WITHDRAWN:                  _____
GIVEN AS AMENDED:           _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| EARTH TECH, INC., a California corporation, TYCO INTERNATIONAL SERVICES, AG, a Swiss Corporation And TYCO INTERNATIONAL (US) INC., a Nevada Corporation, <br><br> Plaintiffs, <br><br> vs. <br><br> MIGUEL DELGADO BELLO, <br><br> Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)     Case No. 6:00-CV-1536-ORL-31<br>)<br>)<br>)<br>)<br>)<br>) |

JOINT PROPOSED JURY INSTRUCTION NO. 12

**Duty to Deliberate**

Of course, the fact that I have given you instructions concerning the issue of Plaintiff's damages should not be interpreted in any way as an indication that I believe that Plaintiff should, or should not, prevail in this case.

Any verdict you reach in the jury room must be unanimous. In other words, to return a verdict you must all agree. Your deliberations will be secret; you will never have to explain your verdict to anyone.

It is your duty as jurors to discuss the case with one another in an effort to reach agreement if you can do so. Each of you must decide the case for yourself, but only after full consideration of the evidence with the other members of the jury. While

you are discussing the case, do not hesitate to re-examine your own opinion and change your mind if you become convinced that you were wrong.  But do not give up your honest beliefs solely because the others think differently or merely to get the case over with.

Remember, that in a very real way you are judges -- judges of the facts. Your only interest is to seek the truth from the evidence in the case.

**AUTHORITY:**

Eleventh Circuit Pattern Jury Instruction 7.1 (1990) - *Duty To Deliberate When Only The Plaintiff Claims Damages*.

GRANTED: _____

DENIED: _____

WITHDRAWN: _____

GIVEN AS AMENDED: _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

| | |
|---|---|
| EARTH TECH, INC., a California corporation, TYCO INTERNATIONAL SERVICES, AG, a Swiss Corporation And TYCO INTERNATIONAL (US) INC., a Nevada Corporation,<br><br>        Plaintiffs,<br><br>vs.<br><br>MIGUEL DELGADO BELLO,<br><br>        Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)    Case No. 6:00-CV-1536-ORL-31<br>)<br>)<br>)<br>)<br>) |

## JOINT PROPOSED JURY INSTRUCTION NO. 13

**Election of Foreperson
Explanation of Verdict Form**

When you go to the jury room, you should first select one of your members to act as your foreperson. The foreperson will preside over your deliberations and will speak for you here in the court.

A form of verdict has been prepared for your convenience. [Explain verdict]

You will take the verdict form to the jury room and when you have reached unanimous agreement, you will have your foreperson fill in the verdict form, date and sign it, and then return to the courtroom.

If you should desire to communicate with me at any time, please write down your message or question and pass the note to the marshal, who will bring it to my attention.  I will then respond as promptly as possible, whether in writing or by having you returned to the courtroom so that I can address you orally.  I caution you, however, with regard to any message or question you might send, that you should not tell me your numerical division at the time.


**AUTHORITY:**

Eleventh Circuit Pattern Jury Instruction 8 (1990) - *Election Of Foreperson, Explanation Of Verdict Form.*


GRANTED:                   _____
DENIED:                    _____
WITHDRAWN:                 _____
GIVEN AS AMENDED:          _____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EARTH TECH, INC., a California          )
corporation, TYCO INTERNATIONAL         )
SERVICES, AG, a Swiss Corporation       )
And TYCO INTERNATIONAL (US)             )
INC., a Nevada Corporation,             )
                                        )
          Plaintiffs,                   )
                                        )
vs.                                     )          Case No. 6:00-CV-1536-ORL-31
                                        )
MIGUEL DELGADO BELLO,                   )
                                        )
          Defendant.                    )
_____)

PLAINTIFF'S PROPOSED VERDICT FORM

We, the jury, unanimously answer the following questions:

1.     Has Plaintiff proven, by a preponderance of the evidence, its claim that Defendant

breached his duty of loyalty to Plaintiff?

              Yes   ☐                    No   ☐

NOTE:     If you answered "No" to Question 1 above, do not answer any more

questions.  The foreperson should sign and date the verdict form and notify the Marshal

that you have reached a verdict.  If you answered "Yes" to Question 1 above, please

proceed to answer Question 2 below.

2.      What is the total amount of damages, if any, that Plaintiff is due for Defendant's breach of duty of loyalty to Plaintiff?

$_____

NOTE:      Please proceed to Question 3 below:

3.      What is the total amount of punitive damages, if any, to which Plaintiff is entitled?

$_____

SO SAY WE ALL, this _____ day of _____, 2002.

Foreperson:  _____

-2-

## DEFENDANT'S PROPOSED VERDICT FORM

We, the jury, unanimously answer the following questions:

1.     Has Plaintiff proven, by a preponderance of the evidence, its claim that Defendant breached his duty of loyalty to Plaintiff?

**Yes** ☐                         **No** ☐

NOTE:     If you answered "No" to Question 1 above, do not answer any more questions.  The foreperson should sign and date the verdict form and notify the Marshal that you have reached a verdict.  If you answered "Yes" to Question 1 above, please proceed to answer Question 2 below.

2.     What is the total amount of damages, if any, that Plaintiff is due for Defendant's breach of duty of loyalty to Plaintiff?

$_____

SO SAY WE ALL, this _____ day of _____, 2002.

Foreperson: _____

-3-